# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL, LLC, AND VERIZON SERVICES CORP., VERIZON PATENT AND LICENSING INC.,<br>Defendants. | No. 2:20-cv-030-JRG<br><br>Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES, INC.<br><br>Counterclaim-Defendants. |  |

## HUAWEI'S ANSWER TO VERIZON'S COUNTERCLAIMS

Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd. ("HTCL"),

Huawei Technologies USA, Inc. ("HTUS"), and Futurewei Technologies, Inc. (collectively,

"Huawei") hereby respond to Defendants Verizon Business Network Services, Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, Verizon Services Corp., And Verizon Patent And Licensing Inc. (collectively "Verizon")[1] Counterclaims to Huawei's Complaint for Patent Infringement ("Counterclaims").  Except as expressly admitted below, Huawei denies each and every allegation set forth in the Counterclaims.

Verizon begins its Answer with irrelevant and wrong statements in an attempt to distract from its infringement of Huawei's patents.  Verizon makes vague, inflammatory assertions against Huawei related to "play[ing] by the rules" and "tak[ing] credit," but these allegations do not withstand scrutiny.  For example, although Huawei has received over US$1.4 billion in licensing revenue, it simultaneously has **paid** more than US$6 billion in royalties for the legitimate use of other companies' patents, nearly 80% of which was paid to U.S. companies. Huawei respects the intellectual property rights of others, and asks that others, including Verizon, respect Huawei's intellectual property rights in return.  Verizon's Answer is a transparent attempt to recast this case into something other than a showing of its own infringement.

There is only one relevant inquiry in the present litigation—Verizon's use of Huawei's patented inventions.  Huawei is an innovator, having spent more than US$70 billion on R&D in the past decade, including the reinvestment of 10-15% of its revenue each year into R&D.  Over 80,000 employees in 2018 worked in its R&D department.  These massive efforts have resulted

---

[1] Though Verizon's Answer and Counterclaims include Verizon Communications, Inc. ("VCI") in its definition of "Verizon" and the Counterclaims state that "***Verizon*** hereby alleges and asserts the following Counterclaims against Huawei" (emphasis added), Verizon does not include VCI as a counterclaim-plaintiff in the case caption or provide information for VCI in the "Parties" section of the Counterclaims.

in worldwide recognition of Huawei's innovation through more than 87,000 issued patents by the end of 2018, including over 11,000 U.S. patents.

## THE PARTIES

1.     Huawei admits that Counterclaim Plaintiff Verizon Business Network Services, Inc. is a Delaware corporation and has designated CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201 as its agent for service of process.

2.     Huawei admits that Counterclaim Plaintiff Cellco Partnership d/b/a Verizon Wireless is a General Partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

3.     Huawei admits that Counterclaim Plaintiff Verizon Data Services LLC is a Delaware limited liability company with its principal place of business at One East Telecom Parkway, B3E, Temple Terrace, Florida 33637.

4.     Huawei admits that Counterclaim Plaintiff Verizon Business Global, LLC is a Delaware corporation with a principal place of business at 899 Heathrow Park Lane, Lake Mary, Florida 32746.

5.     Huawei admits that Counterclaim Plaintiff Verizon Services Corp. is a Delaware corporation with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20146.

6.     Huawei admits that Counterclaim Plaintiff Verizon Patent and Licensing Inc. is a Delaware corporation with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

7.     Huawei admits that Counterclaim Defendant Huawei Technologies Co. Ltd. is a Chinese corporation with its principal place of business at Bantian, Longgang District, Shenzhen, People's Republic of China.

8.      Huawei admits that Counterclaim Defendant Huawei Technologies USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway Suite 600, Plano, TX 75024.

9.      Huawei admits that Counterclaim Defendant Futurewei Technologies, Inc. is a Texas corporation, but denies its principal place of business is at 5340 Legacy Drive Suite 175, Plano, TX 75024.  Huawei disputes, however, that Futurewei Technologies, Inc. is a proper party to this action.

