**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE CO., LTD., and HUAWEI DIGITAL TECHNOLOGIES (CHENGDU) CO., LTD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and VERIZON BUSINESS NETWORK SERVICES, INC.<br><br>        Defendants. | C.A. No. 2:20-cv-00030 |
| VERIZON BUSINESS NETWORK SERVICES, INC., and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC.,<br><br>        Counterclaim-Plaintiffs,<br><br>    v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE CO., LTD., and HUAWEI DIGITAL TECHNOLOGIES (CHENGDU) CO., LTD.,<br><br>        Counterclaim-Defendants. | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs and Counterclaim-Defendants Huawei Technologies Co. Ltd.,

Huawei Device Co., Ltd. and Huawei Digital Technologies (Chengdu) Co., Ltd. and Defendants

and Counterclaim-Plaintiffs Verizon Business Network Services, Inc. and Cellco Partnership

d/b/a Verizon Wireless, Inc. (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.   All documents, materials, items, and/or information produced either by a Party or a non-party (each such Party and non-Party is referred to individually as a "producing Party") to any of the Parties in this case (a "receiving Party") shall be governed by this Order.

2.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows:  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL SOURCE CODE."  These legends or stamps shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from

the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.

(a)     In the case of Documents or any other tangible things produced, designation shall be made by placing the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

(b)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" if so designated by the producing Party. Thereafter, upon selection of specified documents for copying by the receiving Party, the producing Party shall mark as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" the copies of such documents so designated, as appropriate, at the time the copies are produced to the receiving Party; and

(c)     In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony

shall be bound in a separate volume and marked "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL"
or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate by the
reporter, or (ii) by written notice to the reporter and all counsel of record, given
within ten (10) business days after the reporter sends written notice to the
deponent or the deponent's counsel that the transcript is available for review, in
which case all counsel receiving such notice shall be responsible for marking the
copies of the designated transcript or portion thereof in their possession or control
as directed by the producing Party or deponent.  Pending expiration of the ten
(10) business days, all parties and, if applicable, any third party witnesses or
attorneys, shall treat the deposition transcript as if it had been designated
HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE
SUBJECT TO EXPORT CONTROL or HIGHLY CONFIDENTIAL – SOURCE
CODE.  No person shall attend the designated portions of such depositions unless
such person is an authorized recipient of Designated Material under the terms of
this Order or the parties agree to such person's attendance.

3.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this
Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated
"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT
TO EXPORT CONTROL" under this Order, unless and until such document is
redesignated to have a different classification under this Order.

4.     With respect to documents, information or material designated "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT

TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL – SOURCE CODE,"[1]

subject to the provisions herein and unless otherwise stated, this Order governs, without

limitation: (a) all documents, electronically stored information, and/or things as defined

by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition

testimony, or documents marked as exhibits or for identification in depositions and

hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings;

(d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and

complete or partial notes and summaries prepared from any DESIGNATED

MATERIALS shall also be considered DESIGNATED MATERIAL and treated as

such under this Order.

5.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO

EXPORT CONTROL," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be

made at any time. Inadvertent or unintentional production of documents, information

or material that has not been designated as DESIGNATED MATERIAL shall not be

deemed a waiver in whole or in part of a claim for confidential treatment. Any party

that inadvertently or unintentionally produces Protected Material without designating

it as DESIGNATED MATERIAL may request destruction of that Protected Material

by notifying the recipient(s), as soon as reasonably possible after the producing Party

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL  –  SOURCE  CODE," individually and collectively.

becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

(a)  outside counsel of record in this Action[2] for the Parties;

(b)  employees of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)  up to three in-house counsel for the Parties who are members in good standing of at least one state bar and have responsibility for making decisions dealing directly with the litigation of this Action;

(d)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or another litigation; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a notice that shall include: (a) the individual's name, business title, and current employer(s); (b) business address; (c) the individual's CV; (d) a list of other cases in which the individual has

---

[2] This Action means Case No. C.A. No. 2:20-cv-00030.

testified (at trial or deposition) within the last six years; (e) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation, within the last four years. The Undertaking and notice shall be served at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert, or until the producing Party consents to access to the Protected Material. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     independent litigation support services, including persons working for or as court reporters, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by outside counsel and reasonably necessary to assist outside counsel with the litigation of this Action; and

(f)     the Court and its personnel, and the jury;

(g) To the extent reasonably necessary to conduct mock trials or focus group exercises, Protected Material may be shown to mock trial or focus group participants provided: (a) the participants are required to sign a confidentiality

agreement to participate in the study; (b) the Protected Material is only displayed

in presentation materials by counsel and not provided in any material given to the

participants as a handout; (c) the participants are not permitted to retain any

materials from the exercise, other than a copy of their confidentiality agreement

and documents related to payment for their participation in the exercise;

(h) any mediator who is assigned or retained to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as

required by this Protective Order;

(i) potential witnesses in this action who are directors, officers, employees, or

corporate designees of the producing Party under Fed. R. Civ. P. 30(b)(6), by a

receiving Party's outside counsel during a deposition;

(j) potential witnesses in this action (including, but not limited to, individuals who

were formerly directors, officers, employees, or experts of the producing Party,

but only for those witnesses if the information was in existence during the period

of his or her service or employment and it is established that the witness created,

received, or otherwise had access to the information during the course of his or

her service or employment) and their counsel, provided that the information was

authored by, created by, addressed to, received by, signed by, or is otherwise

established to have been known to the witness; but only at deposition.

7.      A Party shall designate documents, information or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such

documents, information or material.  Material designated "CONFIDENTIAL" but not designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL" remains subject to the export laws and regulations of the United States and other applicable laws and regulations, and the lack of such designation does not exempt any party, in-house counsel, or entity from compliance with applicable export control regulations.

8.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, including because certain Protected Material is potentially subject to export control restrictions, such as restrictions related to the Entity List maintained by the U.S. Department of Commerce's Bureau of Industry and Security, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or

to the extent such Protected Material includes computer source code, executables, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"),[3] the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

10.    For Protected Material designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (d-j).  Individuals listed in paragraphs 6(a-b) and (d-j) may not share such material with any other individual who is not permitted to view such material, and must handle all information in compliance with applicable laws and export control regulations.  However, notwithstanding anything to the contrary in this Order, three (3) in-house counsel for Verizon and three (3) in-house counsel for Huawei that are assigned to and reasonably necessary to assist such Party in the litigation of this Action are permitted to have access to all settlement agreements, license agreements, offers to license, covenants not to sue, standstill agreements or any other agreement or contract conveying, or offer to convey any rights to the Patents-In-Suit.  Third-parties, including but not limited to Cisco and Juniper, are not permitted to receive any materials under this paragraph.  Such documents shall be designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY - SETTLEMENT DOCUMENTS – MAY BE SUBJECT TO EXPORT CONTROL.

---

[3]  The term "source code" is used throughout this Protective Order to refer to source code listings and all forms of digital computer instruction materials (in human readable format or otherwise), including associated comments and revision histories, and regardless of the document or file type that contains the source code.

11.    Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall

be subject to all of the protections afforded to CONFIDENTIAL and HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO

EXPORT CONTROL information.  Additionally, the following restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone"

computer(s) (that is, the computer may not be linked to any network, including a

local area network ("LAN"), an intranet or the Internet) in the source code review

room as described herein. The stand-alone computer(s) may be connected to (i) a

printer, (ii) a mouse, (iii) an external keyboard, (iv) one or more external monitors,

or (v) a device capable of temporarily storing electronic copies solely for the limited

purposes permitted pursuant to paragraphs 11 (h and j) below. No recordable media

or recordable devices, including without limitation sound recorders, computers,

cellular telephones, cameras, CDs, DVDs, or drives of any kind, shall be permitted

into the source code review room absent agreement of the producing Party. The

receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take

notes including by recording names of files, function calls, etc., but may not

transcribe blocks of code in lieu of printing the code.  Such notes are subject to the

same restrictions for handling source code as set forth herein.  Further, the receiving

party may not make copies of such notes.  Except as provided in paragraph 11(i)

below, the stand-alone computer(s) may only be located at the offices of the

producing Party's outside counsel or in another location if mutually agreed to by the

parties. The parties agree that Source Code Material will be made available for

inspection on two stand-alone computers at the offices of each producing Party's

outside counsel (provided that the office is within a half an hour from a major airport), or in another location mutually agreed to by the parties. Prior to the first inspection of any requested Source Code Material, the receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. The receiving Party shall provide three (3) business days' notice prior to any additional inspections. To the extent practical and reasonable, the Parties agree to accommodate requests for inspection on a shorter timeframe, particularly when the needs of the case and case schedule require more immediate access by the receiving Party to the requested Source Code Material. Similarly, the receiving Party shall make good faith efforts to reasonably accommodate scheduling limitations identified by the producing Party;

(b)  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).  All persons entering

the locked room containing the Source Code Material must agree to submit to reasonable security measures to ensure they comply with the terms of the protective order (e.g., The Producing Party may visually monitor the activities of the Receiving Party during any Source Code inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. The Producing Party will not interfere with any work product or listen to other private communications between the Receiving Party reviewing the Source Code. The Producing Party shall not undertake any effort to determine which pages or portions of source code have been reviewed. The Producing Party shall not videotape the actual review of the source code by the Receiving Party.  Each time the receiving Party's representatives access the source code computer, he or she shall sign a log, provided by the Producing Party, recording the name of the individual, the date, the time(s) in, the time(s) out, whether any printed portions of the source code were requested, and the production numbers of any printed portions of the source code provided

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.  The producing Party may produce the Source Code Material in archive form (e.g. using TAR files), but the file format of the production may not limit or interfere with the receiving Party's review. For example, the stand-alone computer(s) must have sufficient free hard drive space to hold extracted copies of all Source Code Material provided in archive form, and those extracted copies must remain available on the hard drive (i.e., may not be deleted by the producing Party between review sessions). The receiving Party may

request to use software tools of its choice to view, search, and analyze the source code provided, however, that such software tools do not have the capability to compile or execute source code, and otherwise meet the requirements of this Section. A request to use software tools must be made at least 5 (five) business days prior to the inspection at which they will be used, unless the parties agree to a shorter timeframe. These software tools may include but are not limited to text editors and multi-file text search tools such as "grep." Fully and appropriately licensed copies of the software tools must be provided by the receiving Party at least 5 (five) business days prior to the inspection, unless the parties agree to a different timeframe;

(e)  Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to U.S.-based outside counsel and up to 8 (eight) U.S.-based outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

---

[4]  For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g) Except as set forth in paragraph 11(j) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create Source Code Documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Source Code Material (or portions thereof) shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein;

(h) Except as provided in this Protective Order, no physical copies of all or any portion of the Source Code Material may leave the source code review room. The receiving Party may request up to five (5) paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically.  Using the software available on the stand-alone computer(s), the receiving Party may either create PDFs of the printed copies the receiving Party is requesting and save them in a folder, on the desktop of the stand-alone computer(s) named "Print Requests" with a subfolder identifying the date of the request, or identify files and line numbers and request that the producing Party produce printouts of said files and lines.   The

producing Party shall equip the stand-alone computer(s) such that it generates PDF printouts that include identifying information including the full file path and file name, page number, line numbers, and date of printing.  The receiving Party shall not be permitted to make photocopies of Source Code Material absent express written permission from the producing Party except that the receiving Party is permitted to make up to two (2) additional hard copies for use at a deposition. Any such additional hard copies that are not marked as deposition exhibits must be destroyed after use at deposition.  The receiving Party is also permitted to make up to two (2) additional hard copies in connection with a filing to the Court, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  Such copies must be filed under seal if filed with the Court, and the courtroom must be sealed if printouts are displayed at a hearing or trial.  If the receiving Party requests more than 25 (twenty-five) pages of a continuous block of code or more than 500 pages of source code provided for inspection per patent asserted, the producing Party may object to the production of pages in excess of these limits. If the receiving Party believes good cause exists to increase these page limits, it may make the request of the producing Party, who will negotiate in good faith on the amount of additional code to be produced in hard-copy form.  If the receiving Party believes that a portion of code that it has chosen to print for one version of code differs in another version of code, it may request an additional print narrowly tailored to the differing lines of code that will not count against the total limit stated above.  The Producing Party will either (1) produce a printed copy of the requested code that will not count against the total

limits above, or else (2) confirm its belief that the additional version of code requested is representative and materially the same as the version of code already printed with respect to the specific printed portion of the code.  Within three (3) business days of the receiving Party's request, the producing Party shall either: (i) provide all such source code in paper form including with production numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." or (ii) inform the receiving Party that it objects that the printed portions are excessive. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party shall have the burden to seek a Court resolution establishing why it should not comply with the request, and should file the motion within 15 (fifteen) days of the meet and confer regarding denial of the print request. The printed pages of source code in question need not be produced to the receiving Party until the objection is resolved by the Court.  The printed pages shall constitute part of the source code produced by the producing Party in this action.

(i) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or

photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Printouts of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts.  One printout of Source Code Material from the two copies referenced in paragraph 11(h) above may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area.  The deposition record will identify the exhibit by its production numbers.  After the deposition, the official exhibit copy of the Source Code printout marked as an exhibit will be retained by the party presenting the exhibit during the deposition, and all other printouts brought to the deposition shall be returned to the party presenting the exhibit during the deposition after the deposition is concluded.  The parties agree that the court reporter is relieved from the obligation to hold the Source Code marked as an exhibit.  The party that presented the exhibit during the deposition shall be responsible for maintaining the exhibit and making it available for inspection upon request for any party examining a witness at trial.

(j) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper or encrypted removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier, and is subject to the territorial limitations as set forth in paragraph 14. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically

for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(i) above, or in connection with Source Code Documents filed under seal or served, and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer that has no active ports for printer or any recordable devices. The producing Party shall, on request, provide access to the Party's Source Code Material available on a stand-alone computer and use its best efforts to provide an external monitor or projector during depositions of producing Party's witnesses who would otherwise be permitted access to such Source Code Material. The receiving Party shall make such request no later than one week before the date of deposition, unless the producing Party and receiving Party agree to a shorter timeframe.

12.   Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL material shall be subject to all applicable laws and regulations of the United States including regulations relating to the export of technical data, including but not limited to the Export Administration Regulations ("EAR") and/or International Traffic in Arms Regulations ("ITAR"), as well as any additional restrictions related to the Entity List maintained by the Department of Commerce's Bureau of Industry and Security, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The receiving Party and its Outside Counsel shall take measures necessary to ensure compliance with any applicable export control regulations.

13.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE

SUBJECT TO EXPORT CONTROL ," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE TECHNICAL MATERIAL, under this Order, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two (2) years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each person obtaining, receiving, or otherwise learning HIGHLY SENSITIVE TECHNICAL MATERIAL shall not discuss or otherwise disclose HIGHLY SENSITIVE TECHNICAL MATERIAL with any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, the foregoing shall not prevent a person from participating or assisting in a reexamination or review by the United States Patent and Trademark Office of an issued patent**.**

14.   Disclosure of Protected Material shall be subject to all applicable laws and regulations of the United States including regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each individual

receiving Protected Material shall comply with all applicable export control statutes and regulations, including restrictions related to the Entity List maintained by the Department of Commerce's Bureau of Industry and Security.  No receiving Party may take or send a producing Party's Protected Material outside the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The receiving Party's viewing of a producing Party's Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL" or "HIGHLY CONFIDENTIAL – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations or by leave of court after good cause has been shown.

15.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as

to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall, within ten (10) business days after discovery of the disclosure, so advise the receiving Party in writing, request such documents or material be returned, and attach a privilege log entry pertaining to such documents or material that is privileged or otherwise immune from discovery.  It is further agreed that the receiving Party will return or destroy such documents or material, and all copies and derivations, within three (3) business days of the receiving Party's receipt of a written request for the return of the documents or material, shall confirm to the producing Party the destruction or return of such material, and shall not use, and shall immediately cease any prior use of, such material, including to assess or challenge the assertion of privilege.  The receiving Party having returned or destroyed such documents or material, may seek production of the documents or material in accordance with the Federal Rules of Civil Procedure.  Within five (5) business days after receipt of a privilege log, if the receiving Party disputes a claim of privilege, it shall provide in writing the identification of the information for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the information is not privileged, or that any privilege has been waived by some act other than production.  Within three (3) business days thereafter, the Parties shall meet and confer in good faith as to the claims of privilege.  Within five (5) business days after the meet and confer, and not thereafter, the receiving Party may file a motion to compel the production of the information.  Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any

disaster recovery backup system.

16.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

18.     Parties may, at the deposition or hearing or within ten (10) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL ," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 10- day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," and "HIGHLY CONFIDENTIAL – SOURCE CODE."

19.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this

Court.

21.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.  Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

23.  To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.  To the extent that discovery or testimony is taken of Third Parties, the Third Parties or

any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL " in accordance with this Order.

25. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL ," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.  If the designating

Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

26.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction to the producing Party.  However, outside counsel may retain pleadings or other papers filed with the Court or served in the course of this Litigation, discovery responses served in the course of this Litigation, attorney work product, and the trial record, for archival purposes.  The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

27.     The failure to designate documents, information or material in accordance with this

Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order, including any export control laws and regulations of the United States related to any Protected Material, and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.  The restrictions set forth in this Order shall not apply to information which has been disclosed to the public before or after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party which would be in violation of this Order.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation

of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     Nothing in this Order or Appendix A shall be construed to prevent counsel from advising their clients with respect to this litigation based in whole or in part upon DESIGNATED MATERIALS, provided counsel does not disclose the DESIGNATED MATERIAL itself, or content thereof, except as provided in this Order.

32.     The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the Litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. *See* Fed. R. Evid. 502(d). Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for those produced documents, information or other material, pursuant to the provisions herein.

33.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

34.    Nothing in this Protective Order shall prevent or restrict a producing Party's own disclosure or use of its own Designated Material for any purpose.

35.    Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.  Reports and materials exempt from discovery shall be treated as attorney work product for the purposes of this case and Protective Order.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

36.    Absent a showing of good cause, no party is required to identify on its respective privilege log any document or communication prepared or exchanged as litigation/licensing preparation materials (see Rule 26(b)(3)-(5)) in connection with the present litigation or licensing discussions between Huawei and Verizon, or created after the February 5, 2020 filing date of the complaint in this Litigation.  For documents or communications created from February 7, 2019 to the February 5, 2020 filing date of the complaint in this Litigation, absent a showing of a reasonable justification for a more detailed log, a categorical privilege log will presumptively satisfy each party's privilege-logging requirements.  Said categorical privilege log shall separately identify (1) each category of communications/documents with sufficient description to convey the scope of the category so that the receiving party can assess the basis for the assertion of privilege; (2) all individuals and companies that are authors or recipients of said category of communications/documents; (3) the range of dates of the

communications/documents within said category; (4) the basis for assertion of privilege with respect to said category; and (5) the volume of communications/documents that fall within that category.  If a party believes that good cause exists to justify additional information on such categorical privilege log, the parties shall meet and confer to negotiate additional privilege log information.  If the parties cannot reach an agreement, the parties reserve the right to move to compel additional information on such privilege log.  For documents or communications created prior to February 7, 2019, each party is required to provide a full privilege log.

37.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## So Ordered this

**Jun 17, 2020**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE CO., LTD., and HUAWEI DIGITAL TECHNOLOGIES (CHENGDU) CO., LTD., | |
| Plaintiff, | C.A. No. 2:20-cv-00030 |
| v. | |
| VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and VERIZON BUSINESS NETWORK SERVICES, INC., | |
| Defendants. | |
| VERIZON BUSINESS NETWORK SERVICES, INC., and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE CO., LTD., and HUAWEI DIGITAL TECHNOLOGIES (CHENGDU) CO., LTD., | |
| Counterclaim-Defendants. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I,_____, declare that:

1.     My address is_____.

       My current employer is_____.

       My current occupation is_____.

2.     I have received a copy of the Protective Order in this action. I have carefully read and

       understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order. I will hold in

       confidence, will not disclose to anyone not qualified under the Protective Order, and

       will use only for purposes of this action any information designated as

       "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY –

       MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY CONFIDENTIAL –

       SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things

       designated as  "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – OUTSIDE

       COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL," or "HIGHLY

       CONFIDENTIAL – SOURCE CODE" that came into my possession, and all

       documents and things that I have prepared relating thereto, to the outside counsel for

       the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

       Protective Order in this action.

       I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____