IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br> v. <br> VERIZON COMMUNICATIONS, INC., et al. <br><br> Defendants. | No. 2:20-cv-030-JRG <br><br> Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., et al. <br><br> Counterclaim-Defendants. | |

**HUAWEI'S RESPONSE TO VERIZON'S MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

## I. INTRODUCTION

Contrary to Verizon's assertions, it is not entitled to entry of the Model Order as a matter of right. The Model Order provides a procedure for requesting its entry, and Verizon failed to follow that procedure. Even if Verizon had done so, the Model Order is merely a guideline, and Verizon fails to show that its provisions are appropriate for this case. Indeed, Verizon identifies no case in which a Court entered the Model Order over a party's objection at this stage of a case.

Entering the Model Order now would provide Verizon with an undue tactical advantage. Verizon still has not provided a meaningful disclosure of its non-infringement positions, and it has insisted on briefing more claim term disputes than could realistically be addressed by the Court—approximately 50. Under the Model Order Huawei would need to immediately reduce its asserted claims without access to Verizon's non-infringement positions, the key claim construction disputes, and commit to further reductions even before receiving the Court's claim construction ruling. Courts have consistently held that neither patent owners nor accused infringers should be required to significantly reduce their case in the absence of this critical information. Accordingly, Huawei requests that the present motion be denied.

Of course, Huawei also recognizes that this case will need to be streamlined for trial. The parties will be in a better position to accomplish that streamlining once they have the necessary information to do so. Thus, Court intervention on this issue now would be premature. Nonetheless, if the Court is inclined to enter an order regarding claim and reference reductions now, Huawei requests that the Court enter the proposed order attached to this response.

## II. ARGUMENT

### A. Verizon's Request Is Untimely.

The Eastern District's Model Order contemplates being submitted "by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-980-JRG, 2017 WL 6559169, at *1 (E.D. Tex. Dec. 22, 2017) (quoting Model Order at 1 n.1). In this case, Huawei

served its infringement contentions—including identification of all asserted claims—on May 4, 2020. The parties filed proposed docket control and discovery orders and exchanged initial disclosures on June 8, 2020. Nonetheless, Verizon does not contend that it proposed entering the Model Order until August 21, 2020, nor does it attempt to excuse its delay.[1]  Accordingly, Verizon's request should be denied as untimely.

### B. Verizon Fails to Show That the Model Order Is Appropriate for this Case.

Although Verizon's request for the Model Order is untimely, Huawei does not oppose taking steps to reduce the number of asserted claims and prior art references. It does not intend to assert all 64 of its claims at trial, and of course Verizon cannot assert its hundreds of invalidity theories at trial. Moreover, Huawei stands to benefit from Verizon reducing the 54 claims that it is currently asserting. But any reductions should be made based on the specific facts of this case. With that in mind, Verizon has failed to justify entry of the Model Order.

With respect to the Model Order's initial reduction deadline, Verizon asserts that this deadline is necessary to prevent the parties from briefing unnecessary claim construction disputes. However, Verizon fails to show that the Model Order would accomplish its stated goal, or that it would be an appropriate way of doing so. As a practical matter, most of the asserted Huawei patents contain an independent claim with several dependent claims that are re-written as a method for receiving, a method for transmitting, a receiver apparatus, and a transmitter apparatus. Thus, even if Huawei were to drop from 64 to 32 claims, Verizon fails to show that this reduction would have a significant impact on the number of disputed claim terms.

Even if claim reduction would reduce the number of disputed claim terms, ordering the reduction now would be highly prejudicial to Huawei. Verizon still has not provided a meaningful identification of its non-infringement theories. For example, it is unclear whether Verizon will assert different non-infringement theories for transmitters versus receivers, or whether it will provide

---

[1] Verizon states that it mentioned reducing claims and references during an August 7 meet and confer. Mot. at 3. To be clear, this was during a meet and confer on unrelated issues, and Verizon merely raised the idea of reducing claims and references, it did not propose entering the Model Order. Regardless, this was still well after the deadline contemplated in the Model Order.

unexpected assertions regarding the scope of use of the method claims.  Given that this issue implicates most of Huawei's patents, Huawei should not be required to drop claims in the blind.

Moreover, Verizon's assertions sidestep the real problem—Verizon has identified over 50 terms, many of which contain groupings of sub-terms, for construction.  If Verizon is truly interested in focusing the claim construction briefing, it should agree to reduce the number of disputed claim terms as Huawei has been requesting for weeks.

With regard to the Model Order's second reduction deadline, Verizon argues that the Court should enter that deadline regardless of the timing of the Court's claim construction opinion.  Courts consistently refuse significant reduction requests phased to occur before entry of a claim construction order.  *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-140-WCB, 2018 WL 4100760, at *1 (E.D. Tex. July 2, 2018) (ordering a reduction in asserted references, but denying that the request occur before claim construction); *Macrosolve, Inc. v. Antenna Software, Inc.*, 6:11-cv-287-MHS-JDL (E.D. Tex. June 21, 2013) (same); *see also Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 6:10-cv-493-LED-JDL, slip op. at 1 (E.D. Tex. Dec. 13, 2011) ("When litigation is in its early stages, it is typically of little benefit to micro-manage the number of asserted prior art references, particularly before the Markman proceeding.").  Verizon simply identifies no pressing need for the Court to enter an order on claim and reference reduction that would be premature and contrary to the weight of authority.

With respect to the specific claim and reference limits contained in the Model Order, Verizon fails to show that these limits are necessary.  Both parties have proposed compromise positions with higher claim and reference limits as compared to the Model Order.  Huawei's most recent proposal—embodied in the proposed order attached to this motion—is based on the fact that Huawei still does not have meaningful non-infringement positions from Verizon, Verizon continues to insist on raising far more claim construction disputes than could be briefed for the upcoming hearing, and the parties have not received decisions on claim construction or the IPRs that Verizon filed against some of the Huawei asserted patents.

Verizon criticizes Huawei for proposing claim limits higher than the Model Order, by arguing that Huawei's patents fall into two buckets of technology.  This ignores the fact that each "bucket"

refers to technical standards, each of which encompasses multiple different technologies. Regardless, the more important consideration is the number of claims necessary for a patent owner to litigate its case in view of the variety of claim construction, non-infringement, and invalidity positions. For example, allowing Huawei to assert both transmitter and receiver claims for a patent should not be particularly burdensome on the parties or the Court. Conversely, requiring Huawei to choose between dropping to just transmitter claims versus dropping dependent claims that may be important for distinguishing prior art theories would be highly prejudicial to Huawei in the absence of Verizon's non-infringement positions. This concern is not merely hypothetical. Huawei has asserted the following claims:

    '433 Patent: 1, 6, 10, 14

    '151 Patent: 1-13

    '236 patent: 1-15

    '505 Patent: 1-4

    '982 Patent: 1-14

    '253 Patent: 1, 2, 4-7, 9-12, 14

    '485 Patent: 8-10

If Huawei elects to assert four independent claims for each patent that has transmitting method, receiving method, transmitter, receiver claims, an initial reduction limit of 32 claims would allow Huawei to retain less than one dependent claim for each asserted patent. In contrast, Huawei's compromise proposal to require an initial reduction to 48 claims would provide a meaningful reduction in the number of asserted claims, while protecting Huawei from the prejudice of late-disclosed non-infringement positions.

### III.    CONCLUSION

The immediate issue before the Court is whether to enter the Model Order in this case. As explained above, Verizon has failed to carry its burden of showing that it is entitled to that relief. Accordingly, this motion should be denied. In the absence of such an order, Huawei will continue to work with Verizon to reduce the number of disputed claim terms, claims, and prior art theories.

If the Court is inclined to enter some reduction order at this time, Huawei requests that the Court order the parties to reduce their claim term disputes to no more than ten terms per side, and enter the proposed order attached to this response. That alternative proposal provides an initial round of reductions after the opening claim construction brief when both sides will have a better understanding of the most important claim terms actually in dispute. It provides for a second round of reductions soon after the Court issues a claim construction order. And the claim and reference limits in the proposal are based on the specific needs of this case and based on feedback from Verizon regarding an appropriate limit for asserted prior art references.

Dated: September 29, 2020

Respectfully submitted,

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
(214) 888-4848

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
(903) 212-4444

**ATTORNEYS FOR PLAINTIFF/COUNTERCLAIM DEFENDANT HUAWEI TECHNOLOGIES CO., LTD. AND COUNTERCLAIM DEFENDANTS HUAWEI TECHNOLOGIES USA, INC. AND FUTUREWEI TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 29th day of September, 2020.  Local Rule CV-5(a)(3)(A).

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell