**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br> v. <br> VERIZON COMMUNICATIONS, INC., et al. <br><br> Defendants. | **No. 2:20-cv-030-JRG** <br><br> Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., et al. <br><br> Counterclaim-Defendants. | |

**HUAWEI'S SUR-REPLY TO VERIZON'S MOTION FOR ENTRY OF ORDER FOCUSING
PATENT CLAIMS AND PRIOR ART**

Verizon cites no authority indicating that its request is timely.  While it attempts to distinguish the authority cited by Huawei, the simple fact is that the Model Order contains a timeline for requesting its entry, and Verizon did not meet that deadline.  *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-980-JRG, 2017 WL 6559169, at \*1 (E.D. Tex. Dec. 22, 2017).  Accordingly, the Court should deny the motion.

If the Court is inclined to set a schedule for claim and reference elections, Verizon has failed to show that the Model Order is superior to Huawei's alternative proposal.  Indeed, although Verizon criticizes Huawei's proposal as not "workable," Verizon acknowledges that it was willing to accept all but the final election deadline from Huawei's proposal.  And Huawei's proposal for a final election deadline to occur after the claim construction order is entirely reasonable given that all of the authority cited by both sides indicates that this type of election should occur after the claim construction order. *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-140-WCB, 2018 WL 4100760, at \*1 (E.D. Tex. July 2, 2018); *Macrosolve, Inc. v. Antenna Software, Inc.*, 6:11-cv-287-MHS-JDL (E.D. Tex. June 21, 2013); *see also Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 6:10-cv-493-LED-JDL, slip op. at 1 (E.D. Tex. Dec. 13, 2011).  Thus, if the Court is inclined to enter a schedule, it should enter Huawei's proposed schedule.

The remainder of Verizon's reply mentions, but fails to engage with, the issues raised in Huawei's response.  First, Verizon asserts that its non-infringement contentions are adequate because both sides have provided the same level of disclosure.  This argument is unusual because Verizon served an interrogatory for non-infringement positions on September 9, 2020, and Huawei had not yet responded at the time Verizon filed its reply.  Regardless, the assertion is plainly not true.  Verizon has provided a list of nearly every limitation of every claim, and it asserts without explanation that those limitations are not met. Ex. 1, Verizon's interrogatory response.  In contrast, Huawei has identified specific limitations and provided narrative explanations as to why those limitations are not met.  Ex. 2, Huawei's interrogatory response.  Huawei has also provided specific information regarding scope of use that is particularly relevant to the asserted method claims.  This is precisely the type of information that Huawei identified as an important prerequisite to claim dropping, and it is information that Verizon

-1-

should have already disclosed.

Second, Verizon continues to argue that the initial Model Order deadline and limits are necessary to streamline claim construction.  But as Huawei previously explained, the patents-at-issue contain a number of similar claims for methods, apparatuses, transmitters, and receivers.  Thus, a more effective way to streamline the claim construction process would be for the parties to reduce claim terms, not claims.  Verizon has no response, and it still fails to show that its requested relief would achieve its stated goal of streamlining the claim construction process.

Third, Verizon misconstrues the method/apparatus claim issue.  In its response, Huawei explained that if Huawei elects to assert four independent claims for each patent that has transmitting method, receiving method, transmitter, receiver claims, an initial reduction limit of 32 claims would allow Huawei to retain less than one dependent claim for each asserted patent.  This would be an excessive claim reduction if Verizon is sitting on non-infringement contentions that depend on the method/apparatus/transmitter/receiver distinctions.  Moreover, increasing the limit to allow assertion of these similar independent claims would not create an undue burden on the parties or the Court.  Verizon also has no response to this argument.

Finally, Verizon repeatedly accuses Huawei of refusing to compromise.  As explained above, Huawei has good reason to insist on its positions.  Indeed, Verizon could put an end to this dispute by agreeing that the final election occur after the Court issues its claim construction order.  Given that this provision is overwhelmingly supported by the caselaw, Huawei's conduct has been entirely reasonable.

Accordingly, Huawei requests that the present motion be denied.  In the alternative, if the Court is inclined to enter a schedule for claim and reference elections, Huawei requests that the Court enter the proposed order attached to Huawei's response to this motion.

Dated: October 14, 2020

Respectfully submitted,

/s/ Bradley W. Caldwell
Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
(214) 888-4848

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
(903) 212-4444

**ATTORNEYS FOR PLAINTIFF/COUNTERCLAIM DEFENDANT HUAWEI TECHNOLOGIES CO., LTD. AND COUNTERCLAIM DEFENDANTS HUAWEI TECHNOLOGIES USA, INC. AND FUTUREWEI TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 14th day of October 2020.  Local Rule CV-5(a)(3)(A).

/s/ Bradley W. Caldwell
Bradley W. Caldwell

-3-