IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., § § Plaintiff, § § v. § § § CIVIL ACTION NO. 2:20-CV-00030-JRG § VERIZON COMMUNICATIONS, INC., § VERIZON BUSINESS NETWORK § SERVICES, INC., VERIZON ENTERPRISE § SOLUTIONS, LLC, CELLCO § PARTNERSHIP D/B/A VERIZON § WIRELESS, INC., VERIZON DATA § SERVICES LLC, VERIZON BUSINESS § GLOBAL LLC, VERIZON SERVICES § CORP. § Defendants. § ─────────────────────────────── § § VERIZON BUSINESS NETWORK § SERVICES, INC., CELLCO PARTNERSHIP § D/B/A VERIZON WIRELESS, VERIZON § DATA SERVICES LLC, VERIZON § BUSINESS GLOBAL LLC, VERIZON § SERVICES CORP., AND VERIZON § PATENT AND LICENSING INC. § § Counterclaim-Plaintiffs, § v. § § HUAWEI TECHNOLOGIES CO. LTD., § HUAWEI TECHNOLOGIES USA, INC., § AND FUTUREWEI TECHNOLOGIES INC. § § Counterclaim-Defendants. § | |

**<u>ORDER</u>**

Before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review (the

"Motion") filed by Defendants Verizon Communications Inc. ("Verizon Communications"), Verizon Business Network Services LLC. ("Verizon Business Network"), Verizon Enterprise Solutions, LLC ("Verizon Enterprise"), Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), Verizon Data Services LLC ("Verizon Data Services"), Verizon Business Global LLC ("Verizon Business Global"), and Verizon Services Corp. ("Verizon Services"), (collectively, "Verizon" or "Defendants"). (Dkt. No. 46).

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

On July 13, 2020, Verizon filed IPR petitions with the Patent and Trademark Office ("PTO"), challenging the patentability of claims 1-14 of the '982 patent (IPR2020-01278), claims 1-15 of the '236 patent (IPR2020-01292); and claims 1-4 of the '505 patent (IPR2020- 01290 and IPR2020-01291). (Dkt. No. 46 at 1.) Additionally, on July 23, 2020, Verizon filed three petitions for IPR challenging the patentability of claims 1-14 of the '253 patent (IPR2020-01356, IPR2020-

01352) and claims 1-3 and 6-10 of the '485 patent (IPR2020-01357). (*Id.* at 2.) Collectively, these petitions cover every asserted claim of the IPR Patents and five of the seven patents asserted by Huawei. (*Id.* at 1). The Patent Trial and Appeal Board ("PTAB") should provide a decision regarding whether or not to institute review by or about February 2021. (*See* Dkt. No. 48 at 4.) Where a motion to stay is filed before the PTAB institutes any proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Considering these circumstances, the Court concludes that the Defendants' motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to grant the petition for *inter partes* review should be denied. Accordingly, Defendants' Motion to Stay (Dkt. No. 46) is **DENIED**, but this denial is entered **WITHOUT PREJUDICE** to refiling of the same, which shall be permitted within 14 days following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB.

**So ORDERED and SIGNED this 10th day of November, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE