# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO.  2:20-CV-00030-JRG |
| | § | |
| VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP. | § § § § § § § § § § § | |
| Defendants. | § | |
| ——————————————— | § § § | |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC. | § § § § § § § § | |
| Counterclaim-Plaintiffs, | § § | |
| v. | § § | |
| HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC. | § § § § | |
| Counterclaim-Defendants. | § § | |

# **ORDER**

Before the Court is Huawei Technologies Co. Ltd.'s ("Huawei") Motion to Strike

Verizon's Eleventh Affirmative Defense, to Dismiss Defendants' Counterclaims of Unfair

Competition and Fraud, or in the Alternative, for More Definite Statement (Dkt. No. 77), Verizon Communications, Inc., Verizon Business Network Services, Inc., Verizon Enterprise Solutions, LLC, Cellco Partnership d/b/a Verizon Wireless, Inc., Verizon Data Services LLC, Verizon Business Global LLC, Verizon Services Corp., and Verizon Patent and Licensing Inc.'s (collectively "Verizon" or "Defendants") Motion to Compel Huawei's Production of Documents (Dkt. No. 53), and Defendants' Motion to Compel Futurewei Discovery (Dkt. No. 115). The Court heard oral arguments on the motions on December 17, 2020. This Order summarizes and memorializes the Court's rulings and the reasons therefor as announced from the bench into the record, including additional instructions that were given to the parties. This Order in no way limits or constrains the Court's rulings as announced from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. Huawei's Motion to Strike Verizon's Eleventh Affirmative Defense, to Dismiss Defendants' Counterclaims of Unfair Competition and Fraud, or in the Alternative, for More Definite Statement (Dkt. No. 77) is **DENIED** as to the Motion to Strike and Motion to Dismiss but **GRANTED** as to the Motion for More Definite Statement because while the Defendants' pleadings are not "insufficient [,] redundant, immaterial, impertinent, or scandalous," or inadequate to plausibly state a claim for relief, the Court finds that Verizon's pleadings are "so vague or ambiguous that [Huawei] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(b)(6), (e), (f). More specifically, the Defendants must at least specify a jurisdictional law for its fraud counterclaim, the alleged ITU-T policy that the Defendants allege was violated, and the specific acts that allegedly violated the policy which are linked to its presently asserted claims. Accordingly, the Defendants are **ORDERED** to provide a more definite statement as

to their Eleventh Affirmative Defense and Counterclaims of Fraud and Unfair Competition by no later than **Thursday, January 7, 2021**.

2. Verizon's Motion to Compel Huawei's Production of Documents (Dkt. No. 53) is **GRANTED** as to Defendants' Request Nos. 177, 178, and 180. Accordingly, Huawei is **ORDERED** to provide responsive documents to these requests before the close of fact discovery in this case. The Court notes, however, that these documents are to be produced under the Protective Order in this case as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY -MAY BE SUBJECT TO EXPORT CONTROL. (Dkt. No. 41). The Court explicitly notes that although such information at issue may be discoverable, the Court does not make any present determination as to the ultimate admissibility of such materials under the Federal Rules of Evidence.

3. Defendants' Motion to Compel Futurewei Discovery (Dkt. No. 115) is **DENIED AS MOOT** and without prejudice. According to the parties' agreement on the record, Huawei shall provide a declaration attesting to the absence or non-existence of the documentation or other evidence which Defendants seek from Futurewei. Additionally, Huawei shall promptly make a knowledgeable representative of Futurewei available for a Rule 30(b)(6) deposition so that Verizon may test the statements contained in such declaration.

**So ORDERED and SIGNED this 21st day of December, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE