# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., § § Plaintiff, § § v. § § § CIVIL ACTION NO. 2:20-CV-00030-JRG § VERIZON COMMUNICATIONS, INC., § VERIZON BUSINESS NETWORK § SERVICES, INC., VERIZON ENTERPRISE § SOLUTIONS, LLC, CELLCO § PARTNERSHIP D/B/A VERIZON § WIRELESS, INC., VERIZON DATA § SERVICES LLC, VERIZON BUSINESS § GLOBAL LLC, VERIZON SERVICES § CORP. § Defendants. § _____ § § VERIZON BUSINESS NETWORK § SERVICES, INC., CELLCO PARTNERSHIP § D/B/A VERIZON WIRELESS, VERIZON § DATA SERVICES LLC, VERIZON § BUSINESS GLOBAL LLC, VERIZON § SERVICES CORP., AND VERIZON § PATENT AND LICENSING INC. § § Counterclaim-Plaintiffs, § v. § § HUAWEI TECHNOLOGIES CO. LTD., § HUAWEI TECHNOLOGIES USA, INC., § AND FUTUREWEI TECHNOLOGIES INC. § § Counterclaim-Defendants. § | |

## **ORDER**

Before the Court is the Joint Motion to Narrow Patent Claims and Prior Art (the "Motion") filed by Plaintiff Huawei Technologies Co. Ltd. ("Plaintiff" or "Huawei"), Defendants and

Counterclaim-Plaintiffs Verizon Communications Inc., Verizon Business Network Services, Inc., Verizon Enterprise Solutions, LLC, Cellco Partnership d/b/a Verizon Wireless, Inc., Verizon Data Services, LLC, Verizon Business Global, LLC, Verizon Services Corp., and Verizon Patent and Licensing Inc., (collectively, "Verizon"), and Plaintiff and Counterclaim-Defendants Huawei Technology Co. Ltd., Huawei Technologies USA, Inc., and Futurewei Technologies Inc. (collectively, "Huawei") (together "the Parties" and individually each a "Party"). (Dkt. No. 147). In the Motion, the Parties request that the Court enter the Parties' agreed deadlines for narrowing the asserted claims and prior art in this case.

Having considered the Motion, and noting its joint nature, the Court finds that it should be and hereby is **GRANTED**. Accordingly, the following schedule of deadlines is in effect until further Order of this Court:

1. By December 30, 2020, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 38 claims.

2. Not later than 14 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 38 references.

3. No later than 14 days after the Court enters a claim construction order or 5 days after the Preliminary Election of Asserted Prior Art (whichever is later), the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 20 claims.

4. No later than 14 days after service of the Final Election of Asserted Claims, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

**So Ordered this**
**Jan 4, 2021**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE