IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., et al. <br><br> Defendants. | No. 2:20-cv-00030-JRG <br><br> Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD., et al., <br><br> Counterclaim-Defendants. | |

**NON-PARTY CIENA CORPORATION'S OPPOSITION TO
<u>HUAWEI'S MOTION TO COMPEL SOURCE CODE PRODUCTION</u>**

i

██████████████████████████████████
██████████████████

# TABLE OF CONTENTS

I.    BACKGROUND ..................................................................................................2

      A.    Huawei's Subpoena and Ciena's Responses and Objections ..................2

      B.    Meet-and-Confers and Ciena's Production of Responsive Materials......3

II.    ARGUMENT.......................................................................................................5

      A.    Huawei Fails to Demonstrate "Substantial Need" for All Responsive Source Code. ...........................................................................................5

      B.    It is Unduly Burdensome for Ciena to Produce All Responsive Source Code. ..........................................................................................8

III.   CONCLUSION.................................................................................................11

██████████████████████████████        ████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*3rd Eye Surveillance, LLC v. United States*,
   143 Fed. Cl. 103 (2019) ........................................................................................6, 7

*Aeritas, LLC v. Delta Airlines, Inc.*,
   No. 11-CV-00969-SLR, 2013 WL 454452 (N.D. Ga. Feb. 7, 2013) ..........................6, 8, 9, 10

*Dynamic Microprocessor Assocs. v. EKD Computer Sales*,
   919 F. Supp. 101 (E.D.N.Y. 1996) ...........................................................................7

*eDirect Publ'g, Inc. v. LiveCareer, Ltd.*,
   No. C 14-80125 WHA, 2014 WL 2527401 (N.D. Cal. June 4, 2014).......................7

*GeoTag, Inc. v. Frontier Commc'ns Corp.*,
   No. 2:10-CV-265-JRG, 2013 WL 12141427 (E.D. Tex. June 26, 2013) .................7

*Realtime Data, LLC v. MetroPCS Texas, LLC*,
   No. 12CV1048-BTM MDD, 2012 WL 1905080 (S.D. Cal. May 25, 2012).........6, 10

*Schaaf v. SmithKline Beecham Corp.*,
   233 F.R.D. 451 (E.D.N.C. 2005) ..............................................................................8

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   No. CIV.A. 2-08-CV-158-T, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010) ..........5, 9

*In re Subpoena to Chronotek Sys., Inc.*,
   No. MISC. NO. 07-0279, 2007 WL 2177013 (S.D. Tex. July 27, 2007).............5, 7

*Synopsys v. ATopTech*,
   No. C-13-02965-MMC (DMR), 2015 WL 1197705 (N.D. Cal. Mar. 16, 2015).......6

*Whitlow v. Martin*,
   263 F.R.D. 507 (C.D. Ill. 2009) ................................................................................8

### RULES

Fed. R. Civ. P. 26................................................................................................................8
Fed. R. Civ. P. 45................................................................................................................8

### TREATISES

9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND
   PROCEDURE, § 2043 (2d ed. 1995) ..........................................................................5

Huawei has not met its burden of showing "substantial need" for non-party Ciena Corporation ("Ciena") to produce "all source code" responsive to its subpoena. Huawei's sole basis for requesting production of source code is relevance. But that alone is not enough for the Court to grant a motion to compel. Where the requested production is from a non-party, Huawei must show a particularized basis for obtaining highly sensitive proprietary information. Huawei has not. Since September 2020, Ciena has maintained that its technical documentation is sufficient to describe the G.709 operations identified in Huawei's subpoena. Despite being pressed on numerous occasions, Huawei has never once disputed this. Nor does it dispute that the source code it seeks from Ciena is duplicative and cumulative of this technical documentation. Huawei's cursory motion to compel offers no explanation, or supporting affidavits, explaining why it needs source code in light of the sufficient technical documentation. Simply put, Huawei has not done enough diligence to figure out why it needs source code, and now asks the Court to make Ciena, who is not even a party to this litigation, to do all of Huawei's work for it.

Ciena has already expended considerable resources and encountered significant difficulty identifying and collecting responsive technical documents, many of which contain highly sensitive information from upstream suppliers and required further approval for production. Though source code is even more burdensome to produce, Ciena has taken the reasonable policy of producing it where: 1) technical documents are insufficient to show the operations identified in Huawei's subpoena ("Subpoena"), and 2) Ciena has the code in its possession and the requisite third-party approval to produce it. But Huawei wants more. Its motion to compel asks for third-party source code that Ciena does not even have in its possession or the necessary third-

party approval to produce. Because this request imposes an undue burden on non-party Ciena, the Court should deny Huawei's motion to compel.

## I. BACKGROUND

### A. Huawei's Subpoena and Ciena's Responses and Objections

Huawei's motion to compel seeks source code covering the ***exact same topics*** as its technical document requests (Requests No. 1-11). D.I. 148 ("Motion") at 6. Specifically, Request No. 20 of Huawei's Subpoena to Produce Documents, Information or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena") seeks production of "[s]ource code ***sufficient to describe how*** the Ciena G.709 Products-at-Issue perform the functionality referenced in topics 1-11 above." Motion, Ex. A at 8 (emphasis added). In turn, Request Nos. 1-11 request documents "***sufficient to describe how***" the Ciena "Products-at-Issue"[1] perform various functionalities described in the relevant standards. *Id.* at 6-7 (emphasis added).

Ciena served objections and responses to the Subpoena on September 14, 2020. Ex. 1. Ciena objected to the production of source code sought by Request No. 20 as, among other reasons, (1) "unduly burdensome and not proportional to the needs of this lawsuit" because the Request does not identify any version or versions of source code dated within a fixed time frame," and (2) "unduly burdensome and not proportional to the needs of this lawsuit to the extent is seeks information that is duplicative and cumulative of the information sought in Document Requests 1-11 above." *Id.* at 40-41. As such, Ciena stated it would "not produce source code" because "doing so would be unduly burdensome and not proportional to the needs

---

[1] [redacted]

2

██████████████████████████████████████████

of this lawsuit based on the other documents that Ciena has agreed to produce in response to Document Request 1-11 above," but that it was "willing to meet and confer." *Id.* at 42.

### B. Meet-and-Confers and Ciena's Production of Responsive Materials

Eleven days after Ciena served its responses and objections to the Subpoena, Huawei emailed Ciena requesting a meet and confer. Ex. 2 at 2. During the subsequently scheduled meet-and-confer on September 30, 2020, *id.* at 1, Ciena's counsel stated that it believed that technical documents were sufficient to describe the operations identified in Huawei's subpoena. To that end, Ciena suggested that Huawei first review the technical documents to assess whether they were insufficient, and if not, Ciena would be happy to discuss source code production. Huawei agreed to that plan. *See id.* at 5. It did not dispute that source code was unnecessary if the documents were sufficient.

In late October 2020, Ciena produced over 600 documents totaling over 143,000 pages, which included, among other things, technical specifications for Ciena line cards relating to various G.709 and G.8032 functionalities identified in the Subpoena. Ex. 3 at 1-2. On November 5, 2020 and November 23, 2020, Ciena produced more than 140 source code documents totaling over 3,400 pages related to a narrow set of functionality relevant to Ciena's requests involving G.8032 standard. *Id.* at 4-7.

About two weeks later, on December 7, 2020, Huawei asked whether Ciena had completed production of code related to the G.709 topics. Ex. 2 at 15. As before, Ciena responded that technical documents were sufficient to respond to Huawei's request, but agreed to discuss the production of source code if Huawei believed that the documents were insufficient. *Id.* at 20. Huawei did not challenge the sufficiency of technical documentation. Rather, it

3

argued for the first time that even if Huawei agreed that the documents were sufficient, **Verizon** "may" not, providing no specific basis for this speculative assertion. *Id.* at 25.

During the second meet-and-confer on December 15, 2020, Ciena maintained its position that documents were sufficient to describe the technical operations identified in the Subpoena. Ciena never categorically refused to produce source code for G.709 topics. Rather, to mitigate the undue burden of producing unnecessary source code, Ciena expressed that it was open to collecting source code for functionality that Huawei believed was insufficiently shown by the document production. Again, Huawei failed to dispute the sufficiency of the document production. Nor did it identify any specific functionality for which it needed source code.

Ciena also provided additional reasons for why source code production was unduly burdensome. First, Ciena explained that Ciena sits in the middle of the supply chain, and most of the source code sought by Huawei could be obtained directly from third-party suppliers further up the chain, rather than imposing that unnecessary burden on Ciena. Second, Ciena had already encountered substantial difficulty and delay obtaining consent from its own non-party suppliers to produce technical documents containing those third parties' confidential business information. Given the increased sensitivity of source code, Ciena anticipates even more pushback and delay for production regarding their source code, which is even more sensitive. *See* Gabriel Decl. at ¶¶ 5-10. Third, Ciena further explained that Huawei's request for source code was premature, because it was preparing to produce another set of technical documents next week, which could provide the level of detail that Huawei sought from the source code.

On December 23, 2020, Ciena produced almost 150 documents totaling over 33,000 pages, including but not limited to additional technical documentation relating to the functionality of ███████████████████ in Ciena's "Products-at-Issue." Ex. 3 at 7-8.

4

These documents pertained to ▮▮▮▮▮▮▮ in Ciena's "Products at Issue," and therefore provided even more detail regarding operations identified in the Subpoena.

Five days later, and without addressing Ciena's December 23 production, Huawei filed its motion to compel "all source code responsive to Request Nos. 1-11 and 20." Motion at 6. In the interest of expediency, Ciena has since produced additional source code in its possession, Ex. 3 at 9, and intends to make another production by January 20, 2021, Ex. 2 at 31. The remaining source code that Huawei seeks (but to which Ciena objects to producing) is third-party code that: 1) is not in Ciena's possession, and/or 2) Ciena has tried but has been unable to obtain third-party consent to produce. *See* Gabriel Decl. at ¶ 9.

## II. ARGUMENT

### A. Huawei Fails to Demonstrate "Substantial Need" for All Responsive Source Code.

Where a motion to compel seeks confidential information such as source code, the moving party must "demonstrate that it has a substantial need for the material" requested. *In re Subpoena to Chronotek Sys., Inc.*, No. MISC. NO. 07-0279, 2007 WL 2177013, at *1 (S.D. Tex. July 27, 2007) (quoting 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2043, at 559 (2d ed. 1995)).

Huawei cannot demonstrate "substantial need" for all responsive source code because of two critical undisputed facts: 1) Ciena's production of technical documents is sufficient to describe all of the operations identified in Request Nos. 1-11, and 2) the source code sought under Request No. 20 is duplicative and cumulative of Ciena's technical documents. Indeed, the plain language of the Subpoena confirms that Huawei's source code request is necessarily duplicative and cumulative of Ciena's undisputedly sufficient technical documentation—Request No. 20 seeks source code "sufficient to describe" the ***exact same information*** as document

5

Request Nos. 1-11 (i.e., "topics 1-11"). *See SSL Servs., LLC v. Citrix Sys., Inc.*, No. CIV.A. 2-08-CV-158-T, 2010 WL 547478, at *2-3 (E.D. Tex. Feb. 10, 2010) (denying motion to compel damages reports as duplicative of already produced underlying financial data and unduly burdensome). Given Huawei's inability to explain why additional source code is needed to describe operations that are already sufficiently shown through the technical documents, Huawei's motion to compel should be denied. *Synopsys, Inc. v. ATopTech, Inc.*, No. C-13-02965-MMC (DMR), 2015 WL 1197705, at *4 (N.D. Cal. Mar. 16, 2015) (denying motion to compel source code "[b]ecause production of source code would be duplicative of discovery Synopsys already possesses or will shortly possess" and "Synopsys has not explained how the source code will reveal copied input or output formats that Synopsys will not already be able to identify through ATopTech's document production or forthcoming production of executables").

Even if source code is relevant to the Subpoena topics, Huawei is not entitled to unlimited discovery. "Limits should be imposed where the burden or expense outweighs the likely benefits," especially where highly sensitive source code is sought. *Aeritas, LLC v. Delta Airlines, Inc., No. 11-CV-00969-SLR*, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013); *Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel source code as an "undue burden," explaining that non-party "Ortiva's concerns regarding the security of its source code, despite the protective order, cannot be ignored"). Where extensive documentation has been produced describing the functionality of interest, the movant must demonstrate a "***particularized*** and good faith showing to compel the discovery of source code." *3rd Eye Surveillance, LLC v. United States*, 143 Fed. Cl. 103, 110 (2019) (emphasis added). Huawei has not. Despite repeated inquiries from Ciena, Huawei has never once identified any functionality that Ciena's technical

6

documents do not sufficiently describe, let alone for which source code is specifically needed. Even if Huawei "may desire and ultimately need more information," Huawei must at least first review Ciena's existing document production and identify a particularized need warranting such sweeping production of Ciena's highly sensitive source code. *See id.* at 111 ("Examining source code is not the only means to determining functionality, and to that end, plaintiffs should employ [] other means before demanding source code," such as "depositions of witnesses and production of documents"); *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-CV-265-JRG, 2013 WL 12141427, at *2 (E.D. Tex. June 26, 2013) (denying motion to compel source code and urging movant to "timely review [the non-movant's] productions" where movant "filed the motion to compel without having reviewed these productions" and after non-movant "offered to produce source code in its possession").

Huawei's cited cases granting motions to compel are inapposite. Motion at 3-4. They involve situations where source code was necessary to prove a required element in the case. *Dynamic Microprocessor Assocs. v. EKD Computer Sales*, 919 F. Supp. 101, 103-05 (E.D.N.Y. 1996) (movant provided an expert affidavit explaining in detail why questions deemed "critical to the prosecution and defense of claims relating to copyrightability and breach of contract" "cannot be answered without examination of the full source code"); *eDirect Publ'g, Inc. v. LiveCareer, Ltd.*, No. C 14-80125 WHA, 2014 WL 2527401, at *2 (N.D. Cal. June 4, 2014) (source code needed to determine whether the accused software satisfied claim element 1(c)); *In re Subpoena to Chronotek,* 2007 WL 2177013, at *1-2 (despite "no dispute" that the accused product used a particular "cross-correlation technique," source code needed to determine whether that technique was implemented in an infringing way). Not so here, where the source code

7

sought is responsive to Request No. 20, which is undisputedly duplicative and cumulative of the undisputedly sufficient document production.

Unable to articulate any "substantial need" of its own for such duplicative and cumulative source code, Huawei hides behind its baseless argument that it is *Verizon*, and not Huawei itself, who "may" object to its sufficiency. Huawei cannot satisfy its burden of showing substantial need by manufacturing speculative need by Verizon. Huawei articulates no basis or support for this position, which strains credulity. Ciena has produced the same technical documents to both Huawei and Verizon. And Verizon, who does not bear the burden of providing infringement, has not objected to its sufficiency or argued that source code is necessary.

### B. It is Unduly Burdensome for Ciena to Produce All Responsive Source Code.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). To assess whether a subpoena request complies with Rule 45, "non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Aeritas* 2013 WL 454452, at *2 (quoting *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009). "[I]n the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Id.* (quoting *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005)).

Huawei's request for "all" responsive source code is unduly burdensome for at least three reasons. First, due to the difficulty of searching for functionality in source code, it is harder to identify responsive source code than technical documents. Gabriel Decl. at ¶ 6. Second, a significant amount of the remaining source code that Huawei seeks is not even in Ciena's

8

possession, custody, or control. *Id*. at ¶¶ 6, 9. Third, for the third-party source code that Ciena does have in its possession but does not intend to produce, it has tried but been unable to obtain the third-party approval required for production. *Id*. at ¶¶ 6-7, 9. Under Fed. R. Civ. P. 26(b)(1)(C)(i), "district courts have broad discretion to limit discovery" where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Aeritas*, 2013 WL 454452, at *2-3 (denying motion to compel documents where it could be obtained from another party in the case).

Second, the burden of producing source code from these other third parties outweighs any minimal benefit. *Id.* at *2 ("Limits should be imposed where the burden or expense outweighs the likely benefits."). To date, Ciena has produced over 900 documents totaling almost 180,000 pages responsive to the Subpoena, requiring at least 400 hours of over twenty Ciena employees working across at least five (5) groups. *See generally* Ex. 3; Gabriel Decl. at ¶ 3. Given that Ciena sits in the middle of the supply chain, Ciena's collection efforts have been significantly delayed due to complications related to producing responsive documentation containing confidential business information from Ciena's upstream suppliers. Gabriel Decl. at ¶¶ 4-5, 9. Each of these upstream suppliers have their own interests in protecting confidential business information and conditions for disclosing it. *Id.* at ¶¶ 5-6. ▓▓▓ did not respond to Ciena's initial outreach. *Id.* at ¶ 5. ▓▓▓ took about three (3) months to commence substantive discussions about this case, and almost another three (3) weeks to provide its approval to Ciena to produce a very small set of responsive documents. Ciena also encountered considerable resistance from ▓▓▓ to produce its sensitive information to competitors in this litigation. *Id.* at ¶¶ 5, 9. The remote working environment caused by COVID-19 has further exacerbated the delay. *Id.* at ¶ 3.

Based on the difficulties encountered by Ciena in producing responsive technical documents, Ciena expects the production of the remaining responsive source code to be even more burdensome. *Id.* at ¶¶ 5-9. If Huawei insists on receiving the source code, it should go directly to the source—Ciena's upstream suppliers—instead of burdening non-party middle-man Ciena with the task of collecting source code that is cumulative and duplicative of technical documents that already sufficiently describe the operations identified in the Subpoena. *Id.* at ¶ 9; *SSL Servs.*, 2010 WL 547478, at *3 (burden of producing damages reports outweighed their benefit where movant "already ha[d] the relevant underlying data").

That Ciena has already produced **limited** source code does not support Huawei's motion to compel **all** responsive source code. Ciena's source code productions in two instances. *Id.* at ¶ 7. The first was a limited production of source code responsive to certain G.8032 topics that technical documents alone were not "sufficient to describe." *Id.* The second set was a production of source code that Ciena already had in its possession or had been granted third-party approval to produce. *Id.* But what Huawei now seeks is much broader—it sweeps in source code that is not only cumulative and duplicative of technical documents that sufficiently show the same operations for which source code is sought, but code that is not even in Ciena's possession and is more efficiently obtained from the other parties who created it.

The Court's Protective Order does not remove the undue burden on non-party Ciena to produce source code. *Aeritas*, 2013 WL 454452, at *3 ("Although a protective order is in place in the underlying lawsuits, a non-party's source code marks an exception to that general rule, and here it would constitute an undue burden on [non-party] to require the source code's production"); *Realtime,* 2012 WL 1905080, at *3 (denying motion to compel production of source code from a non-party where a protective order existed). In *Realtime,* the court agreed

10

that compelling source code production from Ortiva "constituted an undue burden," because "Ortiva is not a party" and its "Ortiva's concerns regarding the security of its source code, despite the protective order cannot be ignored." *Id.* Rather, the court found that alternative sources of information were adequate to show the functionality of interest, agreeing that "deposition of a knowledgeable Ortiva engineer should be sufficient to inform Plaintiff regarding how Ortiva's products work in the Sprint network." *Id.*

### III.  CONCLUSION

In view of the above, Ciena respectfully requests that the Court deny Huawei's Motion to Compel all source code responsive to Request Nos. 1-11 and 20 of the Subpoena.

Dated: January 11, 2021

Respectfully submitted,

  /s/ Matthew J. Moore
Matthew J. Moore (DC Bar No. 453773)
  **Lead Attorney**
Adam M. Greenfield (DC Bar No. 998485)
LATHAM & WATKINS LLP
555 Eleventh St NW, Suite 1000
Washington, DC 20004
T: (202) 637-2200; F: (202) 637-2201
matthew.moore@lw.com
adam.greenfield@lw.com

Clement Naples (NY Bar No. 4217717)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
T:  (212) 906-1200; F: (212) 751-4864
clement.naples@lw.com

*Counsel for non-party Ciena Corporation*

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel via electronic mail on this 11th day of January, 2021.

                                                                  */s/ Matthew J. Moore*
                                                                   Matthew J. Moore

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

                                                                  */s/ Matthew J. Moore*
                                                                   Matthew J. Moore