**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br>Plaintiff,<br>v.<br>VERIZON COMMUNICATIONS, INC., et al.<br><br>Defendants. | No. 2:20-cv-00030-JRG <br><br> Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO. LTD., et al.<br><br>Counterclaim-Defendants. | |

**HUAWEI'S MOTION TO COMPEL DISCOVERY REGARDING
CELLULAR USE OF THE ACCUSED G.709 FUNCTIONALITIES**

~~FILED UNDER SEAL~~
PUBLIC VERSION

## I.   INTRODUCTION

This is a standard-essential patent case involving Huawei patents essential to the G.709 standard (entitled, "Interfaces for the Optical Transport Network (OTN)").  Huawei recently learned that Verizon has been withholding discovery regarding an enormous portion of the accused instrumentalities—Verizon's use of G.709 OTNs for cellular service.  Verizon's discovery responses did not explain its conduct, and Huawei only uncovered evidence of what Verizon had done as a result of recent depositions.

Verizon has withheld documents (without explanation that they were withheld), provided incomplete interrogatory responses (without explaining that cellular information was withheld), and refused to provide 30(b)(6) testimony.  Because Verizon has no basis for withholding this information and its conduct has been extremely prejudicial, Huawei respectfully requests that the Court compel Verizon to supplement its responses to interrogatories 1-10, 19-25, 29-33, 39-40, produce all documents related to use of G.709 OTNs (including financial information) for cellular, provide testimony regarding the cellular aspects of 30(b)(6) topics, and provide any other relief that the Court deems appropriate given the scope of the discovery withheld.

## II.   FACTUAL BACKGROUND

### A.   Huawei Requests Discovery Regarding Verizon's Use of G.709 Optical Transport Functionality, Including in Verizon's Cellular Networks.

On May 4, 2020, Huawei served its infringement contentions against "systems and/or devices that comply with the G.709 Standard (12/2009 or later) in connection with Verizon's transport network systems."  Huawei also identified exemplary cellular infrastructure believed to use G.709 OTNs such as "mobile backhaul network" and "optical backbone network."

Huawei served interrogatories requesting an explanation as to how Verizon uses the accused G.709 functionality in its products and services, an explanation as to any differences in the ways the various products and services implement the accused functionality, Verizon's non-

1

infringement positions, and corresponding financial information.[1]  Huawei also requested production of specific categories of documents, including documents sufficient to show how Verizon implements the G.709 OTN standard and reference design documents for its cellular offerings.[2]  Finally, Huawei served 30(b)(6) topics regarding Verizon's use of G.709 OTNs.[3]

    **B.**    **Verizon Commits to Providing Discovery Regarding Use of G.709 Optical Transport Networks.**

In response to each of Huawei's discovery requests, Verizon indicated that it would provide the requested information, documents, and testimony.  Verizon did not respond that it was withholding information related to its cellular services.

In particular, in response to Huawei's interrogatories, Verizon explained that the accused functionality was used in its ███████████████████████████████████████ ████████████████████████████████████████████████████████████ Verizon did not identify any non-infringement positions based on an assertion that ████████████████

---

[1] 1. Separately for each of the Huawei Asserted G.709 Patents, identify each device, made, used, sold, offered for sale, or imported by Verizon in or into the United States that is used to implement the portions of the G.709 Standard cited in Plaintiff's infringement contentions, explain how each device is used by Verizon in the Accused Verizon Instrumentalities, and identify which portions of the G.709 Standard each device implements.
3. If you contend that an Accused Verizon Instrumentality does not meet a limitation of an asserted claim, identify each such accused instrumentality, each such limitation, explain the basis for your contention, and identify any evidence that supports your contention.
5. Identify all differences, as between all versions of the Accused Verizon Instrumentalities, that you contend are relevant to infringement of the asserted claims in this case and describe how each such difference affects infringement.

[2] 1. Documents sufficient to identify all G.709 and G.8032 products used by you.
2. Documents sufficient to describe how you use G.709- and/or G.8032-compliant products.
36. All "Reference Design" documents for the Accused Instrumentalities, including all Reference Design Documents describing Wavelength Services in the US and other services used with Verizon's cellular offerings that employ the G.709 and/or G.8032 standards.

[3] 1. How Verizon has configured the products identified in response to Huawei's interrogatories 1 and 2 to implement the functionality referenced in Huawei's infringement contentions.
7. How and why Verizon transmits/receives 10 gigabit ethernet, 40 gigabit ethernet, and/or FC-1200 signals over the OTN.

2

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

With respect to Huawei's document requests, Verizon agreed to produce the responsive documents without objecting to production of cellular documents. For example, in response to Huawei's request for "documents sufficient to describe how you use the G.709- and G.8032-compliant products," Verizon raised some boilerplate objections and stated: "Verizon will produce documents that relate to the subject matter of this case, and that are in Verizon's possession, custody, or control and are located in a reasonably diligent search." Verizon even produced architectural documents for these networks, including information for its mobile backhaul network.

      **C.**    **Verizon Fails to Provide Proper 30(b)(6) Testimony Regarding Cellular Use of its G.709 Optical Transport Networks.**

After deposing a number of individuals who claimed to lack personal knowledge of Verizon's cellular infrastructure, on January 7, 2021, Huawei deposed what should have been the first 30(b)(6) witness to answer those questions—Victor Moreno. Mr. Moreno was designated to testify on pertinent technical topics, (e.g., "How and why Verizon transmits/receives 10 gigabit ethernet, 40 gigabit ethernet, and/or FC-1200 signals over the OTN"), but was unprepared to testify as to ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████.[4] Huawei identified this

---

[4] ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████

3

deficiency during and following the deposition.

### D. Verizon Asserts that It "Has Not Withheld," Later Asserts That it Did Not "Knowingly Withhold," and Then Finally Withholds Cellular Discovery.

Despite multiple follow-up attempts by phone and email, Verizon did not substantively address this deficiency until January 14 at 9:05 pm when it stated: "Verizon has not withheld any discovery from Huawei" because "Mr. Moreno's deposition was the first time that Huawei requested information on cellular service." Ex. A at 5.

Alarmed, Huawei responded the next morning by identifying, among other things, the discovery requests referred to above and explaining that they encompassed—and explicitly referenced—Verizon's cellular offerings. Ex. A at 5. Huawei also explained that Verizon's assertions raised serious concerns about the accuracy and completeness of Verizon's interrogatory responses and document production. *Id.*

On January 19, Verizon changed its position and stated that it did not "knowingly withhold" discovery responsive to those requests because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ However, it committed to providing cellular discovery if Verizon's counsel turned out to be wrong. Ex. A at 4 ▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The next day, Verizon described a further investigation and concluded: ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓ Ex. A at 3. Huawei would soon learn that this statement was not true.

On January 28, 2021, Verizon witness Glenn Wellbrock confirmed ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

       ███████████████████████████████████████
████████████████████████

       ████████████████████████████████████████

       ████████████████████████████

       ████████████████████████████████████████
██████████████████████████████████

       ████████████████████████████████████████
███████████████

       ████████████████████████████████████

██████████████

       During the meet and confer before filing this motion, Verizon's latest excuse for withholding discovery was that ████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████

5

███████████████████

### III. ARGUMENT

Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and is "proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive and thus should not be permitted." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018).

This process assumes that a valid objection is raised in the first place. "If the responding party does not plan to comply [with a document request], it must state the objection in a timely manner; otherwise objections are waived." *Jones v. Tex. Youth Comm'n*, No. 9:07-CV-3, 2007 WL 4290000, at *1 (E.D. Tex. Dec. 3, 2007). Moreover, "A defendant may not assert a defense and, based on nothing more than its own statement of the validity of that defense, refuse to produce documents and information related to that defense or accused products allegedly subject to that defense." *Wi-LAN, Inc., v. Research in Motion, Corp.*, No. 2:08-CV-247, Dkt. No. 174 at 3 (E.D. Tex. Sep. 22, 2010).

Verizon has already acknowledged that Huawei's infringement contentions encompass use of G.709 OTNs regardless of whether that use is for cellular, business, or other traffic, and it has admitted that evidence of that use is discoverable. Huawei has specifically requested that Verizon disclose technical and financial information regarding cellular use of G.709 OTNs, and in its responses, Verizon identified no basis for withholding cellular discovery. Accordingly, the present motion should be granted.

Verizon attempted to avoid that discovery by representing in attorney emails that "████ ██████████████████████████████████████████████████████████████ But that position was shattered by witness testimony. Moreover, the mere fact that Verizon disputes

6

infringement was never a valid basis to withhold discovery in the first place.  In other words, the best excuse Verizon has been able to muster is a (faulty) non-infringement position that should have been disclosed months ago before all of its technical witnesses were deposed.  That is certainly no basis to withhold discovery without explaining what has been withheld.

Verizon's conduct has been particularly prejudicial given that it appears to have partially produced responsive information. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because Verizon's conduct has only came to light late last week, Huawei knows that Verizon has been withholding a substantial amount of highly relevant information, e.g., financial data related to cellular, but the exact scope of what has been withheld is unclear.  For example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Moreover, given that Huawei already relied on Verizon's incomplete responses when preparing later discovery requests and third-party subpoenas, it is unclear what further information could have been requested.  Accordingly, Huawei respectfully requests that the Court compel Verizon to supplement its responses to interrogatories 1-10, 19-25, 29-33, 39-40, produce all documents related to cellular use of G.709, and prepare witnesses to address the cellular aspects of Huawei's 30(b)(6) topics.[5]

---

[5] Given the extremely late disclosure and large volume information at issue, Huawei may also seek to preclude Verizon from relying on assertions that should have been disclosed earlier, e.g., by precluding Verizon from arguing ███████████████████████████████████████████████

Dated:  February 2, 2021                               Respectfully submitted,

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
(214) 888-4848

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
(903) 212-4444

David M. Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR
PLAINTIFF/COUNTERCLAIM DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD. AND
COUNTERCLAIM DEFENDANTS HUAWEI
TECHNOLOGIES USA, INC. AND
FUTUREWEI TECHNOLOGIES, INC.**

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel via electronic mail on February 2, 2021.

                                                                              */s/ Jason D. Cassady*  
                                                                              Jason D. Cassady

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

                                                                              */s/ Jason D. Cassady*  
                                                                              Jason D. Cassady

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Huawei conferred with counsel for Defendants and that the relief requested herein is opposed.

                                                                              */s/ Jason D. Cassady*  
                                                                              Jason D. Cassady