# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD.,<br><br>    Plaintiff,<br> v.<br><br>VERIZON COMMUNICATIONS, INC., et al.<br><br>    Defendants.<br><br><br>VERIZON BUSINESS NETWORK<br>SERVICES, INC., et al.<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO. LTD.,<br>et al.<br><br>    Counterclaim-Defendants. | No. 2:20-cv-030-JRG<br><br>Jury Trial Demanded<br><br>~~FILED UNDER SEAL~~<br>PUBLIC VERSION |

## HUAWEI'S MOTION TO CLARIFY
## COURT'S DECEMBER 21, 2020 ORDER

**TABLE OF CONTENTS**

I.  RELEVANT BACKGROUND ........................................................................................ 2

   A.  The Court's December 21 Order. ......................................................................... 2

   B.  Huawei had been pursuing a motion to modify the stipulated protective order in this case to ensure it provides sufficient protection. ............................................... 2

   C.  On January 29, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. ...................................................... 4

   D.  ███████████████████████████, Huawei proposed a limited remote electronic inspection as an alternative to physical production. ......................................... 6

II.  LEGAL STANDARD ................................................................................................... 7

III. ARGUMENT .................................................................................................................. 8

IV. CONCLUSION ............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Amrhein v. La Madeleine, Inc.*
  No. 3:11-cv-2440, 2013 WL 120433373 (N.D. Tex. May 28, 2013) ......................................... 7

*Cabral v. Brennan*
  853 F.3d 763 (5th Cir. 2017) ..................................................................................................... 7

*Hartsfield v. New Bern Transport Corp.*
  No. 2:19-cv-379, 2020 WL 6325732 (E.D. Tex. Sept. 15, 2020) ............................................... 7

*Henry Zoch II v. Daimler, A.G.*
  No. 4:17-CV-578, 2017 WL 5177959 (E.D. Tex. Nov. 8, 2017) ................................................ 9

*Huawei Technologies Co., Ltd. v. Huang*
  No. 4:17-cv-893-ALM (E.D. Tex.) (the "*CNEX Litigation*") ............................................. 3, 4, 5

*In re Anschuetz & Co., GmbH*
  754 F.2d 602 (5th Cir. 1985) ..................................................................................................... 8

*In re Govt. Ex Parte Motion to Amend Protective Order*
  No. 4:19-mc-38 (E.D. Tex.) ("*Government Ex Parte Action*") ............................................. 4, 5

*In re Grand Jury Subpoena Duces Tecum Dated April 19, 1991*
  945 F.2d 1221 (2d Cir. 1992) ..................................................................................................... 3

*Kiobel by Samkalden v. Cravath Swaine & Moore LLP*
  895 F.3d 238 (2d Cir. 2018) ....................................................................................................... 4

*Martindell v. Int'l Tel. & Telegraph Corp.*
  594 F.2d 291 (2d Cir. 1979) ....................................................................................................... 3

*Melancon v. Texaco, Inc.*
  659 F.2d 551 (5th Cir. 1981) ..................................................................................................... 7

*Nat'l Oilwell DHT, L.P. v. Amega West Servs. LLC*
  No. 2:14-cv-1010, 2020 WL 6271213 (E.D. Tex. Oct. 26, 2020) .............................................. 7

*S.E.C. v. Stanford Int'l Bank, Ltd.*
  776 F. Supp. 2d 323 (N.D. Tex. 2011) ................................................................................... 8, 9

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*
   482 U.S. 522 (1987) .................................................................................................... 8, 9

*United States v. Huawei Technologies Co., Ltd.*
   No. 18-CR-457 (E.D.N.Y.) ................................................................................................ 2

**Statutes**

28 U.S.C. § 1651 ............................................................................................................... 5, 7

**Rules**

Fed. R. Civ. P. 26(c) ............................................................................................................... 3
Fed. R. Civ. P. 54(b) ............................................................................................................... 7

**Other Authorities**

Geoffrey Sant, *Court-Ordered Law Breaking*
   81 BROOK. L. REV. 181, 185 (2015) ................................................................................. 8

Pursuant to Federal Rule of Civil Procedure 54, Plaintiff Huawei Technologies Co., Ltd. ("Huawei") moves this Court for clarification of its December 21, 2020 Order. Dkt. 146. That order granted, in part, Verizon's motion to compel discovery of certain documents. A dispute has arisen between the parties regarding ███. Huawei had been preparing to produce the document, and believed it would be able to do so after seeking a slight modification of the parties' stipulated protective order in this case. But new information came to light last Friday, January 29. ███

███. In the interim, to accommodate both Verizon's need for discovery and ███, Huawei has offered to make the Memorandum available to Verizon's counsel for a limited remote inspection to enable Verizon to evaluate its relevance. During the parties' meet and confer, Verizon's local counsel indicated that he would consider alternatives to physical possession ███, thus potentially obviating the need for motion practice. But Verizon has apparently changed its mind, ███ Thus, Huawei asks this Court to clarify that, ███

1

███ the Court's December 21 Order permits Huawei to provide the Memorandum to Verizon by making it available for a limited remote inspection at this time.

## I. RELEVANT BACKGROUND

### A. The Court's December 21 Order.

On December 21, 2020, this Court entered an order granting, in part, Verizon's motion to compel production of documents. Dkt. 146 ¶ 2. Per that order, Huawei understands that it must produce the Memorandum at issue here. In response to Huawei's arguments that the discovery sought implicates inflammatory topics whose relevance to the pleaded claims and defenses is tenuous at best, the Court expressly reserved judgment on whether these documents would ultimately be admissible at trial. *Id.* ("The Court explicitly notes that although such information at issue may be discoverable, the Court does not make any present determination as to the ultimate admissibility of such materials under the Federal Rules of Evidence."). The Court also recognized that the documents at issue were likely to be highly sensitive, ordering that these documents be produced under the AEO designation of the protective order. *Id.*

### B. Huawei had been pursuing a motion to modify the stipulated protective order in this case to ensure it provides sufficient protection.

████████████████████████████████████████████████████████████. In light of the ████████ ████████ and the pendency ████████████████████████████████ ████████████ Huawei is concerned that the operative protective order in this litigation (Dkt. 41) does not provide sufficient protections to prevent use of the Memorandum outside of this case. In particular, despite the fact that Huawei would bring the Memorandum into the

---

[1] ████████████████████████████████████████████████

United States solely for use in this litigation in reliance on the protective order, ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Huawei initially sought to address its concern by crafting a proposed modification to the protective order for this case. On January 26, Huawei discussed with Verizon's local counsel Deron Dacus the need for a motion to modify the protective order. Love Decl. ¶ 2. As Huawei explained to Mr. Dacus, its concern was not merely hypothetical. ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Like the protective order in this case, the protective order in the *CNEX Litigation* allowed the parties to designate produced documents as "Highly Confidential—Attorneys' Eyes Only." *CNEX Litigation*, Dkt. 118 ¶ 9. Documents so designated were to be used "only for purposes of th[at] litigation." *Id.* ¶ 19. In reliance on that protective order, Huawei produced millions of pages of documents, including highly sensitive materials containing trade secrets and confidential business information subject to the AEO designation. ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[2] ▇▇▇▇▇▇▇

---

[2] As a general matter, under the well-settled Second Circuit precedent that governs New York criminal prosecutions, the government would not have been entitled to obtain Huawei's civil discovery "absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need." *Martindell v. Int'l Tel. & Telegraph Corp.*, 594 F.2d 291, 296 (2d Cir. 1979). *Martindell* holds that "a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government." *Id.*; *see also In re Grand Jury Subpoena Duces Tecum Dated April 19, 1991*, 945 F.2d 1221, 1224 (2d Cir. 1992) (applying the rule to grand jury subpoenas). This rule is designed to ensure "the just, speedy, and inexpensive determination" of civil disputes; otherwise, fear of wider disclosure of civil discovery might inhibit parties from producing essential evidence. *Martindell,* 594 F.2d at 295-96. The *Martindell* rule applies with special force to foreign-origin documents (like the

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

During the call with Mr. Dacus, Huawei laid out its understanding of what had occurred in the *CNEX Litigation* as justification for the proposed modification of the protective order, ████████████████████████████████████████████████████ ██████████████████████ Love Decl. ¶ 2. Mr. Dacus was already familiar with the *CNEX Litigation*, having been retained as local counsel for CNEX in the case. Mr. Dacus said that Verizon would need time to consider the proposed modification. *Id.*

**C.    On January 29,** ██████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████

The parties exchanged several more e-mails on the subject of Huawei's contemplated motion to modify the protective order, culminating in a lead and local conference last Friday afternoon, January 29. Love Decl. ¶ 3. ████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

---

Memorandum at issue here) that a civil litigant agrees to bring into the United States—and thus within the potential reach of future discovery and the United States government—solely for the purpose of producing them pursuant to a protective order that provides assurances that the documents will be used ***only*** for purposes of that litigation. *See Kiobel by Samkalden v. Cravath Swaine & Moore LLP*, 895 F.3d 238, 247 (2d Cir. 2018) (observing that unilaterally overriding a protective order "would inhibit foreign companies from producing documents to U.S. law firms, even under a confidentiality order," and would give foreign companies "reason to fear disclosing all pertinent documents to U.S. counsel, the likely results [of which] are bad legal advice to the client, and harm to our system of litigation").

███████████████████████████████████████████████████████████████

██████████████.

   ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

   ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

   ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████. Huawei realized at that point that its contemplated motion to modify the protective order in this case would be an exercise in futility. Under these circumstances, *no* protective order, however stringent its provisions, could protect the Memorandum from disclosure once it is produced in this case.

5

███████████████████████████████████████████████████████
████████████████████████████████████████████ As explained in more detail below, China's International Criminal Judicial Assistance Law ("ICJAL") prohibits Chinese citizens and companies from providing evidence in connection with a foreign criminal proceeding without a diplomatic request made by the foreign government. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████.

   **D.  ██████████████████████████, Huawei proposed a limited remote electronic inspection as an alternative to physical production.**

In an effort to find a means to comply with the Court's December 21 Order ████████████████████████, Huawei met and conferred with Verizon on February 1, 2021 to discuss alternatives to outright production of the Memorandum. Huawei proposed a limited remote inspection of the Memorandum as a means of balancing Verizon's need to discovery of the document against ████████████████████████████████ *Id.*

Under the proposed inspection procedure, a computer ████████████████ would be accessed by, or "screen shared" with Verizon's counsel so that counsel can view the contents of the document under the supervision of Huawei's counsel. No one in the United States would be permitted to make or retain a copy of the document. ████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████ The same procedure could be used for the Court if and when it ultimately needs to make a ruling on admissibility of the Memorandum.

Although Verizon suggested during the parties' conference, as recently as this afternoon (February 2), that it might be amenable to some alternative to physical possession of the Memorandum, Verizon now appears to have reversed course, ██████████████████████████ ████████████████████████████████████████████████████████ ████████████ Huawei therefore seeks clarification that the Court's December 21 Order allows the Memorandum to be provided under the inspection procedure described above.

## II.  LEGAL STANDARD

District courts "possess the inherent procedural authority to reconsider, rescind, or modify an interlocutory order for causes seen by [them] to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Indeed, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, a court may clarify its prior orders "as justice requires," *Amrhein v. La Madeleine, Inc.,* No. 3:11-cv-2440, 2013 WL 120433373, at *1 (N.D. Tex. May 28, 2013), and "for any reason it deems sufficient," *Nat'l Oilwell DHT, L.P. v. Amega West Servs. LLC,* No. 2:14-cv-1010, 2020 WL 6271213, at *2 (E.D. Tex. Oct. 26, 2020). The party seeking clarification need not identify new evidence in support of its request, but doing so would certainly satisfy the Rule 54 standard, since new evidence supports clarification or reconsideration under the "more exacting" Rule 59 standard applicable to final orders. *Cabral v. Brennan,* 853 F.3d 763, 766 (5th Cir. 2017); *see also Hartsfield v. New Bern Transport Corp.,* No. 2:19-cv-379, 2020 WL 6325732, at *2 (E.D. Tex. Sept. 15, 2020) (Gilstrap, J.).

7

## III. ARGUMENT

Clarification of the Court's December 21 Order compelling production of the Memorandum is warranted ███████████████████████████████████████████

███████████████████████████████████████████████████ As explained above, there is substantial reason to believe that ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████ Huawei has offered to give Verizon access to the Memorandum, but providing a physical copy of the Memorandum to Verizon under these circumstances ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████. Both Verizon's interests and ████████████████████████ can be accommodated by clarifying the December 21 Order to allow Huawei to provide the Memorandum to Verizon for viewing via limited remote inspection.

Huawei's request is supported by governing law on international comity. As the Supreme Court has explained, "American courts . . . should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position [under home country law]." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); *see also S.E.C. v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323, 329 (N.D. Tex. 2011) ("Particularly in the realm of international discovery we believe the exercise of judicial power should be tempered by a healthy respect for the principles of comity.") (quoting *In re Anschuetz & Co., GmbH*, 754 F.2d 602, 614

(5th Cir. 1985), *cert. granted, judgment vacated sub nom. Anschuetz & Co., GmbH. v. Mississippi River Bridge Auth.*, 483 U.S. 1002, 107 S. Ct. 3223, 97 L. Ed. 2d 730 (1987)).

Like many nations, China has adopted restrictions on private parties producing information and other evidence to foreign governments.[3] Specifically, the ICJAL prohibits a Chinese "institution[], organization[], and individual[]" from providing "evidence materials and assistance" in connection with a foreign law enforcement action absent a diplomatic request by the foreign government and approval by the Chinese government. *See* ICJAL (promulgated by the Standing Committee of the Thirteenth National People's Congress, Oct. 26, 2018, effective Oct. 26, 2018), ch. I, art. 4; art. 2.[4] ▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬

Given the ready availability of alternative means to allow Verizon access to the Memorandum, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬ Huawei requests that the Court clarify that the December 21 Order allows Huawei to make the Memorandum available to Verizon via a limited remote inspection based on considerations of international comity. When considering a potentially conflicting foreign law,

---

[3] *See* Geoffrey Sant, *Court-Ordered Law Breaking*, 81 BROOK. L. REV. 181, 185 (2015) (discussing prevalence of foreign blocking statutes and collecting cases). For example, the Stored Communications Act prohibits U.S.-based service providers from disclosing electronic communications content to a foreign law enforcement authority. 18 U.S.C. § 2702. This blocking provision has resulted in a proliferation of incoming mutual legal assistance requests to the United States, because unilateral foreign requests cannot lawfully be honored by United States providers. Joe Barton, *Reforming the Mutual Legal Assistance Treaty Framework to Protect The Future of The Internet*, 2018 OHIO ST. L.J. 91, 93 (2018) ("Foreign law enforcement agency requests have skyrocketed since 2000 … Indeed, the U.K. government alone made over 22,000 separate MLA requests to just six of the largest U.S. technology companies.") (citing authority).

[4] An English translation of the ICJAL is attached as Exhibit A to the Declaration of Gregory P. Love, filed concurrently with this motion.

American courts typically look to such factors as to whether there are alternative avenues to wholesale production, where the documents in question originated, the importance of the documents, the relative interests of the parties, and whether the request is narrowly tailored. *See Stanford Int'l Bank*, 776 F. Supp. 2d at 329 (explaining that "[a]lthough the *Aérospatiale* Court declined to mandate that courts follow a particular mode of analysis, it did suggest [those] five factors are relevant to any comity analysis"); *Henry Zoch II v. Daimler, A.G.*, No. 4:17-CV-578, 2017 WL 5177959 at *4 (E.D. Tex. Nov. 8, 2017) (citing authority).

Consideration of these factors favors clarifying the December 21 Order. ▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and there is an obvious alternative ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ allowing Verizon to view it remotely under the procedure outlined above. Likewise, the respective interests of the parties and any consideration of the importance of the Memorandum favor that solution. Given the tenuous connection of the Memorandum to the pleaded claims and defenses, the Court may well ultimately decide it is inadmissible, rendering it of no importance to this case whatsoever. In any event, the importance of the Memorandum is not implicated by this motion precisely because Huawei would still make the document available to Verizon. Whatever the alleged importance of the Memorandum to this litigation (Huawei maintains there is none), Verizon would have access to it and may determine its relevance and, at the same time, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Both Verizon's interests and Huawei's interests would be accommodated under this approach. Finally, the narrow-tailoring factor is at most a wash. While the Memorandum is the sole document at issue in this motion, Huawei's approach is also narrowly tailored in that it allows Verizon to see the Memorandum ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Taken together, all these factors weigh decisively in Huawei's favor. Taking into consideration ████████████████████████████████████████████████████ ████████████████████████████████, Huawei submits that the proposed inspection process represents a reasonable accommodation of the parties' competing needs under the circumstances that upholds principles of international comity.

## IV. CONCLUSION

For the foregoing reasons, Huawei respectfully requests that this Court enter an order clarifying that its December 21 Order permits Huawei to make the Memorandum available for limited remote inspection in accordance with the procedure described above.

Dated: February 2, 2021                    Respectfully submitted,

*Jason D. Cassady*
Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
(214) 888-4848

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
(903) 212-4444

**ATTORNEYS FOR PLAINTIFF/ COUNTERCLAIM DEFENDANT HUAWEI TECHNOLOGIES CO., LTD. AND COUNTERCLAIM DEFENDANTS HUAWEI TECHNOLOGIES USA, INC. AND FUTUREWEI TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel via electronic mail on February 2, 2021.

/s/ *Jason D. Cassady*
Jason D. Cassady

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

/s/ *Jason D. Cassady*
Jason D. Cassady

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the above motion is opposed. During the parties' meet and confer, Huawei offered to make the Memorandum available to Verizon's counsel for a limited remote inspection to enable Verizon to evaluate its relevance. Earlier this afternoon, Verizon's local counsel indicated that he would consider alternatives to physical possession ███████████████████, thus potentially obviating the need for motion practice. However, Verizon has apparently now changed its mind, ████████████████████████████████████████████████████████ ████████████████████████

/s/ *Jason D. Cassady*
Jason D. Cassady