# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, AND VERIZON SERVICES CORP. <br><br> Defendants. | Civil Action No. 2:20-cv-00030-JRG |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC. <br><br> Counterclaim-Defendants. | |

**VERIZON'S MOTION TO COMPEL HUAWEI'S
<u>RESPONSE TO INTERROGATORY NO. 9</u>**

I. **PRELIMINARY STATEMENT**

This Motion arises out of Huawei's failure to supplement its response to Interrogatory No. 9 despite repeated requests from Verizon. Since August 2020, Verizon sent a series of emails and letters to Huawei, asking Huawei to supplement its response to Interrogatory No. 9. Huawei has stated that it cannot supplement until it receives third-party discovery, but third-party ▓ completed its production of the relevant discovery back in December as it relates to the '235 Patent, and other third parties have been producing documents and made code available as it relates to the other asserted patents as early as October 2020 and some have already made their witnesses available for deposition to Huawei. While some of the third-party depositions are continuing this week, Huawei has failed to provide *any* supplements to this Interrogatory since it initially responded back in July 2020, even though it now has discovery from Verizon and third parties. Huawei has a duty to supplement on an on-going basis and has failed to do so here—likely to provide *all* of their supplements on the eve of expert discovery. Verizon respectfully requests that the Court order Huawei to either (1) provide a complete response to Interrogatory No. 9 within 3 days of this Court's order, or (2) confirm Huawei will not rely on additional documents and source code not cited in Huawei's response to Interrogatory No. 9 to show infringement in this case.

II. **STATEMENT OF RELEVANT FACTS**

On June 18, 2020, Verizon served its First Set of Interrogatories (Nos. 1-11) to Huawei. Verizon's Interrogatory No. 9 requests that Huawei describe the factual and legal bases underlying its infringement contentions for the asserted Huawei patents. Specifically, Interrogatory No. 9 seeks the following information:

> For each and every one of the Verizon Accused Products: identify each asserted claim of each of the Huawei Patents-in-Suit allegedly infringed, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted; each accused apparatus, product, device, service, process, method, act, or other instrumentality

1

of Verizon by name or model number, if known, including identifying all Documents that you intend to rely on to support your allegations in this litigation; *describe the complete factual and legal bases for your contentions of infringement, Including by identifying all documents that contain information regarding your infringement contentions and persons with knowledge regarding your infringement contentions*; provide a chart identifying specifically where and how each element of each asserted claim is found within each apparatus, product, device, service, process, method, act, or other instrumentality; Include for each limitation governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused instrumentality that performs the claimed function; and identify whether you contend each element from each asserted claim is literally present or present under the doctrine of equivalents for each accused apparatus, product, device, service, process, method, act, or other instrumentality.

On July 20, 2020, Huawei served an initial response to Interrogatory No. 9. In its initial response,



On August 17, 2020, Verizon requested that Huawei supplement its response to Interrogatory No. 9 to ▮. (8/17/20 Curran Letter). On September 3, 2020, Huawei responded that it would supplement its response to Interrogatory No. 9 ▮ Ex. A at 3 (9/2/20 Cassady Letter).

Between October 2020 to January 2021, ▮ Notably, ▮ November 5, 2020 production included a declaration, documents, ***and*** source code detailing the technical operation of its products. In light of ▮ production, on December 10, 2020, Verizon emailed Huawei to request that Huawei

████████████████████████████████████████████████

supplement its initial response to Interrogatory No. 9 to detail how it contends ██████ products satisfy each limitation of the asserted claims of the '253 Patent based on the information produced by ████ on November 5, 2020. On December 11, 2020, Verizon repeated this request during a meet and confer with Huawei. Huawei ensured Verizon that it would provide a response to this request by the middle of the following week, but Verizon did not receive a response from Huawei at that time. On December 24, 2020, Verizon once again emailed Huawei, reiterating its request that Huawei supplement its response to Interrogatory No. 9 based on discovery already produced in this case from third parties. Huawei again failed to respond to Verizon's request to supplement.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Verizon sent Huawei a letter once again asking Huawei to supplement its response to Interrogatory No. 9. The parties subsequently conducted a lead and local meet and confer on February 1, 2021. Huawei has thus far failed to supplement Interrogatory No. 9, even though it has had access to third-party information for months now, including the deposition of ██████ witness on the '253 patent and ██████████ witness related to the other asserted Huawei patents.

### III. LEGAL STANDARD

An interrogatory may seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1), 33(a)(2). Each interrogatory must "be answered separately and *fully* in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Thus, a party responding to an interrogatory is not at liberty to "decid[e] which interrogatories (or subparts) to answer and which to ignore." *Stambler v. Amazon.com, Inc.*, No. 09-cv-310, 2011 WL 10538668, at *4 (E.D. Tex. May 23, 2011). Rather,

the responding party must "fully answer" interrogatories "with all relevant, discoverable information." *Id.* at *3-4 (granting plaintiff's motion to compel). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); *see also Oasis Research, LLC v. Adrive, LLC*, No. 10-cv-00435, 2011 WL 7272473, at *1-2 (E.D. Tex. Sept. 13, 2011) (applying Fed. R. Civ. P. 37 to grant motion to compel interrogatory response).

IV. **ARGUMENT**

   A. **Huawei Must Provide Verizon With A Full And Complete Understanding Of Its Infringement Contentions, Including Documents And Source Code It Intends To Rely On From Third Parties.**

In order to defend itself, Verizon must have a detailed understanding of Huawei's contentions of how the accused instrumentalities allegedly infringe Huawei's asserted patents. *See American Video Graphics, L.P. v. Elec. Arts, Inc.,* 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("To the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense."); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) ("When parties accuse hundreds of products of infringing hundreds of claims, and only narrow those accusations after discovery, the case staggers for months without clear direction."). For this reason, this Court and other district courts have ordered plaintiffs to supplement their interrogatory responses to provide additional details about the factual and legal bases underlying their infringement contentions, including relevant documents. *See, e.g.*, *Rockstar Consortium US LP, et al. v. Google, Inc.*, No. 2:13-cv-00893-JRG-RSP, Dtk. 206 at 3 (E.D. Tex. Oct. 16, 2004) (ordering plaintiff to supplement both its infringement contentions and its interrogatory response "including relevant documents evidencing Plaintiff Rockstar's infringement positions"); *Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n*, No. C04-04143, 2008 WL 346411, at *1

4

███████████████████████████████████████

(N.D. Cal. Feb. 7, 2008) (granting defendants' motion to compel a response to a contention interrogatory seeking "detailed descriptions for the factual and legal bases underlying [plaintiff's] claims of indirect infringement," especially given the "large number of infringement assertions" relating to "over 140 claims for eight different patents").

Here, Verizon's Interrogatory No. 9 asks Huawei to provide the "*complete* factual and legal bases for [its] contentions of infringement" including by "identifying *all* documents that contain information regarding [Huawei's] infringement contentions . . . ." Huawei's initial response to Interrogatory No. 9, dated July 20, 2020, ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████ Since then, Verizon identified additional relevant third-party manufacturers, such as █████████████████████████████████

Between October 2020 and February 2021, █████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████ This discovery, especially the source code, may include relevant information about Huawei's infringement contentions that Huawei should incorporate in its response to Interrogatory No. 9, if it intends to rely on this discovery to support its infringement allegations. *See American Video Graphics*, 359 F. Supp. 2d at 561 (holding that plaintiff must supplement its initial infringement charts with "specific references to the source code" once the defendant provided plaintiff with the source code"); *Connectel*, 391 F. Supp. 2d at 528 (noting that source code is necessary to fill in gaps when plaintiff alleges infringement of software products and that detailed infringement contentions should be made after source code is produced).

Despite the third-party discovery that Huawei has received, Huawei failed to supplement its initial response to Interrogatory No. 9 even once to include additional information on how it intends to rely on this third-party discovery to support its infringement allegations. Verizon has repeatedly contacted Huawei—roughly *five times* over the course of two months—to request that Huawei supplement its response to Interrogatory No. 9. But each time Verizon brought this issue to Huawei's attention, Verizon only received radio silence. To ensure that Verizon can adequately defend itself against Huawei's infringement allegations, Huawei must provide a full and complete response to Interrogatory No. 9 or tell Verizon that it does not intend to rely on any further discovery not set forth in its response.

### B. Huawei Cannot Delay Disclosing Its Infringement Theories Until Expert Discovery.

To the extent Huawei plans to incorporate third-party discovery documents and source code in its infringement theories on the eve of expert discovery or during expert discovery, Huawei must disclose the full extent of these infringement contentions in its supplemental response to Interrogatory No. 9 in advance of expert discovery. It is well-settled law that Huawei cannot delay disclosing its infringement theories, including the facts supporting them, until expert discovery. *See Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 13-cv-17, 2013 WL 5763738, at *2 (E.D. Tex. Aug. 5, 2013) (ordering defendants to "serve supplemental responses to Plaintiff's non-infringement contention interrogatories," despite defendant's objection that "Plaintiff is attempting to prematurely compel expert discovery"); *Balsam Coffee Solutions, Inc. v. Folgers Coffee Co.*, No. 09-cv-89, 2009 WL 4906860, at *2, *4 (E.D. Tex. Dec. 9, 2009) (granting motion to compel supplemental response to interrogatory that asked plaintiff to "identify all evidence and documents supporting [Plaintiff's] infringement contentions," and rejecting plaintiff's argument that the interrogatory was a "premature contention interrogatory and prematurely called for information

██████████████████████████████████████████████

that is the subject of expert testimony"); *Rockstar Consortium US LP, et al. v. Google, Inc.*, No. 2:13-cv-00893-JRG-RSP, Dtk. 206 at 3 (E.D. Tex. Oct. 16, 2004) (same).

Just as in *Keranos*, *Balsam,* and *Rockstar*, it would be improper here for Huawei to wait until expert discovery to disclose the full and complete bases for its infringement contentions, including how the third-party products in Verizon's network satisfy each limitation of the asserted claims. These third parties have provided ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Thus, there is no reason why Huawei cannot provide a complete answer to Verizon's Interrogatory No. 9 based on discovery it has received thus far, and Huawei should not wait until expert discovery to do so.[1]

To the extent Huawei refuses to supplement its response to Interrogatory No. 9, Huawei should confirm that it will not rely on third-party discovery or information not set forth in response to Interrogatory No. 9. Such assurances from Huawei are necessary to ensure that Verizon has a full and complete understanding of Huawei's infringement theories, which Verizon has been requesting without success over the past two months.

## V.     CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court order Huawei to either (1) provide a complete response to Interrogatory No. 9 within 3 days of this Court's order, or (2) confirm that Huawei will not rely on additional documents and source code not cited in Huawei's response to Interrogatory No. 9 to show infringement in this case.

---

[1] During the lead and local meet and confer, Huawei stated that it needed depositions before it could supplement. However, ██████████████████████████████████████████████ and has not supplemented this Interrogatory with that information. The Rules require that parties supplement as discovery progresses—not just at the very end before expert discovery. Huawei has been sitting on these contentions now and must disclose these contentions before expert discovery begins.

███████████████████████████████████

Dated:  February 2, 2021               Respectfully submitted,

                                       By: */s/ Charles Verhoeven*
                                           *(by E. Glenn Thames, Jr., with permission)*
                                           Patrick Curran
                                           patrickcurran@quinnemanuel.com
                                           QUINN EMANUEL URQUHART & SULLIVAN
                                           111 Huntington Ave, Suite 520
                                           Boston, Massachusetts 02199
                                           Telephone: 617-712-7100
                                           Fax: 617-712-7200

                                           Charles Verhoeven
                                           charlesverhoeven@quinnemanuel.com
                                           Brian Mack
                                           brianmack@quinnemanuel.com
                                           QUINN EMANUEL URQUHART & SULLIVAN
                                           50 California Street, 22nd Floor
                                           San Francisco, California  94111-4788
                                           Telephone: 415-875-6600
                                           Fax: 415-875-6700

                                           Deepa Acharya
                                           deepaacharya@quinnemanuel.com
                                           QUINN EMANUEL URQUHART & SULLIVAN
                                           1300 I Street NW, Suite 900
                                           Washington, D.C.  20005
                                           Telephone: 202-538-8000
                                           Fax: 202-538-8100

                                           Deron R. Dacus
                                           State Bar No. 00790553
                                           The Dacus Firm, P.C.
                                           821 ESE Loop 323, Suite 430
                                           Tyler, TX 75701
                                           Phone: (903) 705-1117
                                           Fax: (903) 581-2543
                                           ddacus@dacusfirm.com

          E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Verizon Business Network Services, Inc., Cellco Partnership D/B/A Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, Verizon Services Corp., and Verizon Patent and Licensing Inc.*

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a lead-local meet-and-confer regarding this Motion prior to filing and that the motion is opposed. Specifically, on February 1, 2021, counsel for Verizon, including Charles Verhoeven, Deron Dacus, and Glenn Thames, participated in a telephonic conference with counsel for Huawei, including Jason Cassady and Greg Love, regarding the issues raised herein but were unable to reach a resolution because Huawei would not agree to any of the relief Verizon requested. Thus, discussion conclusively ended in an impasse, leaving an open issue for the court to resolve.

          */s/ Charles Verhoeven*
Charles Verhoeven

          */s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on February 2, 2021, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

                                                    */s/ E. Glenn Thames, Jr.*
                                                    E. Glenn Thames, Jr.

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on June 18, 2020.

                                                    */s/ E. Glenn Thames, Jr.*
                                                    E. Glenn Thames, Jr.