# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:20-CV-00030-JRG |
| VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP. | § § § § § § § § § § § | |
| Defendants. | § § § | |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC. | § § § § § § § § | |
| Counterclaim-Plaintiffs, | § § | |
| v. | § § | |
| HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC. | § § § § | |
| Counterclaim-Defendants. | § § | |

## **ORDER**

Before the Court are Verizon's Motion to Compel Huawei's Response to Interrogatory No. 9 (Dkt. No. 182), Verizon's Motion to Compel Huawei's Production of Documents (Dkt. No.

183), Verizon's Motion to Compel Deposition of Huawei Witness Under Rule 30(b)(1) and Rule 30(b)(6) (Dkt. No. 184), Verizon's Motion to Compel Additional Email Custodian on Issues Relating to '253 Patent and Deposition of Huawei Witness (Dkt. No. 185), Huawei's Motion to Compel Discovery Regarding Cellular Use of the Accused G.709 Functionalities (Dkt. No. 186), Verizon's Motion to Compel Huawei's Production of Documents and Testimony Withheld as Privileged (Dkt. No. 187), Huawei's Motion to Clarify Court's December 21, 2020 Order (Dkt. No. 188), Huawei's Motion for a Protective Order Partially Quashing or Limiting Rule 30(b)(6) Deposition (Dkt. No. 189), and Huawei's Motion for a Protective Order Quashing Rule 30(b)(1) Deposition (Dkt. No. 190) (collectively, the "Motions"). The Court heard oral argument on the Motions on February 5, 2021. This Order summarizes and memorializes the Court's rulings and the reasons therefor as announced from the bench into the record, including additional instructions that were given to the parties. This Order in no way limits or constrains the Court's rulings as announced from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. Huawei's Motion to Clarify Court's December 21, 2020 Order (Dkt. No. 188), Huawei's Motion for a Protective Order Partially Quashing or Limiting Rule 30(b)(6) Deposition (Dkt. No. 189), and Huawei's Motion for a Protective Order Quashing Rule 30(b)(1) Deposition (Dkt. No. 190) are **DENIED**. To the extent that Verizon's Motion to Compel Deposition of Huawei Witness Under Rule 30(b)(1) and Rule 30(b)(6) (Dkt. No. 184) sought to compel corresponding witness testimony Huawei sought protection from, it is **GRANTED**.

2. On the record, the parties indicated that Verizon's Motion to Compel Huawei's Response to Interrogatory No. 9 (Dkt. No. 182), Verizon's Motion to Compel Additional Email Custodian on Issues Relating to '253 Patent and Deposition of Huawei Witness (Dkt. No.

185), Huawei's Motion to Compel Discovery Regarding Cellular Use of the Accused G.709 Functionalities (Dkt. No. 186), and Verizon's Motion to Compel Huawei's Production of Documents and Testimony Withheld as Privileged (Dkt. No. 187) had been resolved by agreement. Accordingly, such motions are **DENIED AS MOOT**.

3. Additionally, the parties are **ORDERED** to indicate by joint notice filed herein the status of Verizon's Motion to Compel Huawei's Production of Documents (Dkt. No. 183) by or before **12:00 p.m. CT on Friday, February 12, 2021**.

**So ORDERED and SIGNED this 8th day of February, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE