# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, AND VERIZON SERVICES CORP. <br><br> Defendants. | Civil Action No. 2:20-cv-00030-JRG |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC. <br><br> Counterclaim-Defendants. | |

**VERIZON'S MOTION TO COMPEL DEPOSITION OF HUAWEI WITNESSES UNDER RULE 30(B)(1) AND RULE 30(B)(6)**

**I.     PRELIMINARY STATEMENT**

At the close of fact discovery, Plaintiff Huawei still has not provided witnesses in response to multiple Rule 30(b)(1) deposition notices and several Rule 30(b)(6) deposition topics. For many of these, Huawei did not timely object or refuse to provide the witnesses. It simply never responded to Verizon's notices and did not move for a protective order, seemingly attempting to run out the clock on providing relevant discovery. In other cases, Huawei did not articulate a valid basis for refusing to provide the requested witnesses. There is no justification for Huawei's refusal to provide this relevant discovery, and this Court should order Huawei to produce the requested witnesses within 10 days after an order from this Court and allow Verizon to supplement its expert reports in light of that late deposition testimony.

**II.    STATEMENT OF RELEVANT FACTS**

    **A.     Huawei Fails to Designate Deponents in Response to Verizon's Rule 30(b)(1) Notices**

        1.     Huawei Fails to Provide a Witness Involved In Crafting The "Battle On The Legal Front" Memo

Verizon served a Rule 30(b)(1) Notice of Deposition on Huawei to take oral depositions of the Huawei individual(s) involved in drafting, researching, and analysis for Huawei's October 2019 14-page memo detailing Huawei's "battle on the legal front," as reported by the Wall Street Journal on June 6, 2020, in "Huawei Founder Ren Zhengfei Takes Off the Gloves in Fight Against U.S."[1]  (Dkt. 47-4). Verizon identified that, at a minimum, those individuals should include Catherine Chen, the author of the 14-page memo. Huawei has not identified the Huawei employees involved or made any witnesses available for deposition in response to this notice.

---

[1]   Huawei also has not produced this memo, even though the Court ordered it to do so. (Dkt. 146.)

2. Huawei Withholds Deposition Access To Huawei Corporate Representatives Who Will Testify At Trial

Verizon also served a Rule 30(b)(1) Notice of Deposition on Huawei to take oral depositions of the Huawei corporate representative(s) who will give live testimony at trial, including the Huawei corporate representative who will sit at the counsel table on Huawei's behalf. Huawei has not confirmed in writing that its corporate representative is a witness that has already been deposed or confirmed in writing that if Huawei designates a corporate representative later, it will make that individual available for deposition.

B. **Huawei Fails to Provide Witnesses in Response to Verizon's Rule 30(b)(6) Deposition Topics**

1. Huawei Did Not Designate Witnesses For Topics 27-31 and 84-86

Verizon's Rule 30(b)(6) deposition notice included Topics 27-31 and 84-86. Topics 27-31 relate to Huawei's marketing and sales in the United States. Topics 84-86 refer to the Huawei products that Verizon accuses of infringement ("Huawei Accused Products"): the marketing, manufacture, and sales; customer feedback; and drivers of demand for the Huawei Accused Products. This information is relevant to, at least, Verizon's claim for damages as a result of Huawei's patent infringement. Huawei never refused to provide a witness or witnesses in response to these Topics. Indeed, it appears that Huawei intended to provide a witness—identifying the witness as "TBD" in the parties' correspondence regarding deposition scheduling—but simply did not make a witness available before the fact discovery deadline. At a February 1 meet and confer, counsel for Huawei stated that it meant to provide a witness, but blamed Verizon for not reminding Huawei to do so. Nor has Huawei confirmed in writing that it will provide a witness on these Topics after the close of discovery, or provide a date certain by which it will do so. Huawei's counsel at the meet and confer just said he is working on it, but did not provide any specifics as to who will be identified or when the deposition will take place.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2. <u>Huawei Did Not Designate Witnesses For Topics 108-110 Even After It Lost A Motion To Compel On The Same Issues</u>

Verizon's Rule 30(b)(6) deposition notice also included Topics 108-110. Topic 108 relates to Huawei's use and misuse of confidential information from competitors, including a bonus program for employees who obtain such information about Huawei's competitors. Topic 109 relates to Huawei's use of confidential information from third parties, including Huawei's misappropriation of trade secrets and proprietary technology as described in a criminal indictment in the Eastern District of New York. Topic 110 relates to Huawei's strategy vis-à-vis U.S. companies, including the role of lawsuits in its strategy and reports of Huawei's strategy published in the Wall Street Journal. Huawei previously refused to produce documents relating to this same subject matter, forcing Verizon to file a motion to compel, which the Court granted. Dkt. 53, Dkt. 146 at 3. In granting the motion, the Court specifically stated that the "information at issue may be discoverable." For the same reasons the Court granted that motion, Verizon should have a deponent to testify on those documents. Huawei has yet to produce all those Court-ordered documents and has yet to designate a witness on Topics 108-110.

3. <u>Huawei's Designees For Topic 46 And 92 Were Unprepared</u>

Verizon's notice of Rule 30(b)(6) deposition included Topic 92, which relates to support, maintenance, and professional services offered to U.S. customers. Huawei only designated a witness from ▬▬▬▬▬▬▬▬▬▬▬▬, on this topic. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Verizon's notice of Rule 30(b)(6) deposition also included topics relating to Verizon's offensive patents. Topic 46 related to the information provided by Huawei in response to Verizon's

███████████████████████████████████

interrogatories. ███████████ was designated on almost all offensive topics, including Topic 46 with respect to Huawei's response to Interrogatory No. 15 relating to non-infringement.

█████ was unprepared to answer many questions about Huawei's IEEE 1588v2 / PTP license control for the Accused Products, ████████████████████████████

████████████████████████████████████

████████████████████ Ex. B. ████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████

4.      Futurewei Testing and Product Demonstrations in the U.S.

On December 21, 2020, this Court denied Verizon's Motion to Compel Futurewei Discovery (Dkt. No. 115) as moot and without prejudice. Dkt. No. 146 at 3. According to the parties' agreement on the record, Huawei was to provide a Rule 30(b)(6) witness to address the missing discovery Verizon sought from Futurewei. *Id.* ████████████████████

████████████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████



On January 29, 2021, after repeated emails and a meet and confer with Huawei about additional discovery from Futurewei and Huawei Technologies USA██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Huawei's January 29 production was made after the deposition of ██████████ and provides more questions than answers, requiring additional Rule 30(b)(6) depositions[2] from both Futurewei and Huawei Technologies USA.

## II.    ARGUMENT

### A.    Huawei Violated Its Discovery Obligations By Failing To Make Witnesses Available for Deposition.

#### 1.    Rule 30(b)(1) Requires Huawei Make Deponents Available To Depose.

Rule 30(b)(1) requires Huawei to make deponents available for deposition upon Verizon's Deposition Notice. Under Rule 30(b)(1), specific corporate officer(s) or director(s) "may be compelled to give testimony pursuant to a notice of deposition." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2015 WL 11570979, at *1 (W.D. Tex. Jan. 9, 2015) (granting Rule 30(b)(1) motion to compel). But Huawei has not responded to Verizon's Notice of Deposition of Huawei's Corporate Representative(s) or Verizon's Notice of Deposition of Huawei Individual(s) Involved In Huawei's 14-Page Memo Detailing Huawei's "Battle On The Legal Front." With respect to the

---

[2] Immediately following ██████████ deposition, Verizon asked for the Rule 30(b)(1) depositions of ██████████████████████, the Futurewei lab managers identified by ██████████ as having more information about the operation of those labs.  Huawei has refused to provide those witnesses for deposition.

Notice of Deposition of Huawei's Corporate Representative(s), Huawei served a similar notice on Verizon, and Verizon provided Huawei with a witness in response to the Notice. With respect to the Notice of Deposition of Huawei Individual(s) Involved In Huawei's 14-Page Memo Detailing Huawei's "Battle On The Legal Front," this Court already found that this memo was discoverable, and therefore, for the same reasons that the document is discoverable, a deponent(s) to testify on this memo is also discoverable. (Dkt. 146.)

### 2. Verizon Is Entitled to a Witness for Topics 84-86 and 108-110

Rule 30(b)(6) also requires Huawei to make deponents available for deposition upon Verizon's Rule 30(b)(6) Deposition Notice. *Dallas Fallen Officer Found. v. Frazier*, No. 4:18-CV-00481, 2019 WL 4256958, at *6 (E.D. Tex. Sept. 9, 2019). Huawei, however, has not made its witnesses available to testify in response to Topics 84-86, 27-31, and 108-110. Huawei did not seek a protective order on these topics. Instead, Huawei indicated it would provide a witness for topics 27-31 but failed to do so. (Ex. E). Further, Topics 108-110 relate to the documents at issue in Verizon's motion to compel, which this Court granted and held was discoverable information (Dkt. 146 at 3). Huawei's unwarranted delay or refusal to make its witnesses available for deposition on these topics prejudices Verizon's ability to properly prepare for expert discovery.

### 3. Huawei Also Breached Its Rule 30(B)(6) Obligations By Not Preparing Its Deponents Or Substituting Appropriate Deponents On Topics 46 And 92

"Simply designating" a corporate officer under Rule 30(b)(6) "is not sufficient." *Dallas Fallen Officer Found.*, No. 4:18-CV-00481, 2019 WL 4256958, at *6. Rule 30(b)(6) requires that the designating party "prepare those persons [it designates under Rule 30(b)(6)] . . . [to] answer ***fully***, ***completely***, ***unevasively***, the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Huawei's duty to prepare designees extends to "reasonably available . . . documents, past employees, or other sources."

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*Dallas Fallen Officer Found.*, No. 4:18-CV-00481, 2019 WL 4256958, at *6. Huawei also has a "duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry." *Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998); *Brazos River Auth.*, 469 F.3d at 433.

Huawei's designee for Topic 92 should be substituted. Huawei's designee, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, was fundamentally unable to respond to the relevant area of inquiry: Huawei's maintenance and professional services *in the United States*. From the transcript, it is apparent that ▓▓▓▓▓ was unable to respond to basic questions in this area of inquiry. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The deposition makes apparent that Huawei is unable to sufficiently prepare ▓▓▓ to testify on these topics.

Huawei's designee for Topic 46 should either be substituted or prepared and made available for an additional deposition. ▓▓▓▓▓▓▓▓ was unprepared to answer many questions about Huawei's IEEE 1588v2 / PTP license control for the Accused Products, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

### III. CONCLUSION

For the foregoing reasons, Verizon respectfully requests the Court compel Huawei to do the following within 10 days of this Court's order: (1) provide deponents in response to Verizon's Rule 30(b)(1) Notice of Deposition of Huawei's Corporate Representative(s) and Verizon's Rule 30(b)(1) Notice of Deposition of Huawei Individual(s) Involved In Huawei's 14-Page Memo Detailing Huawei's "Battle On The Legal Front"; (2) provide deponents for Verizon's Rule 30(b)(6) Notice on Topics 27-31, 46, 84-86, 92, and 108-110.

██████████████████████████████████████

Dated:  February 2, 2021                    Respectfully submitted,

                                            By: */s/ Charles Verhoeven*
                                                *(by E. Glenn Thames, Jr., with permission)*
                                                Patrick Curran
                                                patrickcurran@quinnemanuel.com
                                                QUINN EMANUEL URQUHART & SULLIVAN
                                                111 Huntington Ave, Suite 520
                                                Boston, Massachusetts 02199
                                                Telephone: 617-712-7100
                                                Fax: 617-712-7200

                                                Charles Verhoeven
                                                charlesverhoeven@quinnemanuel.com
                                                Brian Mack
                                                brianmack@quinnemanuel.com
                                                QUINN EMANUEL URQUHART & SULLIVAN
                                                50 California Street, 22nd Floor
                                                San Francisco, California  94111-4788
                                                Telephone: 415-875-6600
                                                Fax: 415-875-6700

                                                Deepa Acharya
                                                deepaacharya@quinnemanuel.com
                                                QUINN EMANUEL URQUHART & SULLIVAN
                                                1300 I Street NW, Suite 900
                                                Washington, D.C.  20005
                                                Telephone: 202-538-8000
                                                Fax: 202-538-8100

                                                Deron R. Dacus
                                                State Bar No. 00790553
                                                The Dacus Firm, P.C.
                                                821 ESE Loop 323, Suite 430
                                                Tyler, TX 75701
                                                Phone: (903) 705-1117
                                                Fax: (903) 581-2543
                                                ddacus@dacusfirm.com

███████████████████████████████████

                                            E. Glenn Thames, Jr.
                                            Texas Bar No. 00785097
                                            glennthames@potterminton.com
                                            POTTER MINTON
                                            A PROFESSIONAL CORPORATION
                                            110 N. College Ave., Suite 500
                                            Tyler, Texas 75702
                                            Tel: (903) 597-8311
                                            Fax: (903) 593-0846

                                            *Attorneys for Verizon Business Network*
                                            *Services, Inc., Cellco Partnership D/B/A*
                                            *Verizon Wireless, Verizon Data Services LLC,*
                                            *Verizon Business Global LLC, Verizon Services*
                                            *Corp., and Verizon Patent and Licensing Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a lead-local meet-and-confer regarding this Motion prior to filing and that the motion is opposed. Specifically, on February 1, 2021, counsel for Verizon, including Charles Verhoeven, Deron Dacus, and Glenn Thames, participated in a telephonic conference with counsel for Huawei, including Jason Cassady and Greg Love, regarding the issues raised herein but were unable to reach a resolution because Huawei would not agree to any of the relief Verizon requested. Thus, discussion conclusively ended in an impasse, leaving an open issue for the court to resolve.

                                            */s/ Charles Verhoeven*
                                            Charles Verhoeven

                                            */s/ E. Glenn Thames, Jr.*
                                            E. Glenn Thames, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on February 2, 2021, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on June 18, 2020.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.