# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, AND VERIZON SERVICES CORP. <br><br> Defendants. | C.A. 2:20-cv-00030 |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC. <br><br> Counterclaim-Defendants. | |

**VERIZON'S RESPONSE IN OPPOSITION TO HUAWEI'S MOTION TO "CLARIFY" THE COURT'S DECEMBER 21, 2020 ORDER (DKT. 188)**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I. **PRELIMINARY STATEMENT**

Verizon files this response opposition to Huawei's Motion to Clarify the Court's December 21, 2020 Order (Dkt. 188).  Huawei's request is closely related to two other motions filed at the same time, addressing many of the same issues – specifically, Huawei's Motion for a Protective Order Quashing Verizon's Rule 30(b)(1) Deposition Notice (Dkt. 190), and Huawei's Motion for a Protective Order Partially Quashing or Limiting Rule 30(b)(6) Deposition (Dkt. 189).  Each motion seeks to block discovery on issues the Court *already* determined were discoverable, and where the Court *already* ordered Huawei to produce documents.  (Dkts. 53, 146.)  Huawei did not make that Court-ordered production and did not provide witnesses to testify on these documents.  Instead, minutes before the close of fact discovery, Huawei asked the Court for the first time to undo its prior orders and let Huawei withhold discoverable information because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Providing this discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  This is a remarkable claim:  Huawei says the memo at issue is irrelevant (Dkt. 190 at 1), yet also claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Huawei's complaints are as late as they are incredible.  The relevance of these materials has already been decided by the Court, based on motions and oral argument in September and December.  At no point in that process did Huawei raise these concerns.  For the Rule 30(b)(1) testimony Huawei seeks to quash, it never even served objections about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ to a deposition on this topic.  The objections and responses Huawei *did* raise (Ex. A) to the Rule 30(b)(6) depositions at issue likewise never included the arguments Huawei now raises in its motion.  Huawei's new arguments come too late and have been waived.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████

███████████████████████████████████ – long before this Court granted Verizon's motion to compel (Dkt. 146).  If Huawei wanted to raise these issues, Huawei could and should have raised these issues months ago.  Instead, Huawei waited until less than one hour remained in the fact discovery period, long after the Court had already heard argument on and ruled on Verizon's previous motion.  This was a clear waiver.  The issues raised in Huawei's motions all come too late.

Even if not waived, Huawei's motions should be denied.  International comity does not require this Court to grant Huawei's request to block discovery.  Huawei decided to avail itself of the U.S. court system and bring this suit in the United States.  Having made that decision, Huawei must now honor its discovery obligations under U.S. law.  Huawei cannot have it both ways:  it cannot take advantage of the United States legal system when convenient, and ██████████ ██████████ when U.S. obligations are inconvenient.

Verizon respectfully requests that this Court deny Huawei's request for "clarification" (in reality, reconsideration) of the December 21, 2020 Order.  For the reasons set out herein, and as Verizon will note in separate oppositions on those Motions, Verizon further respectfully requests that the Court deny Huawei's motions for protective orders regarding Verizon's Rule 30(b)(1) deposition notice and Rule 30(b)(6) deposition topics.

## II.     BACKGROUND

### A.     Verizon Sought Production of Relevant Documents, and the Court Granted Verizon's Request.

Public information confirms Huawei employs intellectual property theft as a business strategy, incentivizing employees to misappropriate the intellectual property of other companies and claim that intellectual property as Huawei's own.  (Dkt. 53 at 3.)  Public reports also indicate Huawei formed a plan to employ litigation as a component of a "counterattack" against the United

██████████████████████████████████████

States. (*Id*.) On June 18, 2020, Verizon identified categories of documents it believes are relevant to claims and defenses in this case, including documents relating to Huawei's business practices and strategy to steal other parties' intellectual property. (*Id.* at 4.) Among the documents requested was a 14-page Huawei memo from October 2019—only four months before Huawei filed this lawsuit—that purportedly laid out Huawei's "plan for fighting back: engage foreign media, *battle on the legal front* and invest in technology." (*Id.*, at 3 (referring to description of the memo in the Wall Street Journal).)

Huawei refused to produce the requested documents. (Dkt. 53 at 4.) Verizon filed a motion to compel (Dkt. 53), and Huawei opposed on September 11. (Dkt. 55.) In opposing Verizon's motion for production of these documents, Huawei did *not* object that ████████████████ ████████████████████████. (*Id.*) This issue was similarly not raised at the December 18, 2020 hearing. (Dkts. 141-43.) On December 21, this Court ordered Huawei to produce the requested documents by the close of fact discovery. (Dkt. 146, ¶ 2.)

**B.** ████████████████████████████████████████
████████████████████████

████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

      **C.**     **Verizon Seeks 30(b)(6) Testimony on the Same Subject Matter as the Court-Ordered Documents.**

On October 8, 2020, Verizon served a Rule 30(b)(6) deposition notice on Huawei. Among the noticed topics were topics directed at the same subject matter as the document requests at issue in Verizon's motion to compel, which the Court granted: Topics 108, 109, and 110. (*See* Dkt. 189, at 2 (quoting topics)). Huawei objected to Topics 108-110 on December 7, 2020, asserting a variety of objections, *none* of which referenced ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. (Ex. A.) After the Court issued its December 21, 2020 Order, Verizon asked Huawei when it would provide a witness or witnesses to testify on these Topics. (1/17/21 P. Curran Letter.) Huawei did not respond for almost a month, said nothing ■■■■■■■■■■, and instead moved for a protective order on the last day of discovery.

      **D.**     **Verizon Seeks Rule 30(b)(1) Testimony From the Crafter(s) of Huawei's 14-Page Memo.**

On January 25, 2021, Verizon served a Rule 30(b)(1) deposition notice for the "individual(s) involved in drafting, researching, and the analysis set forth in Huawei's October 2019 14-page memo detailing Huawei's 'battle on the legal front' as reported by the Wall Street Journal on June 6, 2020." The notice indicated those individuals should include, but are not limited to, Catherine Chen, the Huawei employee who (according to news reports) was the author of the memo Huawei had been ordered to produce. Huawei now seeks a protective order to prohibit deposition testimony on this 14-page memo, even though the Court already ruled that this memo was discoverable. (Dkt. 190.)

**III.**    **ARGUMENT**

      **A.**     **Huawei Waived its Objections to Producing the Discovery at Issue.**

This Court should deny Huawei's motions because Huawei waived its argument that ■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ "As a general rule,



when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)). To properly state an objection to a discovery request in a motion for protective order: there must have been a previously-made, timely objection to the discovery request; that objection must be specific and not general or boilerplate; and the motion for protective order must include that same timely, specific objection. *Akins. V. Riddell, Inc.*, 2020 WL 6797023 at *7 (E.D. Tex. Sept. 29, 2020).

Huawei did not assert its objection █████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████ until late-January 2021—long after Huawei's time to object. Huawei's Motion suggests that this objection is based on new information—████████████████████

████████████████████████ But that is not new information. This has been public and knowable to Huawei since at least August 4, 2020 ████████████—before Huawei opposed Verizon's motion to compel the production of documents, before the Court's hearing on that motion, and before Huawei objected to Verizon's 30(b)(6) notice. Huawei cannot now—at the very end of fact discovery—assert a new objection to relevant discovery that it knew or should have known about for months. *Mills v. Billington,* No. CV 04-2205 (HHK)(AK), 2008 WL 11388757, at *2 (D.D.C. July 28, 2008) (interposing new objections in amended interrogatory responses constitutes waiver due to failure to timely raise them); *Endsley v. Travelers Prop. Cas. Ins. Co.*, No. 1:14-CV-00346-LJO-GS, 2015 WL 2380657, at *3 (E.D. Cal. May 18, 2015) (failure to assert privilege in initial responses was waiver); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992) (bad faith where party "fought disclosure for

several months before raising the foreign law problem" under Chinese law).  Huawei waived this objection by not raising it in a timely fashion.  It cannot now, when discovery has already closed, argue for the first time that Court-ordered discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

### B. Huawei's "Battle on the Legal Front" Memo, Rule 30(b)(1) Deposition on the Memo, and Rule 30(b)(6) Testimony on Documents Ordered Produced Are Relevant And Discoverable

The Court already determined that the discovery Verizon seeks is relevant and discoverable. (Dkt. 143.)  Huawei, as "[t]he party resisting discovery[,] bears the burden to clarify and explain its objections and to provide support for those objections." *Fed. Trade Comm'n v. Liberty Supply Co.*, No. 4:15-CV-829, 2016 WL 4272706, at *4 (E.D. Tex. Aug. 15, 2016).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The discovery rules are given broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 83 (E.D. Tex. 2019) (citing *Herbert v. Lando*, 441 U.S. 153, 176 (1979)); *see also* Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery of "any" nonprivileged relevant matter).  In particular, relevancy "is broadly construed." *Id.* at 83 (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).  A discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.*  Huawei fails to meet its burden to resist this discovery on relevance grounds.[1]

---

[1] Huawei also summarily asserts undue burden (Rule 30(b)(6) Mot. at 5, Rule 30(b)(1) Mot. at 3), but it makes no attempt to meet its evidentiary burden for this claim. *Fed. Trade Comm'n v. Liberty Supply Co.*, No. 4:15-CV-829, 2016 WL 4272706, at *4 (E.D. Tex. Aug. 15, 2016) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

### 1. Huawei's "Battle on the Legal Front" Memo Is Relevant.

This Court previously ruled that Huawei's "battle on the legal front" memo is discoverable and ordered that it be produced. (Dkt. 146.) Despite this Court's clear order, Huawei did not produce the memo – and now seeks to reargue the issue and ignore the Court's order, claiming that the "memorandum . . . has no relevance to the allegations in this case" despite the Court's holding to the contrary. (Dkt. 190 at 1). Incredibly, Huawei tells this Court and Verizon that there is no need to produce this memo because it is "irrelevant," and in the same breath, Huawei argues that the memo ███████████████████████████████████████████████████ ███████████████████████████████████ (Dkt. 188 at 1). It is hard to comprehend how this document ███████████████████████████████████████████████████ ███████████████████████████ but that there is no chance that the memo includes any information that is relevant to any issues in this case.

As Verizon previously argued when it successfully moved to compel production of this memo and other documents, Verizon's request seeks information that is relevant to multiple claims, counterclaims, and defenses in this litigation. Those include whether Huawei had a practice of taking others' ideas and patenting them—an issue relevant to inventorship, Verizon's unclean hands defense, Verizon's patent infringement claims, Verizon's unfair competition claims under Texas law, and whether Huawei engaged in licensing negotiations in good faith, or as part of Huawei's self-described "war" that it apparently stated it would fight, among other places, on the "legal front."[2]

---

[2] As Verizon explained in its Motion to Compel Documents (Dkt. 53), Verizon has evidence that suggests this was done with respect to patents asserted in this case. Verizon obtained additional evidence in discovery that supports that argument.

███████████████████████████████████████████

### 2.      Testimony From the Creator(s) of The Memo is Relevant

Verizon's Rule 30(b)(1) deposition notice to the crafter(s) of Huawei's "battle on the legal front" memo also seeks relevant information, as it seeks testimony on the very documents this court already ordered be produced.  Huawei insists that this deposition (*id.* at 2) will not lead to relevant evidence.  But the creator or creators of the memo are best positioned to explain the memo, and are likely to have committed only a subset of their discoverable knowledge to the memo itself.  They will know why the memo was drafted, its purpose, and the specifics of the content of the memo.  The noticed depositions, directed to discoverable documentary evidence, are likely to lead to discovery that is relevant to Verizon's claims, counterclaims, and defenses.

### 3.      Verizon's 30(b)(6) Topics Seek Relevant Testimony

Huawei's Motion for Protective Order (Dkt. 189) also seeks to block Verizon from taking 30(b)(6) testimony on Topics 108-110—which are broader in scope than the "battle on the legal front" memo and cover all documents this Court ordered produced.  In fact, Huawei produced some of those Court-ordered documents ███████████████████████████████.  Verizon's deposition topics seek testimony regarding Huawei's bonus program for employees who obtained competitive information, and Huawei's CEO's speeches about the role of lawsuits and intellectual property in its strategy to out-compete U.S. competitors, (Dkt. 189 at 1-2).  These topics overlap in subject matter with the relevant documents the Court ordered Huawei to produce in the December 21, 2020 Order.  (Dkt. 146.)  Huawei's bonus program for employees who obtained confidential information is also relevant to Verizon's patent invalidity allegations.  For example, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Dkt. 53 at 1.)

Huawei claims that a deposition on the same subject as documents it produced is cumulative. But this position is contrary to law. *Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-01554-JRG-RSP, 2017 WL 2452740, at *3 (E.D. Tex. June 6, 2017) (Payne, M.J.) (granting motion to compel and rejecting argument that party's "30(b)(6) topics are cumulative of . . . and better addressed through other types of discovery"). "Corporate designees are commonly produced [although] some of their testimony may be a re-hash of what's been covered elsewhere." *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-cv-16, 2009 U.S. Dist. LEXIS 111768, at *11 (E.D. Wis. Sept. 2, 2009). "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored" over relying only on written discovery. *Marker v. Union Fid. Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)); *see also* Dkt. 186 at 7 (Huawei has requested the very kind of Rule 30(b)(6) relief it here asserts would be cumulative).

Huawei also argues that the requested testimony would only reveal character evidence on "bad acts." But this is the same argument Huawei already raised on the underlying document (Dkt. 55 at 5) – arguments the Court already rejected. (Dkt. 146.) And as Huawei itself concedes (Dkt. 188 at 5), whether the discovery will reveal "bad acts" is beside the point. The standard is whether the discovery may lead to relevant information. (*Id.* at 5 (citing *In re DePuy Orthopaedics, Inc.*, 888 F. 3d at 784-85 and *Munfrey v. CVS Pharmacy, Inc.*, No. 1:10-cv-124-TH, 2011 WL 13196326, at *3) (E.D. Tex. June 27, 2011)); *see also Webb v. Hyman*, 861 F. Supp. 1094, 1110-12 (D.D.C. 1994) (prior bad acts relevant and admissible under Rule 404(b) to show motive or intent). In any event, as discussed above, the discovery does seek relevant information. Huawei's purported concerns regarding the admissibility of deposition testimony are no basis to claim this deposition testimony is not discoverable, and the sole question is *discoverability*, not *admissibility*. (*See* Dkt. 53 6, n. 1 (citing cases)). Huawei is free to press its evidentiary objections at trial and



pretrial. These are the same arguments Huawei made in response to Verizon's earlier motion to compel and which this Court already rejected. Those objections have no bearing on whether the requested information is discoverable.

### C. Huawei's Appeal To International Comity Is Unfounded

Huawei contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In its Motion, Huawei indicates that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 188, at 6.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Even if Huawei had not waived this argument, Huawei cannot use international comity to evade discovery. Comity does not apply because: (1) there is no conflict between this discovery and the International Criminal Judicial Assistance Law, (2) comity cannot be used as a sword against the Executive Branch, and (3) comity considerations do not support applying it here.

#### 1. Discovery In This Case Does Not Conflict With The ICJAL.

Huawei has not established a conflict between this American discovery and Chinese law. Comity comes into play only where a "true conflict between domestic and foreign law exists." *Canales Martinez v. Dow Chem. Co.*, 219 F. Supp. 2d 719, 731 (E.D. La. 2002). The ICJAL essentially "prevents those within China from providing assistance in *criminal proceedings* outside the jurisdiction" without prior approval from the Chinese government. Kyle Womboldt & Jeremy Birch, *The Long Arm of Law Enforcement*, 2021 Asia-Pacific Investigations Rev. 27, 30 (2021) (emphasis added).

The idea ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is fanciful: "Chinese authorities have clarified that only the disclosure of evidence that is *directly in connection with foreign criminal proceedings* should follow the ICJAL." Womboldt & Birch, *supra*, at 30 (emphasis added). The only U.S. court to consider the argument that compliance with a U.S. proceeding would result in ICJAL sanctions also rejected it as "pure speculation." *In re Grand Jury Investigation of Possible Violations of 18 U.S.C. § 1956 & 50 U.S.C. § 1705*, 381 F. Supp. 3d 37, 76 (D.D.C. 2019) (rejecting ICJAL arguments and compelling Chinese banks to comply with grand jury subpoenas), *aff'd sub nom. In re Sealed Case*, 932 F.3d 915 (D.C. Cir. 2019).³ This is *not* a foreign *criminal* proceeding, so Huawei is free to designate witnesses to testify about Topics 108-110, make the crafter(s) of the 14-page "battle on the legal front" memo available for deposition, and produce the memo to comply with this Court's December 21, 2020 Order.⁴ Huawei cannot hide behind the ICJAL to refuse to produce and make available discoverable information.

    2.  Huawei Cannot Use Comity Against The United States Executive Branch.

Huawei's argument—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—ultimately attempts to use comity not against Verizon, but against the United States Executive Branch. This effort runs abruptly into the logic and precedent of comity.⁵ A core interest behind international comity is to prevent courts'

---

³ *See also* Womboldt & Birch, *supra*, at 31 (there is "no case[]" in which China has ever enforced an ICJAL pre-approval requirement).

⁴ Verizon notes that Supreme Court precedent would still provide for a possible negative inference against Huawei, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212-213 (1958) (entity withholding documents under foreign law is "not to . . . profit" from nondisclosure and may "justif[y] . . . drawing inferences unfavorable to" the withholder).

⁵ Huawei's authority (Dkt. 188 at 8) on this point, *S.E.C. v. Stanford Int'l Bank,* invoked comity against a non-governmental court-appointed receiver rather than the U.S. Executive. 776 F. Supp.

███████████████████████████████████

accidental intrusion on delicate geopolitical decisions, instead "relegating . . . sensitive foreign policy judgments" to "political actors" like "the Executive Branch." *United States v. Extradition of Risner*, No. 3:18-MJ-765-BN, 2019 WL 6118377, at *21 n.2 (N.D. Tex. Nov. 18, 2019) (citing *Arias Leiva v. Warden*, 928 F.3d 1281, 1294-95 (11th Cir. 2019). Thus, where "the United States has decided to go ahead with [a] case[,] [i]t is not the Court's role to second-guess the executive branch's judgment as to . . . comity concerns." *United States v. Baker Hughes Inc.*, 731 F. Supp. 3, 6 n.9 (D.D.C.), *aff'd*, 908 F.2d 981 (D.C. Cir. 1990).[6] "[T]he executive [will] ha[ve] already done the balancing [if it] decid[es] to [seek the documents] in the first place." *United States v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 10–11 (D.D.C. 2013) (rejecting comity argument). Huawei asks this Court to do more than just second-guess the Executive; ███████

████████████████████████████████████████████████████████████████

██████████ This is an independent ground to reject Huawei's claim.

### 3. Comity Considerations Do Not Favor Its Application Here

"Comity is not a binding obligation, but a discretionary decision that deference will best promote the mutual interests of the United States and the foreign sovereign." *Pan E. Expl. Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986). In the discovery context, a court considers: (1) the

---

323, 326 (N.D. Tex. 2011). *Stanford* also relied on a comity case vacated by the Supreme Court, and Huawei's quote from *Stanford* (Dkt. 188 at 8) comes entirely from that vacated case. 776 F. Supp. at 328, 328 n.7, 329, 333, 340 (citing or quoting *In re Anschuetz & Co., GmbH*, 754 F.2d 602 (5th Cir. 1985), *cert. granted, judgment vacated sub nom. Anschuetz & Co., GmbH. v. Mississippi River Bridge Auth.*, 483 U.S. 1002 (1987)). Huawei's other authority on point, *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,* did not invoke comity against the Executive Branch, either. 482 U.S. 522, 522 (1987) (personal injury plaintiffs against French manufacturers).

[6] *See also id.* ("[W]hatever the relevance of comity concerns" in "disputes between private parties," they are "not a factor" where the United States is a party.); *Overseas Inns S.A. P.A. v. United States*, 685 F. Supp. 968, 972 (N.D. Tex. 1988) (company could not use comity to evade obligations to IRS).

███████████████████████████████████████

importance to the litigation of the information requested; (2) the specificity of the request; (3) where the information originated; (4) the availability of alternative means of securing the information; (5) the competing interests of the nations whose laws are in conflict; (6) the hardship of compliance on the party or witnesses from whom discovery is sought; and (7) the good faith of the party resisting discovery. Order Granting Motion For Letter of Request (Dkt. 42) at 6, *Triumph Aerostructures LLC v. Comau Inc*, Docket No. 3:14-cv-02329 (N.D. Tex. Sept. 18, 2015). The factors favor Verizon here. As discussed *supra*, the information sought is central to Verizon's defenses and counterclaims. The request is specific. Attempts to secure the information through Chinese diplomatic channels "would likely be futile."[7] Chinese law does not conflict with the discovery, as discussed *supra*, so China's interest is limited.

There is also little hardship for Huawei—who knew about the ongoing investigation, the memo, and the reality of U.S. discovery when it nonetheless decided to begin this suit. And Huawei has—in dubious faith—waited until the proverbial stroke of midnight to mention (Dkt. 188. at 8) ███████████████████████████████ The Court ordered it produce this memo six weeks ago. But instead of working to produce this document immediately and working through ██████████████████████████████████████ Huawei waited until the very end of discovery to identify this issue. Huawei did not even reach out to Verizon about this issue until a couple of weeks before discovery closed. Thus, comity considerations do not favor its application here to excuse Huawei from its failure to produce a document that this Court ordered produced and its refusal to provide witnesses on relevant subject matter.

---

[7] *In re Sealed Case*, 932 F.3d at 922.

### D.  Huawei's Offer For In-Camera Review Of The "Battle" Memo Is Insufficient

After being ordered to *produce* the "battle" memo, Huawei says it is only willing to make the memo available for a one-time review by Verizon's local counsel at the office of Huawei's local counsel. This proposal does not achieve "discovery['s] . . . purpose of adequately informing litigants in civil trials." *Torrey,* 334 F.R.D. at 83 (E.D. Tex. 2019). The proposal is deficient in multiple respects: (1) Verizon's local counsel will be unable to take notes or even discuss the memo with the rest of Verizon's legal team; (2) Verizon will be unable to use it at trial even if it is ruled relevant and admissible;[8] (3) Verizon cannot verify or assess the interpretation of the 14-page memo, but must rely on Huawei's translation with no external check or recourse—despite reason for concern about the fidelity of Huawei's previous translations; and (4) Verizon will be unable to test the veracity of the documents through witness testimony. This is not the discovery required by U.S. law. It falls far short of the U.S. discovery obligations Huawei voluntarily undertook when filing this suit. Huawei's proposed rewriting of those U.S. discovery obligations, and its suggestion that Chinese law trumps those obligations, should be rejected.

## IV.  CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court deny Huawei's Motion To Clarify The Court's December 21, 2020 Order, Huawei's Motion For A Protective Order Quashing Rule 30(B)(1) Deposition, and Huawei's Motion For A Protective Order Partially Quashing Or Limiting Rule 30(B)(6) Deposition.

---

[8]  This violates the principle of Federal Rule of Evidence 402 that relevant evidence not otherwise in violation of a court rule or federal law may be admitted and relied upon at trial.

Dated: February 4, 2021

Respectfully submitted,

By: */s/ Charles Verhoeven*
*(by E. Glenn Thames, Jr., with permission)*
Patrick Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
111 Huntington Ave, Suite 520
Boston, Massachusetts 02199
Telephone: 617-712-7100
Fax: 617-712-7200

Charles Verhoeven
charlesverhoeven@quinnemanuel.com
Brian Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Fax: 202-538-8100

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Verizon Business Network Services, Inc., Cellco Partnership D/B/A Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, Verizon Services Corp., and Verizon Patent and Licensing Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on February 4, 2021, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on June 18, 2020.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.