**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

HUAWEI TECHNOLOGIES CO. LTD.,

Plaintiff,

v.

VERIZON COMMUNICATIONS, INC., et al.,

Defendants.

**No. 2:20-cv-030-JRG**

VERIZON BUSINESS NETWORK SERVICES, INC., et al.,

Counterclaim-Plaintiffs,

v.

HUAWEI TECHNOLOGIES CO. LTD., et al.,

Counterclaim-Defendants.

**DR. FRANK EFFENBERGER'S REPLY IN SUPPORT OF HUAWEI'S MOTION FOR CLARIFICATION**

## INTRODUCTION

Verizon does not dispute the core legal principles cited in Dr. Effenberger's Memorandum of Law in Support of Huawei's Motion for Clarification, nor does it offer any case law to the contrary. Thus, there is no dispute that a corporate representative cannot be forced to [REDACTED]. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). There is no dispute that individuals with personal knowledge of conduct alleged to be criminal cannot be compelled to prepare a Rule 30(b)(6) witness. *See City of Chicago v. Reliable Truck Parts Co.*, 768 F. Supp. 642, 646 (N.D. Ill. 1991) ("*Reliable II*"). The only dispute appears to be whether Dr. Effenberger has done enough to satisfy his obligations as a Rule 30(b)(6) witness. He has done all that is required of him under the law. In making its arguments to the contrary, Verizon fails to contend with *Reliable II* or the perfect factual overlap [REDACTED].

Verizon incorrectly contends that [REDACTED]. Verizon also cites no case law to support its contention. *Reliable II* is itself to the contrary. That case makes clear that corporate representatives need not themselves [REDACTED] in the civil litigation. The law provides for a practical approach and does not require the empty formalities sought by Verizon. Neither should this Court.

**ARGUMENT**

Verizon makes no effort to address [REDACTED]. Verizon first claims that Huawei "could have prepared Mr. Effenberger appropriately, including by making relevant documents and witnesses with knowledge available to Mr. Effenberger." Verizon's Response in Opposition to Huawei's Motion for Clarification (Dkt. 282) at 14. Verizon is wrong. [REDACTED] Contrary to Verizon's claim, this is not mere speculation. [REDACTED]

In similar fashion, Verizon maintains that "it is unclear why [Dr. Effenberger] would ever need to [REDACTED]." Dkt. 282 at 14. This claim makes no sense. It is also at odds with *Reliable II*. [REDACTED]

[REDACTED]

[redacted]

[redacted] It is for this very reason that *Reliable II* declined to [redacted] to be compelled to gather information from other employees with potential exposure. 768 F. Supp. at 643.

[redacted] Dr. Effenberger prepared for his deposition in good faith and took every reasonable step to acquire relevant information. [redacted] But as *Reliable II* makes clear, and as counsel noted, Dr. Effenberger is not required to and should not obtain specific

information from others that would [REDACTED]. *See* 768 F. Supp. at 646 ("This court cannot directly compel the individual defendants to testify in a manner [REDACTED] [REDACTED]. Correlatively, this court cannot compel the individual defendants who choose to remain silent to respond to inquiries by the 30(b)(6) deponent.")

Verizon's sole attempt to distinguish this case from *Reliable II* is to point out that the witnesses to be interviewed by the 30(b)(6) Reliable witness had [REDACTED] [REDACTED]. That fact is of no moment. A formal invocation is not necessary where the circumstances indicate that witnesses *would* [REDACTED] or counsel so represents. *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, 2015 WL 13715289, at *9 (D. Mass July 21, 2015) (concluding that a protective order was appropriate where a company had "no officers, directors, managing agents or others who have knowledge of the Rule 30(b)(6) topics *who are not planning on* [REDACTED] and who will consent to testify on [the company's] behalf.") (emphasis added); *Cole v. Am. Capital Partners, Ltd.*, 2007 WL 9706176, at *1, *3 (S.D. Fla. Nov. 8, 2007) (relying on counsel's representation that the defendant was "unable to appoint a knowledgeable representative who can testify without putting themselves in personal jeopardy").

Finally, and equally unavailing, Verizon asserts that *Reliable II* "directed depositions of individuals" who intended to invoke to establish the scope of the asserted privilege. Dkt. 282 at 15. In addition to mischaracterizing *Reliable II*, Verizon's argument is a non-sequitur. [REDACTED] [REDACTED] [REDACTED] [REDACTED] On that point, *Reliable II* was crystal clear. 768 F. Supp. at 646 ("[T]his court cannot compel the individual defendants who [REDACTED]

[REDACTED] to respond to inquiries by the 30(b)(6) deponent.”). Whether Verizon can or should take the deposition of witnesses who may have percipient knowledge of Topic 108 is a separate matter, and presumably is precluded by Verizon’s failure to designate such witnesses when it had the opportunity to do so during discovery.

In short, Verizon’s brief sidesteps Dr. Effenberger’s [REDACTED] without ever acknowledging the extraordinary circumstances of this case. Its effort to circumvent the [REDACTED] and get another bite at discovery should be swiftly rejected.

**CONCLUSION**

For the foregoing reasons, Dr. Effenberger respectfully asks the Court to clarify that he cannot be compelled to provide any additional information in response to Topics 108 and 109.

[REDACTED]

Dated: April 6, 2021

Respectfully submitted,

*/s/* Katherine Goldstein

Katherine Goldstein (admitted *pro hac vice*)
Michael Asaro (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
kgoldstein@akingump.com
masaro@akingump.com

Attorneys for Dr. Frank Effenberger

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing document was served on all counsel via electronic mail on April 6, 2021.

*/s/* Katherine Goldstein
Katherine Goldstein

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

In accordance with Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on June 18, 2020.

*/s/* Katherine Goldstein
Katherine Goldstein

**CERTIFICATE OF CONFERENCE**

The above brief was authorized to be filed by the Court following a hotline call before Magistrate Judge Nowak, during a deposition on March 19, 2021. The parties met and conferred on the issues that form the substance of the above motion before the hotline call, and were and continue to be at an impasse.

*/s/* Katherine Goldstein
Katherine Goldstein