IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br> v. <br> VERIZON COMMUNICATIONS, INC., et al., <br><br> Defendants. | No. 2:20-cv-030-JRG <br><br> Jury Trial Demanded <br><br> ▉▉▉▉▉▉▉▉▉▉▉▉ |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., et al., <br><br> Counterclaim-Defendants. | |

**HUAWEI'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION**

I.	INTRODUCTION

Huawei is not asking the Court to quash deposition topics 108 and 109. The Court already ruled on that, and Huawei provided a witness prepared to testify on those *topics*. The issue now is whether Huawei must answer *certain questions* Verizon posed *during* the deposition. Any answer to certain questions can ███████████████████████████████████████████████████ ██████████████████████ presenting the kind of "oppression" barred by Fed. R. Civ. P 30(d)(3). Verizon's strategy is now clear: use broad discovery practice to achieve sanctions, a stay, or dismissal, thereby giving Verizon what it cannot achieve on the merits—unfettered infringing without a license for the many years it could take until ████████████████████████

Verizon says almost nothing about the critical balance of interests to be considered under Rule 26. In light of the testimony given by Huawei, Verizon still offers no evidence, or even argument, tying the ████████ to the facts of the present case. Worse yet, Verizon deposed multiple Huawei inventors and asked **no** questions related to ███████████████████ █████████████████████████t. Verizon's brief is silent on this key point.

Ultimately, Verizon relies heavily on Huawei's choice to pursue *any* civil litigation in this country ████████████████████. Verizon's demand that Huawei abandon all U.S. civil litigation for the foreseeable future ignores the many thousands of United States patents held by Huawei, and the many patent infringement cases in which Huawei is a party, both plaintiff and defendant. That result unduly punishes Huawei simply for █████████████████████████ ███. Neither Supreme Court precedent nor Rule 26 support this result.

Huawei respectfully requests the Court deny Verizon's attempt to unfairly ████████ ██████████████████████████████████████████████████████████████████████.

1

II. **ARGUMENT**

   A. **Huawei's Motion Is Procedurally Proper.**

Verizon's waiver argument is wrong. Objections to deposition questions are not required before the questions are asked. *See* FRCP 30(c).[1] Unlike Rules 33 and 34 (governing interrogatories and document requests), Rule 30 (governing depositions) does not even mention written objections. Verizon cites *Akins v. Riddell, Inc.*, 2020 WL 6797023 at *7 (E.D. Tex. Sept. 29, 2020) for the proposition that "timely objection required to limit deposition," but no such statement is made in *Akins*, which involved objections to requests for production and said nothing about objections to deposition questions.

Verizon's deposition questions have not previously been addressed by the parties or this Court. Parties often do serve written objections to deposition topics in the hopes of narrowing disputes. Huawei did that here, and the Court ruled on Huawei's objections *to the topics*. But Huawei was not in a position to object to particular questions until they were asked. That is why the Magistrate Judge permitted this motion.

Contrary to Verizon's posturing about witness preparation, Huawei's witness *was* prepared to address the topics and to provide corporate testimony. Dr. Effenberger prepared for the deposition and provided testimony based on that preparation.[2] *See* Dkt No. 246 (Motion) Ex. 4 at 16:10 – 19:16. Verizon knows these facts disprove any nexus between the patents-in-suit and the

---

[1] Huawei did not make a motion under FRCP 30(d) because it was ordered to address these issues in the instant motion for clarification (…the parties should move for further clarification of Judge Gilstrap's order, being docket 204 before judge Gilstrap). Dkt 242 (transcript of Mar. 19, 2021 hotline call) at 34:18-35:7. To the extent necessary, Huawei requests the Court to consider the motion as a request to limit the questions under FRCP 30(d)(3) or allow briefing on a motion under FRCP 30(d)(3).

[2] Namely, the inventors had never heard of any ███████████████████████████████
███████████████████████████████████████████████████████████████████████████████

2

███████. And contrary to Verizon's assertions, his testimony was *not* limited to ██████ ███—the inventors had never heard of any ███████████████████████████.

Recognizing its position is neither supported by law or fact, Verizon pivots to a new argument: that Dr. Effenberger was unprepared to testify about ████████████████ ████████████████████████████████████████████████████████ ███d.³ Verizon's counsel already questioned multiple inventors on inventorship bonuses without seeking further discovery related thereto. Verizon even failed to ask the inventors themselves about ████████████████████████, yet Verizon now seeks sanctions against Huawei even though the ████████████████████████████████████.

**B.    The Rule 26 Balance Disfavors Any Further Answers to Verizon's Questions.**

Verizon does not address this Court's decisions in *Erfindergemeinschaft* and *Ifly*, which were discussed extensively in Huawei's opening brief. Verizon makes the same mistake as the parties asserting unclean hands in those cases: it fails to establish a nexus between the alleged unclean hands and the subject matter of the litigation. *Erfindergemeinschaft* also engaged in a balancing test similar to Rule 26 in deciding whether to permit an untimely amendment. The lack of nexus weighed heavily in this balance, and the same should be true here.

Verizon also cites *Gilead* to support its position, but *Gilead* likewise requires a connection between prior "business misconduct" and the instant litigation. *Scis., Inc. v. Merck & Co.,* 888 F.3d 1231, 1241 (Fed. Cir. 2018) (reciting evidence that alleged misconduct was "immediately and necessarily related" to the case at bar).

---

³ Chinese law requires remuneration to be paid to named inventors "according to the scope of its popularization and application and the economic benefits obtained." PATENT LAW OF THE P.R.C. (2008), ch. 1, art. 16 available at https://www.cnipa.gov.cn/art/2015/9/2/art_97_28193.html, English Microsoft-browser translation attached as Exhibit 1.

3

Verizon also does not dispute Huawei's description ███████████████████████

████████████████████████████████████████████████ ████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████. Moreover, Verizon attempts to distinguish *Reliable* by ignoring its key holding, while also failing to mention, much less distinguish, additional precedent that stands for the proposition that corporate employees ████████████████████████████████ ████████████████████████████████. This critical point renders the burden side of the Rule 26 balance undisputed.

Verizon instead argues that Huawei should be required to suffer the consequences of pursuing civil litigation ██████████████████████.[4] Verizon frames its strategy with speculation unfettered to anything in the record, and never links the alleged bad acts to the patents-in-suit. On the other hand, Huawei has now offered clear corporate testimony that there is no such connection. Verizon did not even bother to ask the inventors when it deposed them. Verizon claims it lacked the information to do so at the time of the inventors' depositions, but this is nonsense. As Verizon emphasizes, ████████████████████████████████████████ ████████████████████████████████████████████████████. Despite this early knowledge at the start of the litigation, Verizon failed to ask any inventors about their personal involvement vel non ██████████████████████ or ask for any documents about the routine inventorship bonuses paid to inventors. On this record, the balancing test of Rule 26 favors Huawei and its ability to enforce its patents in this court without being subject to unnecessary discovery designed to ██████████████████████ a free pass for Verizon to continue infringing.

---

[4] The ██████████████ has been pending for over a year, and a trial date has yet to be set.

4

### C.  Verizon's Request for Sanctions Is Unsupported.

The law is clear that Rule 37 sanctions are appropriate only if a party violates a previous court order.  The law is also clear that declining to answer a deposition question—as opposed to improperly instructing a witness not to answer—is not itself sanctionable.[5]

Indeed, Rule 37 provides that the remedy for failing to answer a deposition question is a motion to compel an answer.  F.R.C.P. 7(a)(3)(B)(i).  By contrast, Rule 37 permits sanctions only for failure to comply with a court order.  F.R.C.P. 37(b)(1).[6]  Here, like its posturing on many issues, Verizon's position is one of extreme overreach.  Huawei has violated no order because the specific questions and issues raised in this motion have not previously been litigated—Verizon's "waiver" argument readily admits this reality.

Huawei's position is principled and raises an important question about the intersection of civil ███████████████.  Any answer to the questions at issue could ██████████████████████████████████████████████████████████████████.  Given Verizon's failure to establish a nexus between the alleged unclean hands and the subject matter of the litigation, the Rule 26 balance is strongly in Huawei's favor for the particular questions at issue.  The risk of undue prejudice far outweighs any minimal probative value.

## III.  CONCLUSION

For the foregoing reasons, Huawei respectfully asks the Court to clarify its order requiring a deposition on topics 108 and 109 and limit the deposition to testimony already given.

---

[5] Verizon notes but does not challenge the one instance counsel instructed Dr. Effenberger not to answer on grounds of privilege.  Verizon does not argue that assertion of privilege was improper.

[6] *See Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019) (sanctions available "only when a litigant fails 'to comply with a court order'…. Use of Rule 37(b) is therefore impossible if there is no court order in place. A party lays the predicate for Rule 37(b) sanctions by filing a motion under Rule 37(a) seeking 'an order compelling disclosure or discovery.'"); *National Microsales Corp. v. Chase Manhattan Bank, N.A.*, 761 F. Supp. 304, 307-08 (S.D.N.Y. 1991) (denying sanctions because plaintiff did not move under Rule 37(a) and deponent did not violate court order).

Dated: April 6, 2021                                  Respectfully submitted,

/s/ *Gregory P. Love*
Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
(214) 888-4848

Richard B. Roper
State Bar No. 17233700
Richard.Roper@tklaw.com
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
 (214) 969-1700

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
(903) 212-4444

**Attorneys for Plaintiff/Counterclaim Defendant Huawei Technologies Co. Ltd. and Counterclaim Defendants Huawei Technologies USA, Inc. and Futurewei Technologies, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record is being served with a copy of the foregoing document via the Court's electronic filing system and email on this 6th day of April 2021.

/s/ Gregory P. Love
Gregory P. Love

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

/s/ Gregory P. Love
Gregory P. Love