# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., et al. <br><br><br> Defendants. | No. 2:20-cv-030-JRG <br><br> Jury Trial Demanded |
| VERIZON BUSINESS NETWORK SERVICES, INC., et al. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO. LTD., <br><br> et al. <br><br> Counterclaim-Defendants. | |

**HUAWEI'S SUR REPLY IN SUPPORT OF RESPONSE TO VERIZON'S PARTIAL MOTION FOR SUMMARY JUDGMENT OF VALIDITY OF THE VERIZON ASSERTED PATENTS**

**I.      Dr. Melendez has sufficiently tied claims of Laulainen to disclosures in Laulainen's provisional.**

Verizon's reply once again mischaracterizes Dr. Melendez's report and *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375 (Fed. Cir. 2015). In *Dynamic Drinkware*, the patent challenger did not in any way "compare[] the claims of the [prior art] patent to the disclosure in the provisional application" or otherwise "demonstrate support in the [prior art patent's] provisional application for the claims of the [prior art] patent." *Id.* Nor did the patent challenger address the prior art reference and its provisional application in the same document such that they could be compared. *Id.* Critically, the patent challenger never even identified a single claim of the prior art patent. *Id.* at 1381.

In contrast, here, Dr. Melendez *identifies several claims of Laulainen* and then immediately thereafter identifies associated, supporting disclosures in Laulainen's provisional application. Resp. 3-4. That this analysis is presented within the context of Dr. Melendez's limitation-by-limitation analysis of Verizon's patents is of no moment. Nothing in *Dynamic Drinkware* forbids this approach.

Focusing on the substance of Dr. Melendez's analysis—rather than merely its form—confirms that it ties specific claims of Laulainen to specific disclosures in Laulainen's provisional application. For example, within the context of addressing elements 1a and 12a of the Verizon Patents, Dr. Melendez explained that the technical features of those limitations were disclosed by Laulainen claims 1 and 5. Mot. Ex. A at Ex. B ¶ 12. Immediately following his reference to Laulainen claims 1 and 5, Dr. Melendez notes that "[c]onsistent with these disclosures *and claims* [*i.e.*, Laulainen claims 1 and 5], the Laulainen Provisional discloses . . ." *Id.* at ¶ 13 (emphasis added). Dr. Melendez then identifies specific portions of the Laulainen provisional that support his preceding analysis with respect to Laulainen claims 1 and 5 and

1

further show that the provisional too discloses these limitations of Verizon's patents.  *Id.* at ¶ 13-15.  He provided similar analysis for several other claims of Laulainen.  Resp. at 3-4; *see also* Mot. Ex. A at Ex. B ¶ 65 ("Consistent with Laulainen above [*i.e.*, Laulainen claims 4 and 8] the Laulainen Provisional discloses . . ."); [1] ¶ 85 ("claim 4 … [s]upported by Laulainen Provisional at 10 and Figs. 1-2."); ¶ 86 ("Laulainen at claim 8 … [s]upported by Laulainen Provisional at 10."); ("Consistent with this disclosure [i.e., Laulainen claims 2 and 3], the Laulainen Provisional discloses …").  It was for this reason that Dr. Melendez concluded that "***Laulainen (supported by Laulainen Provisional)***, IEEE 1588-2002, and G.709-2003 renders obvious all asserted claims of the '111 and '288 Patents."  Mot. Ex. A at Ex. B ¶ 201 (emphasis added).

As such, Dr. Melendez's Report provides evidence to sufficiently tie specific claims of Laulainen to supporting disclosures in Laulainen's provisional.  Because this creates a material issue of fact as to whether Laulainen is entitled to its provisional filing date, Verizon's motion should be denied with respect to Laulainen.

## II.   There is a genuine issue of material facts as to whether 1588-2007 was publicly accessible.

Verizon's Reply entirely ignores the critical admission it made during discovery that dooms it motion—namely, "a POSITA would have been aware of . . . IEEE 1588-2008" at the

---

[1] Verizon's Reply myopically focuses on the wrong aspects of these portions of Dr. Melendez's report in an attempt to minimize Huawei's argument.  *See*, *e.g.,* Reply at 3.  For example, in discussing paragraph 65 of his report, Verizon focuses on the words "this limitation" and argues that this language refers to the limitations of Verizon's patent claims, not the claims of Laulainen.  Verizon is correct about "this limitation," but wrong about the overall disclosure of paragraph 65.  Huawei's argument relates to the earlier discussion in that paragraph where Dr. Melendez showed how the Laulainen Provisional is "***consistent with Laulainen above [i.e., Laulainen claims 4 and 8]***" and thus identified support for those claims in the Laulainen Provisional.  Mot. Ex. A at Ex. B ¶ 65 (emphasis added).

time Verizon filed its patents.[2]  Mot., Ex. A ¶ 212; *see also* Resp. 5-6.  Bizarrely, Verizon argues that it is "baseless" and "illogical" to "assume" what Verizon itself admitted: that "the 1588-2008 was well-known to a POSITA as of March 29, 2007."  Reply at 5.  Verizon's discovery response itself is admissible evidence that provides sufficient basis for Dr. Melendez and Huawei to "assume" this fact.  *See* Fed. R. Evid. 801(c)(2) (An Opposing Party's Statement); 804(b)(3) (Statement Against Interest).

Verizon claims that "the notoriety of 1588-2008 is irrelevant to the publication status." Reply at 5.  But if 1588-2008 "was known or used by others in this country," then it is prior art under pre-AIA 102(a).  And Dr. Melendez explained how this admission regarding 1588-2008 flows to the technically identical and complete draft of 1588-2008 available at that time (which is being referred to as the 1588-2007 reference).  Resp. at 6.  Moreover, the notoriety of 1588-2008 as of March 29, 2007 is evidence "that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence," could locate the version of 1588-2008 available at that date—that is, 1588-2007.  *Jazz Pharms., Inc. v. Amneal Pharms., LLC*, 895 F.3d 1347, 1355 (Fed. Cir. 2018) (explaining public accessibility is the test for a printed publication); Resp. at 6-7.  Contemporaneous documents confirm that the IEEE 1588v2 standard and its status were known beyond just the p1588 committee responsible for drafting 1588-2007 such that a

---

[2] Verizon admitted this in the context of defending the written description of its patents.  Written description is judged as of the filing date of a patent.  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010) ("Because written description is determined as of the filing date … evidence of what one of ordinary skill in the art knew [afterwards] cannot provide substantial evidence to the jury that the asserted claims were supported by adequate written description.") (citing *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed.Cir.1991) (holding that a written description analysis occurs "as of the filing date sought")).  It was for this proposition that Huawei's opposition cited *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1285 (Fed. Cir. 2012).  Thus, Verizon's rejoinder that *Streck* relates to written description support is correct, but fails to address the substance of Huawei's argument.  Reply at 5.

POSITA could locate it. *Id.* For example, information on the 1588v2 standard was shared with other groups dealing with timing technologies and through the U.S. government's National Institute of Standards and Technology. *See, e.g.*, Resp. Exs. 2, 4, 5, 6, 7.

As a result, a POSITA with an interest in the subject matter of timing systems would have been reasonably able to identify the p1588 committee as having the information on this "notorious" 1588-2008 standard (including the then-current version, 1588-2007). *See, e.g.*, Resp. Ex. 5 at HW-EDTX-00005577 ("P1588 committee in process of extending the standard"). As for the p1588 committee, its meetings were "*[o]pen to all.*" *Id.* at HW-EDTX-00005827. And given that 1588-2007 was being discussed as part of the p1588 committee deliberations,[3] a POSITA attempting to locate 1588-2007 (or even 1588-2008 more generally) would have been able to locate 1588-2007 at one of those p1588 committee meetings. Accordingly, 1588-2007 is also a printed publication because it was publicly accessible to the POSITA, who Verizon concedes would have known about the notoriety of 1588-2008.

Therefore, given Verizon's admission that a POSITA would have known about IEEE 1588-2008 standard and the evidence showing a POSITA would have known where to locate the 1588-2007 reference, there is at least a genuine issue of material fact as to whether 1588-2007 qualifies as prior art. Accordingly, Verizon's motion must be denied.

---

[3] *See, e.g.*, Resp. Ex. 5 ("The technical work is completed. No technical features will be introduced or deleted in the standard."); Mot Ex. C at HW-EDTX-00209041 (discussing document being used for "P1588 committee deliberations").

4

Dated: April 27, 2021                          Respectfully submitted,

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Justin Nemunaitis
Texas Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848

Gregory P. Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
**LOVE LAW FIRM**
P.O. Box 948
Henderson, Texas 75653
Telephone: (903) 212-4444

David M. Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD., AND COUNTERCLAIM DEFENDANTS HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record is being served with a copy of the foregoing document via the Court's electronic filing system on this 27th day of April, 2021.

                                        */s/ Jason D. Cassady*
                                        Jason D. Cassady