IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, AND VERIZON SERVICES CORP.<br><br>      Defendants. | C.A. 2:20-cv-00030-JRG |
| VERIZON BUSINESS NETWORK SERVICES, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON SERVICES CORP., AND VERIZON PATENT AND LICENSING INC.<br><br>      Counterclaim-Plaintiffs,<br><br>  v.<br><br>HUAWEI TECHNOLOGIES CO. LTD., HUAWEI TECHNOLOGIES USA, INC., AND FUTUREWEI TECHNOLOGIES INC.<br><br>      Counterclaim-Defendants. | |

**VERIZON'S MOTION FOR ADVERSE INFERENCE INSTRUCTIONS**

██████████████████████████████████████

## TABLE OF CONTENTS

**Page**

NOTES ON CITATIONS ................................................................................................................ ii

I.   **HUAWEI FAILED TO ADEQUATELY PREPARE ITS CORPORATE DESIGNEE** ........................................................................................................................ 2

II.  **HUAWEI'S** ███████████████████████████████
     ███████████ ........................................................................................................ 7

III. **HUAWEI'S FAILURE TO PRODUCE EVIDENCE ON** ██████
     ██████████████████████████████████████
     ████████ ........................................................................................................ 10

██████████████████████████████                    ii                    ██████████████████████████████

## NOTES ON CITATIONS

1. Ex. A is a true and correct copy of excerpts of the hearing transcript for the June 2, 2021 hearing.

2. Ex. B is a true and correct copy of excerpts of the June 23, 2021 continued deposition of Huawei's Rule 30(b)(6) designee on Topics 108 and 109, Dr. Frank Effenberger.

3. Ex. C is a true and correct copy of Ex. 3 of Dr. Frank Effenberger's deposition ████ ██████.

4. All emphases are added unless otherwise noted.



On June 2, the Court stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 8:22-9:1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At his continued deposition on June 23 Dr. Effenberger ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—records Verizon specifically mentioned at the June 2 hearing.  This failure to prepare warrants an appropriate discovery sanction, particularly after Huawei was warned that "there may be discovery sanctions for failure to prepare a witness."  Ex. A at 9:4-5.  With trial days away, an adverse inference instruction would be appropriate to address the prejudice from Huawei's discovery failures and delay.[1]

An instruction ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in response to other questions is also appropriate.  At times in his June 23 deposition, Dr. Effenberger could not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B. at 66:23-67:2.  That included knowledge of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B 65:8-66:3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Verizon was prevented from obtaining complete

---

[1]  Ex. A at 9:21-23 (The Court: "this has been back before me a number of times and I'm beginning to get the impression that stalling is the tactic of the day").

[2]  Mr. Liliang Gu, who Mr. Effenberger called ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, described himself ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

testimony on (and testing Huawei's assertions regarding) the ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████ The jury should be instructed to draw appropriate inferences from ███████

████████████████

Finally, Dr. Effenberger testified on June 23 that Huawei *should* have documentation on

████████████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. 246 at 4-5.  Verizon sought this

information in discovery.  Huawei did not produce it.  Yet Dr. Effenberger stated ███████

████████████████████████████████████████████████████████████████

████████████████

I.     <u>**HUAWEI FAILED TO ADEQUATELY PREPARE ITS CORPORATE DESIGNEE**</u>

Rule 30(b)(6) requires that the designating party "prepare those persons [it designates under Rule 30(b)(6)] . . . [to] answer ***fully, completely, unevasively,*** the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Huawei's duty to prepare Dr. Effenberger extended to ***"reasonably available . . . documents, past employees, or other sources."*** *Dallas Fallen Officer Found. v. Frazier*, No. 4:18-CV-00481, 2019 WL 4256958, at *6 (E.D. Tex. Sept. 9, 2019).

████████████████████████████████████████████████████████████████

████████████████████████  ████████████████████████████████████████

███████████████████████████████████████████████████. Dkt. 282 Ex. C at 1-2.

This information was then ████████████████████████████████████████

████████████████████████████████. *Id*.  At the June 2 hearing, Verizon counsel specifically

2

███

called out this information as key material for Dr. Effenberger to examine during his preparations:

███ So there are a lot of questions to ask." Ex. A at 57:5-9.

███ Ex. B at 92:3-6 ███

*id.* 95:5-10 ███ ); *id.* 97:11-14 ( ███

███ *id.* 99:7-101:11 ( ███ ); *id.* 102:6-13 ███ *id.* 102:15-24 ███

3

██████████████████████████████████████████████████████████

██████████████████████████ *Id.* 166:16-21 ██████████████████

██████████████████████████████████████████). Instead, Huawei arranged for Dr. Effenberger to speak with inventors of the asserted patents, and a set of Huawei employees who had been selected by Huawei's counsel. *Id.* 105:20-107:21 ██████████████████

██████████████████████████████████████████████████████). The selected individuals claimed not to have seen ███████████████████████

██████ *Id.* 122:6-20. But none of these individuals, like Dr. Effenberger himself, appear to have investigated ████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████. *Id.* 103:1-104:7.

Having been exposed only to individuals who claimed to *lack* knowledge of ████

████████████ Dr. Effenberger carefully stated ████████████████████

████████████████████████████ Ex. B at 104:5-7. ████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Huawei's failure ██████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████ Such an instruction is appropriate to remedy the prejudice to the requesting party. Fed. R. Civ. P. 37(d)(1)(A)(i); *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018); *Robinson v. Nexion Health At Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex.

---

[3] Likewise, under Fed. R. Civ. P. 30(d)(2), the Court may impose "an appropriate sanction" on a person who "impedes, delays, or frustrates the fair examination of the deponent." *See also, e.g., Kleppel v. Hunters's Mfg. Co.*, No. CV H-16-3715, 2018 WL 4855291, at *2 (S.D. Tex. Aug. 24, 2018), *report and recommendation adopted*, 2018 WL 4853287 (S.D. Tex. Oct. 5, 2018) (adverse inference can be appropriate sanction for failure to make key deponent suitably available).

2014) ("If the designated deponent is not knowledgeable about relevant facts . . . then the appearance is essentially no appearance at all, and sanctions may be imposed."). Huawei's repeated failure ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Huawei could have obtained underlying records at issue to prepare Dr. Effenberger, just as it ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Huawei simply chose not to obtain relevant records when Verizon sought information to test Huawei's claims.

Huawei's limited preparation of Dr. Effenberger with witnesses does not undo the prejudice Verizon suffered. By selecting only witnesses ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Robinson v. Nexion Health At Terrell, Inc.*, 312 F.R.D. 438, 441–42 (N.D. Tex. 2014) (failure to contact persons knowledgeable or attempt to obtain relevant documents—including those of another corporate entity within

---

[4] Dr. Effenberger confirmed ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. B at 162:7-12. A Rule 30(b)(6) deponent must use any "reasonably available" information "at the other [Huawei] entities." *Robinson v. Nexion Health At Terrell, Inc.*, 312 F.R.D. 438, 442 (N.D. Tex. 2014).

5

corporate structure—is a sanctionable violation of 30(b)(6)). The partial and selective preparation of Dr. Effenberger amplified rather than mitigated prejudice from Huawei's conduct.

Huawei previously told the Court it would never be able to provide discovery on this topic, telling the Court "no witness" could be an appropriate representative on these issues. Dkt. 282 Ex. B 26:1-27:10.[5] Yet on June 23, Huawei made a strategic U-turn, ███████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████. ███████ ███████████████████████████████████████████ ███████████████████████████████. Huawei's about-face is evidence of bad faith and an obvious source of prejudice—substantial delay eliminated opportunities for follow-up discovery to test Huawei's claims, and ensured issues could not be fully explored in the ordinary course of the discovery process.

Huawei was told on February 5, 2021 that it needed to present a prepared witness on these topics. Dkt. 282 Ex. A 38:15-39:10 ("you're permitted to inquire as to Topics 108 and 110, and they're to be prepared on those"). Huawei was told again on June 2 that, on any aspects of the noticed topics ███████████████████████████████ "he needs to be prepared to testify." Ex. A at 9:17-18. After Huawei was given a second chance, it was told there

---

[5] *See also* Dkt. 247 at 9 (claiming "███████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████

██████████████████████████████████████████████████

would not be a third: "You and I have already discussed possibilities here. One being that Huawei doesn't comply with the Court's order, doesn't prepare a 30(b)(6) witness on the designated Topics 108 and 109, doesn't answer the discovery, in which case *that opens the door to sanctions under the civil rules*." Ex. A at 32:17-22. Huawei's decision to half-prepare, and avoid any review of *documents* at the core of the noticed topics, was improper.

An adverse inference is appropriate for Huawei's failure to prepare Dr. Effenberger with documents at issue. Verizon respectfully requests that the Court provide the following instruction to the jury: ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

## II. HUAWEI'S ████████████████████████ WARRANT A JURY INSTRUCTION

While an individual may refuse to testify during a civil proceeding on the grounds that his testimony might incriminate him, that refusal to testify may be used in a civil proceeding. *Hinojosa v. Butler*, No. 07-50566, 2008 WL 4671718 (5th Cir. 2008); *see also Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 674 (5th Cir. 1999). Dr. Effenberger testified ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ precluding information being collected from those individuals on multiple issues:

- *Any information* on the ████████ (Ex. B at 63:2-8, 66:23-67:2);
- Whether the ████████████████████████████████

  ████████████████ (*id.* at 67:3-20);

7

- **Any information** on ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 103:1-104:12);
- Whether the ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 144:16-145:8);
- Whether ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 155:9-156:9);
- Whether ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 148:19-154:5);
- Whether the ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 114:25-116;21, 119:17-120:24);
- Whether ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 146:2-13);
- What records were maintained or kept to ▇▇▇▇▇ ▇▇▇▇▇ (*id.* at 146:15-147:1).

▇▇▇▇▇. Courts routinely instruct on these issues where a 30(b)(6) designee

8

███████████████████████████████████████

cannot collect information due to ████████ invocations.[6] As the Fifth Circuit has recognized, ████████ invocations by an individual—even a non-party or non-agent of a party, and certainly invocations by employees of related entities—can properly be used to support an inference against a corporate defendant. *See F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 45 F.3d 969, 977 (5th Cir. 1995) (finding "no support" for claim " that inferences from the invocation of the ████████ are not allowed when a non-party asserts the privilege," and upholding district court's exercise of discretion to admit that evidence; "there is no constitutional bar to the admission of this evidence," and "evidence of this nature is generally relevant"). ████████████████████████████████████████████████████████████████

Verizon respectfully requests that the Court instruct the jury as follows: ████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[6] *See, e.g., Chicago v. Reliable Truck Parts Co.*, 768 F. Supp. 642, 647 n. 8 (N.D. Ill. 1991) ("Should the individual defendants refuse to respond to questions propounded in the course of such a deposition, however, ***the City may make full use of the negative inference of their silence at trial—as it relates to the liability of both the individual defendants themselves and Reliable***, which has been rendered unable to provide the City with further discovery as a result."); *Worthington Pump Corp. (U.S.A.) v. Hoffert Marine, Inc.*, 34 Fed. R. Serv. 2d 855 (D.N.J. 1982) ("By virtue of the exercise by corporate officers of their personal fifth amendment privilege, the corporate defendants have not responded to proper requests for discovery. . . . Accordingly, ***an inference will be drawn against defendants R.P.S., Inc. and Lyn–Mar, Inc. that they are unable to deny truthfully***" the allegations at issue).

[7] Ex. B at 121:5-13 ████████████████████████████████████████████

9

███████████████████████████████████████████████

### III. HUAWEI'S FAILURE TO PRODUCE EVIDENCE ON BONUSES INVENTORS RECEIVED WARRANTS AN APPROPRIATE JURY INSTRUCTION

Verizon sought information from the outset of this case on bonuses and payments to the inventors named on Huawei's patents. On June 18, 2020, in Verizon's very first letter to Huawei on document discovery, Verizon reminded Huawei of its obligation to produce documents on "**any incentives, awards, bonuses, compensation, or special payments provided by Huawei**, now or in the past, **to inventors**, including without limitation named inventors, employees or anyone acting on Huawei's behalf, in consideration of filing patents or patent applications that may be or are declared essential to a relevant standard." Dkt. 292 Ex. A at 14. Huawei did not produce records showing what bonuses Huawei actually paid to inventors of the asserted patents; Verizon still does not know how much inventors were paid for the patents Huawei is asserting, or why.

Dr. Effenberger stated on June 23 that Huawei should still have documents showing what was paid, and why—documents Huawei failed to produce. Ex. B at 236:25-237:1. Dr. Effenberger testified he is familiar with ███████████████████████ Ex. B at 143:7-144:2, 248:8-249:9. He confirmed Huawei purports to award compensation based on the ███████████████████. *Id.* at 236:2-23. Dr. Effenberger admitted, ███████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 237:5-8. Yet records of the assessments Dr. Effenberger described were not produced. He likewise admitted that ██████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 237:10-13. Dr. Effenberger also asserted Huawei could still determine what payments had been made to inventors. Ex. B at 75:3-4. Yet amounts paid, dates of payment, and how those payments relate ████████████████████████ ████████████

10

Huawei's failure to produce these documents warrants an adverse inference. *In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002); *Rivera v. Salazar*, No. C.A. C-04-552, 2008 WL 2966006, at *3 (S.D. Tex. July 30, 2008). Adverse inferences are appropriate where, as here, a party acts in bad faith by "***skirt[ing] its discovery obligations and delay[ing]*** … despite a duty to preserve and produce," *Edwards v. 4JLJ, LLC*, No. 2:15-CV-299, 2018 WL 2981154, at *10 (S.D. Tex. June 14, 2018); *accord Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 6:10CV493 LED-JDL, 2012 WL 12904706, at *4 (E.D. Tex. Oct. 23, 2012).

These materials are highly relevant. Ex. B 143:22-144:2. Huawei cannot make these assertions while simultaneously withholding documentation necessary to test those claims. Yet Huawei produced no documents on *what* Huawei paid for the patents in suit, or on *evaluations* of the asserted patents that purportedly led Huawei to pay those amounts. And Dr. Effenberger admitted he did not review records of bonuses to the inventors in order to prepare, instead relying on discussions with inventors and their assertions regarding what bonuses were paid and when. Ex. B. at 240:11-21, 242:8-243:14. Records on these issues should have been produced long ago pursuant to the rules and procedures of this Court, including the Discovery Order in this case (Dkt. 37). Huawei's failure to produce was prejudicial to Verizon, who could have used .

██████████████████████████████████

Verizon respectfully requests that the Court provide an instruction on this issue: ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████"[8]

Dated: June 27, 2021  Respectfully submitted,

By: /s/ *Charles Verhoeven*
*(by E. Glenn Thames, Jr., with permission)*
Charles Verhoeven
charlesverhoeven@quinnemanuel.com
Brian Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Patrick Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
111 Huntington Ave, Suite 520
Boston, Massachusetts 02199
Telephone: 617-712-7100
Fax: 617-712-7200

---

[8] Alternatively, under the common law adverse inference rule, the jury should be entitled to weigh Huawei's failure to provide evidence within its control.  "[W]hen a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." *Auto Workers v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972); *accord Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986).  "Such an instruction . . . is simply an explanation to the jury of its fact-finding powers. . . . The court need not find any facts to justify such an instruction, which leaves all the fact finding to the jury without encroachment by the court." *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 393 (2d Cir. 2013); *accord Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *see also Caparotta v. Entergy Corp.*, 168 F.3d 754, 757 (5th Cir. 1999) ("We cannot say that it would have been an abuse of discretion for the district court to let the jury know of the fact that certain documents were missing.").

████████████████████████████████

        Kevin Hardy
        kevinhardy@quinnemanuel.com
        Deepa Acharya
        deepaacharya@quinnemanuel.com
        QUINN EMANUEL URQUHART & SULLIVAN
        1300 I Street NW, Suite 900
        Washington, D.C.  20005
        Telephone: 202-538-8000
        Fax: 202-538-8100

        Deron R. Dacus
        State Bar No. 00790553
        The Dacus Firm, P.C.
        821 ESE Loop 323, Suite 430
        Tyler, TX 75701
        Phone: (903) 705-1117
        Fax: (903) 581-2543
        ddacus@dacusfirm.com

        E. Glenn Thames, Jr.
        Texas Bar No. 00785097
        glennthames@potterminton.com
        Potter Minton
        A Professional Corporation
        110 N. College Ave., Suite 500
        Tyler, Texas 75702
        Tel: (903) 597-8311
        Fax: (903) 593-0846

        *Attorneys for Verizon Business Network*
        *Services, Inc., Cellco Partnership D/B/A*
        *Verizon Wireless, Verizon Data Services LLC,*
        *Verizon Business Global LLC, Verizon Services*
        *Corp., and Verizon Patent and Licensing Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding this Motion prior to filing and that the motion is opposed. Specifically, on June 27, 2021, counsel for Verizon and Huawei, including at least Deron Dacus and Greg Love, participated in a telephonic conference regarding the issues raised herein but were unable to reach a resolution because Huawei would not agree to the relief Verizon requested. Thus, discussion conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on June 27, 2021, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on June 18, 2020.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