## JURISDICTION AND VENUE

10.      Huawei admits that Verizon's Counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  Huawei denies that Verizon's counterclaims are meritorious under the patent laws of the United States.  Huawei admits that this Court has subject matter jurisdiction over Verizon's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Huawei also admits that an actual controversy exists under the Declaratory Judgment Act, because Huawei has asserted and is asserting infringement of U.S. Patent Nos. 8,270,433 ("the '433 patent"); 9,014,151 ("the '151 patent"); 8,406,236 ("the '236 patent"); 8,824,505 ("the '505 patent"); and 9,312,982 ("the '982 patent") by Verizon, but denies that Verizon is entitled to any relief.

11.      For purposes of this action only, HTCL admits that it is subject to personal jurisdiction with respect to this action by virtue of its Complaint.

12.      Huawei admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

13.      Huawei admits that the title appearing on the face of U.S. Patent No. 8,121,111 ("the '111 patent") is "Method and System for Measuring Latency," that the '111 patent bears,

on its face, an issue date of February 21, 2012, and that a purported copy of the '111 patent was attached to the Complaint.  To the extent the remainder of paragraph 13 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the remaining allegations of paragraph 13 of the Complaint.

14.     Huawei admits that the title appearing on the face of U.S. Patent No. 8,983,288 ("the '288 patent") is "Method and System for Measuring Latency," that the '288 patent bears, on its face, an issue date of March 17, 2015, and that a purported copy of the '288 patent was attached to the Counterclaims.  To the extent the remainder of paragraph 14 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the remaining allegations of paragraph 14 of the Counterclaims.

15.     Huawei admits that HTUS uses, sells, offers to sell, and/or imports equipment compatible with the ITU's Telecommunication Standardization Sector ("ITU-T"), including the ITU-T's G.709: Interfaces for the optical transport network standard ("G.709" or "the G.709 Standard"), including OTN products and equipment such as optical switching systems.

16.     Huawei admits that the products listed in paragraph 16 of the Counterclaims are HTCL and HTUS products advertised as complying with at least one version and/or some portion of the G.709 standard.  Huawei denies that each of the listed products includes the features accused of infringement in the Counterclaims, and it denies the remaining allegations in this paragraph.

17.     Huawei admits that according to information published on the websites of Huawei and its subsidiaries, HTCL and HTUS, design and develop, and supply at least some of the Accused Huawei Products for use, sale, offers to sell, and/or importation.  Huawei denies the remainder of paragraph 17 of the counterclaims with respect to Futurewei Technologies, Inc.

5

18.     Huawei admits that technical standards play a critical role in the development of optical networking.  In general, technical standards—such as those for optical networking—have the potential to encourage innovation and promote competition among equipment suppliers and network providers in the optical networking industry.

19.     Huawei admits that the technical specifications for most standards are published and broadly available. Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 19 and, on that basis, denies them.

20.     Huawei admits that technical standards can lead to various benefits including increased competition, increased manufacturing volumes, decreased costs and reduced switching costs.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 20 and, on that basis, denies them.

21.     Huawei admits that certain aspects of standards may be—and often are—claimed by patents.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 21 and, on that basis, denies them.

22.     Huawei admits that the term "patent hold-up" has been used to refer to a concern that patent owners could seek excessive royalties with respect to some patents related to standards.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 22 and, on that basis, denies them.

23.     Huawei admits that at least some SSOs have adopted IPR policies.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 23 and, on that basis, denies them.

24.     Huawei admits that participants in ITU-T standardization efforts should comply with ITU-T policies.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 24 and, on that basis, denies them.

25.     Huawei admits that Optical networks have been implemented using several standards, including the ITU-T, G.709 Standard.  Huawei admits that the ITU-T has adopted IPR policies.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 25 and, on that basis, denies them.

26.     Huawei admits that the ITU-T has developed a "code of practice" regarding IPR, entitled "Common Patent Policy for ITU-T/ITU-R/ISO/IEC."  Huawei admits that this document states that "any party participating in the work of ITU, ISO or IEC should, from the outset, draw the attention of the Director of ITU-TSB, the Director of ITU-BR, or the offices of the CEOs of ISO or IEC, respectively, to any known patent or to any known pending patent application, either their own or of other organizations, although ITU, ISO or IEC are unable to verify the validity of any such information." Huawei also admits that the code of practice also states:

> If a Recommendation | Deliverable is developed and such information as referred to in paragraph 1 has been disclosed, three different situations may arise:
> 2.1 The patent holder is willing to negotiate licences free of charge with other parties on a non-discriminatory basis on reasonable terms and conditions. Such negotiations are left to the parties concerned and are performed outside ITU-T/ITU-R/ISO/IEC.
> 2.2 The patent holder is willing to negotiate licences with other parties on a non-discriminatory basis on reasonable terms and conditions. Such negotiations are left to the parties concerned and are performed outside ITU-T/ITU-R/ISO/IEC.
> 2.3 The patent holder is not willing to comply with the provisions of either paragraph 2.1 or paragraph 2.2; in such case, the Recommendation | Deliverable shall not include provisions depending on the patent.

Huawei admits that ITU-T also publishes "Guidelines for Implementation of the Common Patent Policy," and that this document states "The Patent Policy encourages the early disclosure and identification of Patents that may relate to Recommendations/Deliverables under development.

In doing so, greater efficiency in standards development is possible and potential patent rights problems can be avoided."

27.     Denied.

28.     Huawei admits that Huawei submitted general licensing declarations to the ITU-T in accordance with ITU-T's Common Patent Policy.  To the extent this paragraph contains additional allegations, Huawei denies those allegations.

29.     Huawei admits that it made the following declaration to the ITU-T on September 8, 2006:

☒     2     The Patent Holder is prepared to grant – on the basis of reciprocity for the relevant ITU-T Recommendation(s) – a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the relevant ITU-T Recommendation(s).

Negotiations are left to the parties concerned and are performed outside the ITU-T.

30.     Huawei denies that it committed to license its patents "free of charge."  Indeed, the documents cited by Verizon as supporting that allegation expressly indicate that Huawei does not commit to license the patents at issue free of charge.  Verizon's answer quotes the "Patent Statement and Licensing Declaration form for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" form ("ITU-T Licensing Declaration Form") without acknowledging Huawei's checkbox selection on the form, i.e., Huawei selected option 2 (RAND with reciprocity), not option 1 (free of charge):

8

**Licensing declaration:**

The Patent Holder believes that it holds granted and/or pending applications for patents, the use of which would be required to implement the above document and hereby declares, in accordance with the Common Patent Policy for ITU-T/ITU-R/ISO/IEC, that (check <u>one</u> box only):

☐    1.    The Patent Holder is prepared to grant a <u>free of charge</u> license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and under other reasonable terms and conditions to make, use, and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO or IEC.

*Also mark here ☐ if the Patent Holder's willingness to license is conditioned on <u>reciprocity</u> for the above document.*

*Also mark here ☐ if the Patent Holder reserves the right to license on reasonable terms and conditions (but not <u>free of charge</u>) to applicants who are only willing to license their patent claims, whose use would be required to implement the above document, on reasonable terms and conditions (but not <u>free of charge</u>).*

☒    2.    The Patent Holder is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO, or IEC.

*Also mark here ☒ if the Patent Holder's willingness to license is conditioned on <u>reciprocity</u> for the above document.*

Huawei admits that it submitted to the ITU-T a December 23, 2011 letter from Wei Kang, IP Manager at Huawei Technologies Co., Ltd., a December 10, 2008 Letter from Huawei Technologies Co., Ltd, Director of Licensing, Intellectual Property Department, a April 23, 2012 letter from Wei Kang, IP Manager at Huawei Technologies Co., Ltd., an October 17, 2016 letter from Wei Kang, IP Manager at Huawei Technologies Co., Ltd.  Huawei denies the remaining allegations in paragraph 30 of the Counterclaims.

31.    Huawei admits that HTCL has filed this action for patent infringement against Verizon.  Huawei denies the remaining allegations in paragraph 31 of the Counterclaims.

32.    Huawei admits that it has not included the patents-in-suit in any other lawsuits. Huawei denies the remaining allegations in paragraph 32 of the Counterclaims.  In particular, Huawei denies that the ITU-T RAND commitment precludes a patent owner from filing an infringement lawsuit against a subset of potential infringers.  Huawei filed the present lawsuit because its year-long negotiations with Verizon have demonstrated that Verizon is unwilling to pay a reasonable royalty for its use of Huawei's patented technology.

9

33.     Denied.

34.     To the extent paragraph 34 of the Counterclaims sets forth conclusions of law, no response is required. To the extent a response is required, Huawei lacks sufficient knowledge and information to form a belief about the truth of paragraph 34 and, on that basis, denies them.

## COUNT ONE
### (Noninfringement of U.S. Patent No. 8,121,111)

35.     Huawei incorporates its responses to paragraphs 1-34 as if fully set forth herein.

36.     Huawei admits that the title appearing on the face of U.S. Patent No. 8,121,111 ("the '111 patent") is "Method and System for Measuring Latency," that the '111 patent bears, on its face, an issue date of February 21, 2012, and that a purported copy of the '111 patent was attached to the Complaint.  To the extent the remainder of paragraph 36 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the remaining allegations of paragraph 36 of the Complaint.

37.     To the extent paragraph 37 of the Counterclaims sets forth conclusions of law, no response is required. To the extent a response is required, Huawei lacks sufficient knowledge and information to form a belief about the truth of paragraph 37 and, on that basis, denies them.

38.     To the extent paragraph 38 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei lacks sufficient knowledge and information to form a belief about the truth of paragraph 38 of the Complaint.

39.     To the extent paragraph 39 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

40.     To the extent paragraph 40 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

41.     Huawei admits that paragraph 41 of the counterclaims recites claim 1 of the '111 patent.

42.     To the extent paragraph 42 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

43.     To the extent paragraph 43 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

44.     To the extent paragraph 44 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

45.     To the extent paragraph 45 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

46.     To the extent paragraph 46 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

47.     To the extent paragraph 47 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

48.     To the extent paragraph 48 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

49.     To the extent paragraph 49 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei admits that U.S. Patent Publication No. 2008/0219661 was cited during prosecution of HTCL's U.S. Patent No. 9,838,109.  Huawei denies that U.S. Patent Publication No. 2008/0219661 is the publication number for the '111 patent.  Huawei admits that it has had actual knowledge of the '111 patent since the filing of these Counterclaims.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 49 and, on that basis, denies them.

50.     To the extent paragraph 50 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

51.     To the extent paragraph 51 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

52.     To the extent paragraph 52 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

53.     Huawei admits that it provides instructions to its customers regarding how to use the Accused Huawei Products.  Huawei denies the remaining allegations in paragraph 53 of the Counterclaims.

54.     To the extent paragraph 54 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

55.     To the extent paragraph 55 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

56.     To the extent paragraph 56 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

57.     Denied.

58.     To the extent paragraph 58 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

## COUNT TWO
### (Noninfringement of U.S. Patent No. 8,983,288)

59.     Huawei incorporates its responses to paragraphs 1-58 as if fully set forth herein.

60.     Huawei admits that the title appearing on the face of U.S. Patent No. 8,983,288 ("the '288 patent") is "Method and System for Measuring Latency," that the '288 patent bears, on its face, an issue date of March 17, 2015, and that a purported copy of the '288 patent was attached to the Complaint.  To the extent the remainder of paragraph 60 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the remaining allegations of paragraph 60 of the Complaint.

61.     To the extent paragraph 61 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei lacks sufficient knowledge and information to form a belief about the truth of paragraph 61 and, on that basis, denies them.

62.     To the extent paragraph 62 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei lacks sufficient knowledge and information to form a belief about the truth of paragraph 62 of the Complaint.

63.     To the extent paragraph 63 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

64.     To the extent paragraph 64 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

65.     Huawei admits that paragraph 65 of the counterclaims recites claim 1 of the '288 patent.

66.     To the extent paragraph 66 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

67.     To the extent paragraph 67 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

68.     To the extent paragraph 68 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

69.     To the extent paragraph 69 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

70.     To the extent paragraph 70 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

71.     To the extent paragraph 71 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

72.     To the extent paragraph 72 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

73.     To the extent paragraph 73 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei admits that U.S. Patent Publication No. 2008/0219661 was cited during the prosecution of HTCL's U.S. Patent No. 9,838,109.  Huawei denies that U.S. Patent Publication No. 2008/0219661 is the publication number for the parent application of the '288 patent.  Huawei admits that it has had actual knowledge of the '288 patent since the filing of these Counterclaims.  Huawei lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 73 and, on that basis, denies them.

74.     To the extent paragraph 74 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

75.     To the extent paragraph 75 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

76.     To the extent paragraph 76 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

77.     Huawei admits that it provides instructions its customers regarding how to use the Accused Huawei Products.  Huawei denies the remaining allegations in paragraph 77 of the Counterclaims.

78.     To the extent paragraph 78 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

79.     To the extent paragraph 79 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

80.     To the extent paragraph 80 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

81.     Denied.

82.     To the extent paragraph 82 of the Counterclaims sets forth conclusions of law, no response is required.  To the extent a response is required, Huawei denies the allegations in this paragraph.

## COUNT THREE
### (FRAND)

83.     Huawei incorporates its responses to paragraphs 1-82 as if fully set forth herein.

84.     Huawei, admits that it has participated in the development and implementation of industry standards through their membership and participation in standard setting organizations ("SSOs"), such as the ITU-T.  Huawei admits that it submitted the letters to the ITU-T referenced above in paragraphs 29 and 30. The remaining allegations in paragraph 84 of the Counterclaims set forth conclusions of law for which no response is required.

85.     Paragraph 85 of the Counterclaims set forth conclusions of law for which no response is required.

86.     Paragraph 86 of the Counterclaims set forth conclusions of law for which no response is required.

87.     Paragraph 87 of the Counterclaims set forth conclusions of law for which no response is required.

88.     Huawei admits that there is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed HTCL's patents and as to the appropriate relief for any such infringement, but denies that Verizon is entitled to any relief.

89.     Huawei admits that Verizon is requesting a judicial determination and declaration that Verizon is entitled to a license on FRAND and/or RAND terms to any one or more of the asserted patents deemed essential to an implementation of any standard or specification set forth by the ITU-T.

## COUNT FOUR
### (Alleged Breach of Contract—FRAND)

90.     Huawei incorporates its responses to paragraphs 1-89 as if fully set forth herein.

91.     Huawei, admits that it has participated in the development and implementation of industry standards through their membership and participation in standard setting organizations ("SSOs"), such as the ITU-T.  Huawei admits that it submitted the letters to the ITU-T referenced above in paragraphs 29 and 30. The remaining allegations in paragraph 91 of the Counterclaims set forth conclusions of law for which no response is required.

92.     Paragraph 92 of the Counterclaims set forth conclusions of law for which no response is required.

93.     Paragraph 93 of the Counterclaims set forth conclusions of law for which no response is required.

94.     Denied.

95.     Denied.

96.     Denied

97.     Denied.

### VERIZON'S PRAYER FOR RELIEF

Huawei denies that Verizon is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraphs a-i of Verizon's Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

1.     Subject to the responses above, Huawei alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Huawei specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or further investigation in this action.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2.      Verizon's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

3.      Huawei does not infringe and has not directly infringed (either literally, under the doctrine of equivalents, or under the reverse doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the '111 and '288 Patents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity and Ineligibility)

4.      The claims of the '111 and '288 Patents are invalid under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

5.      The claims of the '111 and '288 Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

6.      The claims of the '111 and '288 Patents are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

7.      The claims of the '111 and '288 Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

8.      By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the '111 and '288 Patents, Verizon's claims of patent infringement are barred, in whole or in part, by the doctrine of

prosecution history estoppel. To the extent Verizon's alleged claim for infringement of any of the asserted patents in the Complaint is based on the doctrine of equivalents, Verizon is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Verizon is estopped from claiming that the asserted patents cover any accused method, system, and/or product.

### FIFTH DEFENSE
### (Damages and Cost Limitation, Failure to Mark)

9.     On information and belief, Verizon's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH DEFENSE
### (Actions of Others)

10.     On information and belief, Verizon's claims are barred, in whole or in part, because Huawei is not liable for the acts of others over whom it has no control.

### SEVENTH DEFENSE
### (License, Implied License, and/or Exhaustion)

11.     To the extent Verizon has granted any of Huawei's customers a license or covenant not to sue or assert under any of the asserted patents in the Complaint, or to the extent any of Huawei's customers otherwise have a license or covenant not to sue or assert under any of the asserted patents in the Counterclaims, the relief sought by Verizon in relation to such patent is barred by license and/or under the doctrine of patent exhaustion.

### EIGHTH DEFENSE
### (Rejection, Repudiation, and/or Forfeiture of Any Rights Associated With Huawei's RAND Commitment)

12.     Huawei, as the owner of patents essential to ITU-T standards, has voluntarily declared that it is prepared to grant licenses to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and

sell implementations of the G.709 Standard subject to reciprocity, meaning that Huawei is only required to license any prospective licensee if such prospective licensee will commit to license its patents for implementation of the same standards free of charge or under reasonable terms and conditions.  (Huawei's "RAND Commitment")

13.    Huawei has fully complied with its RAND Commitment by, among other things, attempting to negotiate in good faith with Verizon and offering a license to its essential patents on RAND terms.

14.    Verizon has repudiated, rejected, and/or forfeited any rights associated with Huawei's RAND Commitment by failing to undertake good-faith negotiations; rejecting Huawei's RAND offer by bringing its Counterclaims asserting thatHuawei breached RAND instead of providing an allegedly RAND counteroffer; and/or bringing its Counterclaims for infringement of allegedly essential patents instead of identifying those patents for a reciprocal license.

**NINTH DEFENSE**
**(Unclean Hands, Waiver, Implied Waiver, Acquiescence, and/or Equitable Estoppel)**

15.    On information and belief, Verizon participated in the standardization process for G.709 and submitted at least one contribution for G.709 at least as early as 2009.

16.    On information and belief, Verizon knew or should have known of the ITU-T's common patent policy, which states: "the patent holder has to provide a written statement to be filed at ITU-TSB, ITU-BR or the offices of the CEOs of ISO or IEC, respectively, using the appropriate ITU-T Licensing Declaration Form. See, e.g.:

PATENT STATEMENT AND LICENSING DECLARATION FORM FOR ITU-T/ITU-R
RECOMMENDATION | ISO/IEC DELIVERABLE

    

**Patent Statement and Licensing Declaration**
**for ITU-T/ITU-R Recommendation │ ISO/IEC Deliverable**

*This declaration does not represent an actual grant of a license*

Please return to the relevant organization(s) as instructed below per document type:

| | | | |
|---|---|---|---|
| Director | Director | Secretary-General | General Secretary |
| Telecommunication | Radiocommunication Bureau | International Organization for | International Electrotechnical |
| Standardization Bureau | International Telecommunication | Standardization | Commission |
| International Telecommunication | Union | 1 chemin de la Voie-Creuse | 3 rue de Varembé |
| Union | Place des Nations | CH-1211 Geneva 20 | CH-1211 Geneva 20 |
| Place des Nations | CH-1211 Geneva 20, | Switzerland | Switzerland |
| CH-1211 Geneva 20, | Switzerland | Fax: +41 22 733 3430 | Fax: +41 22 919 0300 |
| Switzerland | Fax: +41 22 730 5785 | Email: | Email: |
| Fax: +41 22 730 5853 | Email: brmail@itu.int | patent.statements@iso.org | inmail@iec.ch |
| Email: tsbdir@itu.int | | | |

---

**Patent Holder:**
Legal Name _____

**Contact for license application:**
Name &
Department
Address _____
_____
_____

Tel. _____
Fax _____
E-mail _____
URL (optional) _____

**Document type:**

☐ ITU-T Rec. (*)  ☐ ITU-R Rec. (*)    ☐ ISO Deliverable (*)    ☐ IEC Deliverable (*)
(please return the form to the relevant Organization)

☐ Common text or twin text (ITU-T Rec. | ISO/IEC Deliverable (*)) (for common text or twin text,
please return the form to each of the three Organizations: ITU-T, ISO, IEC)

☐ ISO/IEC Deliverable (*) (for ISO/IEC Deliverables, please return the form to both ISO and IEC)
(*)Number _____
(*)Title _____

**Licensing declaration:**

The Patent Holder believes that it holds granted and/or pending applications for patents, the use of which would be required to implement the above document and hereby declares, in accordance with the Common Patent Policy for ITU-T/ITU-R/ISO/IEC, that (check <u>one</u> box only):

☐    1.      The Patent Holder is prepared to grant a <u>free of charge</u> license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and under other reasonable terms and conditions to make, use, and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO or IEC.

*Also mark here __ if the Patent Holder's willingness to license is conditioned on <u>reciprocity</u> for the above document.*

> *Also mark here __ if the Patent Holder reserves the right to license on reasonable terms and conditions (but not <u>free of charge</u>) to applicants who are only willing to license their patent claims, whose use would be required to implement the above document, on reasonable terms and conditions (but not <u>free of charge</u>).*

☐    2.      The Patent Holder is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO, or IEC.

*Also mark here __ if the Patent Holder's willingness to license is conditioned on <u>reciprocity</u> for the above document.*

☐    3.      The Patent Holder is unwilling to grant licenses in accordance with provisions of either 1 or 2 above.

In this case, the following information must be  provided to ITU, and is strongly desired by ISO and IEC, as part of this declaration:
- granted patent number or patent application number (if pending);
- an indication of which portions of the above document are affected;
- a description of the patent claims covering the above document.

<u>Free of charge</u>:  The words "free of charge" do not mean that the Patent Holder is waiving all of its rights with respect to the essential patent.  Rather, "free of charge" refers to the issue of monetary compensation; *i.e.*, that the Patent Holder will not seek any monetary compensation as part of the licensing arrangement (whether such compensation is called a royalty, a one-time licensing fee, etc.).  However, while the Patent Holder in this situation is committing to not charging any monetary amount, the Patent Holder is still entitled to require that the implementer of the above document sign a license agreement that contains other reasonable terms and conditions such as those relating to governing law, field of use, reciprocity, warranties, etc.

<u>Reciprocity</u>:  As used herein, the word "reciprocity" means that the Patent Holder shall only be required to license any prospective licensee if such prospective licensee will commit to license its essential patent(s) or essential patent claim(s) for implementation of the same above document free of charge or under reasonable terms and conditions.

**Signature:**

| | |
|---|---|
| Patent Holder | _____ |
| Name of authorized person | _____ |
| Title of authorized person | _____ |
| Signature | _____ |
| Place, Date | _____ |

FORM: 1 March 2007

| Patent Information (desired but not required for options 1 and 2; required in ITU for option 3 (NOTE)) | | | | |
|---|---|---|---|---|
| No. | Status<br><br>[granted/ pending] | Country | Granted Patent Number<br>or<br>Application Number (if pending) | Title |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |

*NOTE:  For option 3, the additional minimum information that shall also be provided is listed in the option 3 box above.*

17.     On information and belief, Verizon has not disclosed to the ITU-T its assertion that the '111 and '288 patents are standard essential, nor has Verizon submitted an ITU-T Licensing Declaration Form.  This is despite the fact that Verizon is currently asserting that those patents are essential to portions of the G.709 standard that were added after Verizon's involvement with G.709.

18.     In this case, Verizon has alleged that Huawei's asserted patents are unenforceable because Huawei made a general commitment to license its patents on RAND terms without specifically identifying patent numbers.[2]  In other words, Verizon alleges that an essential patent-holder's patents should be rendered unenforceable if the patent-holder made a general RAND commitment without also identifying specific patent numbers.  At the same time, Verizon is asserting infringement of allegedly essential patents despite the fact that Verizon failed to make a general RAND commitment or identify its specific patent numbers.

19.     Accordingly, Verizon's requests for relief should be denied due to Verizon's unclean hands, Waiver, Implied Waiver, Acquiescence, and/or Equitable Estoppel.

_____

[2] Contrary to Verizon's assertions, Huawei's practice is consistent with ITU policy and the ITU-T Licensing Declaration Form.

**RESERVATION OF DEFENSES**

20.     Discovery in this action has not yet commenced and Huawei continues to investigate the allegations set forth in the Counterclaims.  Huawei hereby provides explicit notice to Verizon that it intends to rely upon such other defenses as may become available by law or in equity, or pursuant to statute, as discovery proceedings in this action, and hereby reserves the right to assert such additional defenses.

**COUNTERCLAIMS**

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Huawei hereby alleges and asserts the following Counterclaims against Verizon:

**THE PARTIES**

1.     Huawei Technologies Co. Ltd. is a Chinese corporation with its principal place of business at Bantian, Longgang District, Shenzhen, People's Republic of China.

2.     Huawei Technologies USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway Suite 600, Plano, TX 75024.

3.     Defendant Verizon Business Network Services, Inc. is a Delaware corporation with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147.  Verizon Business Network Services, Inc. has designated CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201 as its agent for service of process.

4.     Defendant Cellco Partnership d/b/a Verizon Wireless, Inc. is a General Partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.  Cellco Partnership d/b/a Verizon Wireless, Inc. has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

5.     Defendant Verizon Data Services LLC is a Delaware limited liability company with its principal place of business at One East Telecom Parkway, B3E, Temple Terrace, Florida 33637.  Verizon Data Services LLC has designated CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201 as its agent for service of process.

6.     Defendant Verizon Business Global, LLC is a Delaware corporation with its principal place of business at One Verizon Way, Basking Ridge, New Jersey.  Verizon Business Global, LLC may be served with process via its registered agent Corporation Trust Company, Corporation Trust Company Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Defendant Verizon Services Corp. is a Delaware corporation with its principal place of business at 1717 Arch Street, 21st Floor, Philadelphia, PA 19103. Verizon Services Corp. may be served with process via its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     Defendant Verizon Patent and Licensing Inc. is a Delaware corporation with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

## JURISDICTION AND VENUE

9.     This action includes a claim of patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

10.     This Court has personal jurisdiction over Defendants at least by virtue of their consent to the personal jurisdiction of this Court by filing of their counterclaims in this Court.

11.     Venue is also proper in this district at least because Verizon has submitted to personal jurisdiction in this Court and has consented to this venue by filing its counterclaims here.

## COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF VERIZON'S '111 PATENT

12.     Huawei incorporates by reference the preceding paragraphs as if fully set forth herein.

13.     Verizon has asserted that Huawei infringes the '111 Patent.

14.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '111 Patent.

15.     Huawei has not infringed and does not infringe any valid and enforceable claim of the '111 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

16.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Huawei has infringed or infringes any valid and enforceable claim of the '111 Patent.

17.     A judicial declaration concerning these matters is necessary and appropriate so that Huawei can ascertain its rights regarding the '111 Patent.

## COUNT TWO: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF VERIZON'S '288 PATENT

18.     Huawei incorporates by reference the preceding paragraphs as if fully set forth herein.

19.     Verizon has asserted that Huawei infringes the '288 Patent.

20.    An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '288 Patent.

21.    Huawei has not infringed and does not infringe any valid and enforceable claim of the '288 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

22.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Huawei has infringed or infringes any valid and enforceable claim of the '288 Patent.

23.    A judicial declaration concerning these matters is necessary and appropriate so that Huawei can ascertain its rights regarding the '288 Patent.

## JURY DEMAND

Huawei hereby demands a trial by jury on all claims and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Huawei asks this Court for an order granting the following relief:

a.    dismissal, with prejudice, of Verizon's Counterclaims in their entirety;

b.    a judgement and order denying all relief that Verizon seeks in its Counterclaims;

c.    a judgement and order declaring that Huawei does not now and has never infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claim of the '111 or '288 Patents;

d.    a judgement and order declaring that the claims of the '111 and '288 Patents are invalid;

e.    a judgement and order that Verizon has failed to prove that Huawei violated its RAND Commitment in its negotiations with Verizon;

f.   A judgment and order that Verizon failed to prove that Huawei breached any

contractual obligations in connection with its RAND Commitment;

g.   a judgment and order that Verizon rejected, repudiated, and/or forfeited any rights

related to Huawei's RAND commitment;

h.   a judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding Huawei its reasonable attorneys' fees against

Verizon;

i.   any and all other relief as the Court may deem appropriate and just under the

circumstances.

Dated: April 21, 2020                    Respectfully submitted,

/s/ Bradley W. Caldwell_____
Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Justin Nemunaitis
Texas Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
CALDWELL CASSADY CURRY P.C.
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848

/s/ Gregory P. Love_____
Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
LOVE LAW FIRM
P.O. Box 948
Henderson, Texas 75653

Telephone: (903) 212-4444

*Attorneys for Plaintiff Huawei Technologies Co. Ltd., and Counterclaim Defendants Huawei Technologies USA, Inc., and Futurewei Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record is being served with a copy of the foregoing document via the Court's electronic filing system on this 21st day of April, 2020.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell